**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BROTHER INTERNATIONAL CORPORATION;<br>CANON U.S.A., INC.;<br>HEWLETT-PACKARD COMPANY;<br>HULU, LLC;<br>LENOVO (UNITED STATES) INC.;<br>LEXMARK INTERNATIONAL, INC.;<br>MOTOROLA MOBILITY, INC.;<br>NOVELL, INC;<br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC;<br>TREND MICRO INCORPORATED,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.: 2:11-CV-90<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lodsys, LLC ("Lodsys"), for its complaint against the above-named Defendants, alleges as follows:

**THE PARTIES**

1. Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2. Defendant Brother International Corporation ("Brother") is a Delaware corporation with its principal place of business in Bridgewater, New Jersey. Brother may be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

3. Defendant Canon U.S.A., Inc. ("Canon") is a New York corporation with its principal place of business in Lake Success, New York. Canon may be served with process

through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

4. Defendant Hewlett-Packard Company ("HP") is a Delaware corporation with its principal place of business in Palo Alto, California. HP may be served with process through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

5. Defendant Hulu, LLC ("Hulu") is a Delaware limited liability company with its principal place of business in Los Angeles, California. Hulu may be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

6. Defendant Lenovo (United States) Inc. ("Lenovo") is a Delaware corporation with its principal place of business in Morrisville, North Carolina. Lenovo may be served with process through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

7. Defendant Lexmark International, Inc. ("Lexmark") is a Delaware corporation with its principal place of business in Lexington, Kentucky. Lexmark may be served with process through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

8. Defendant Motorola Mobility, Inc. ("Motorola") is a Delaware corporation with its principal place of business in Libertyville, Illinois. Motorola may be served with process through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

9. Defendant Novell, Inc. ("Novell") is a Delaware corporation with its principal place of business in Waltham, Massachusetts. Novell may be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

10. Defendant Samsung Electronics Co., Ltd. ("Samsung Ltd.") is a Republic of Korea limited company with its principal place of business in Kyunggi-Do, Korea. Samsung Ltd. may be served with process through the Hague Service Convention. Lodsys is informed and believes, and on that basis alleges, that Defendants Samsung Electronics America, Inc. ("Samsung Inc.") and Samsung Telecommunications America, LLC ("Samsung LLC") are subsidiaries of Samsung Ltd. Samsung Inc. is a New York corporation with its principal place of business in Ridgefield Park, New Jersey. Samsung Inc. may be served with process through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201. Samsung LLC is a Delaware limited liability company with its principal place of business in Richardson, Texas. Samsung may be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701. Samsung Ltd., Samsung Inc., and Samsung LLC are collectively referred to herein as "Samsung."

11. Defendant Trend Micro Incorporated ("Trend Micro") is a California corporation with its principal place of business in Cupertino, California. Trend Micro may be served with process through its California registered agent, Jorge Young, 10101 N De Anza Boulevard, Cupertino, California, 95014.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

13. This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district. Upon information and belief, each

defendant regularly solicits business in the State of Texas and this district; derives substantial revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

**INFRINGEMENT OF U.S. PATENT NO. 7,620,565 B2**

14. On November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") was duly and legally issued for a "Customer-Based Product Design Module." A true and correct copy of the '565 patent is attached hereto as Exhibit A. Lodsys is the owner by assignment of all rights, title, and interest in and to the '565 patent.

15. Defendant Brother has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Brother manufactures, uses, sells, imports, and/or offers to sell infringing printers and other products, including but not limited to the Brother MFC-9840CDW and other Brother printers with Brother ControlCenter3 software driver, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

16. Defendant Canon has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Canon manufactures, uses, sells, imports, and/or offers to sell infringing printers and other products, including but not limited to the Canon PIXMA MG5220 and other Canon printers with Pixma Extended Survey Program and Solution Menu EX, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

17. Defendant HP has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. HP manufactures, uses, sells, imports,

and/or offers to sell infringing personal computers, printers and other products, including but not limited to Compaq Presario CQ56Z, HPG62m, HP G42t, HP Pavilion dv7t Quad Edition, HP Pavilion dv6t Quad Edition, HP Pavilion dv7t, HP ENVY 17 3D, HP ENVY 14 Beats, HP ENVY 14, HP Pavilion p6700z, HP Pavilion p6710t, HP Pavilion Elite HPE-500z, HP Pavilion Elite HPE0560z, and other HP personal computers with HP Support Assistant, and HP LaserJet Pro p1102w, HP LaserJet Pro M1212nf, and other HP printers with SureSupply, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

18.     Defendant Lenovo has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Lenovo manufactures, uses, sells, imports, and/or offers to sell infringing personal computers and other products, including but not limited to the Lenovo IdeaPad G560 and other Lenovo personal computers with Lenovo Smile Bar, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

19.     Defendant Lexmark has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Lexmark manufactures, uses, sells, imports, and/or offers to sell infringing printers and other products, including but not limited to the Lexmark Pinnacle Pro901 and other Lexmark printers with Lexmark SmartSolutions and Lexmark Printer Home, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

20.     Defendant Motorola has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Motorola manufactures, uses, sells, imports, and/or offers to sell infringing cell phones and other products, including but not limited to the Motorola Backflip and other Motorola cell phones with Motorola Help Center, which infringe at least claims 1, 3, 4, 13, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

21. Defendant Novell has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the ‘565 patent. Novell manufactures, uses, sells, imports, and/or offers to sell infringing server operating software and other products, including but not limited to the Groupwise server, SUSE Linux Enterprise sever, and other Novel server products with Novell Support Advisor, which infringe at least 1, 3, 4, 15, 22, and 30 of the ‘565 patent under 35 U.S.C. § 271.

22. Defendant Samsung has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the ‘565 patent. Samsung manufactures, uses, sells, imports, and/or offers to sell infringing printers and other products, including but not limited to the Samsung CLX-3175FW, Samsung ML-3471ND, Samsung CLP-315, and other Samsung printers with Samsung Universal Printer Driver, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the ‘565 patent under 35 U.S.C. § 271.

23. Defendant Trend Micro has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the ‘565 patent. Trend Micro manufactures, uses, sells, imports, and/or offers to sell infringing antivirus and security products, including but not limited to the Trend Micro Titanium Antivrus, which infringe at least claims 1, 15, 27, and 30 of the ‘565 patent under 35 U.S.C. § 271.

24. Defendants Brother, Canon, HP, Lenovo, Lexmark, Motorola, Novell, Samsung, and Trend Micro’s acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants’ wrongful acts in an amount subject to proof at trial. Defendants’ infringement of Lodsys’ exclusive rights under the ‘565 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants’ infringement is willful

and deliberate, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2**

25. On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." A true and correct copy of the '078 patent is attached hereto as Exhibit B. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

26. Defendant Brother has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Brother makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, 32, 40, 46, 47, 48, and 69 of the '078 patent under 35 U.S.C. § 271.

27. Defendant Canon has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Cannon makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, 32, 40, 46, 47, 48, and 69 of the '078 patent under 35 U.S.C. § 271.

28. Defendant HP has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. HP makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 10, 13, 16, 17, 22, 24, 25, 30, 31, 32, 38, 40, 46, 47, 48, 51, 52, 60, 62, 65, 69, and 74 of the '078 patent under 35 U.S.C. § 271.

29. Defendant Hulu has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Hulu makes, sells, offers to sell, and/or uses infringing online video services, including but not limited to Hulu and Hulu+, and infringing

computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 7, 13, 16, 24, 30, 31, 32, 37, 38, 39, 40, 42, 45, 46, 47, 48, 51, 52, 53, 69, 71, and 74 of the ‘078 patent under 35 U.S.C. § 271.

30. Defendant Lenovo has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the ‘078 patent. Lenovo makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, 32, 37, 40, 46, 47, 48, 52, 60, 61, 65, 69, and 71 of the ‘078 patent under 35 U.S.C. § 271.

31. Defendant Lexmark has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the ‘078 patent. Lexmark makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, 32, 40, 46, 47, 48, and 69 of the ‘078 patent under 35 U.S.C. § 271.

32. Defendant Motorola has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the ‘078 patent. Motorola makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 7, 10, 13, 16, 22, 30, 31, 40, 42, 44, 46, 47, 48, 52, 53, 60, and 69 of the ‘078 patent under 35 U.S.C. § 271.

33. Defendant Novell has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the ‘078 patent. Novell makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 10, 13, 16, 22, 24, 30, 31, 40, 41, 42, 44, 46, 47, 48, 50, 51, 52, 53, 60 and 69 of the ‘078 patent under 35 U.S.C. § 271.

34. Defendant Samsung has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Samsung manufactures, uses, sells, imports, and/or offers to sell infringing cell phones and other products, including but not limited to the Samsung Galaxy S and other Samsung cell phones with Samsung Media Hub, and infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, and 69 of the '078 patent under 35 U.S.C. § 271.

35. Defendant Trend Micro has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Trend Micro makes, sells, offers to sell, and/or uses infringing server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 10, 13, 16, 20, 21, 22, 24, 30, 31, 40, 41, 44, 46, 47, 48, 50, 51, 52, 53, 60, 66, and 69 of the '078 patent under 35 U.S.C. § 271.

36. Defendants Brother, Canon, HP, Hulu, Lenovo, Lexmark, Motorola, Novell, Samsung, and Trend Micro's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '078 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**INFRINGEMENT OF U.S. PATENT NO. 5,999,908**

37. On December 7, 1999, U.S. Patent No. 5,999,908 (the "'908 patent") was duly and legally issued for a "Customer-Based Product Design Module." A true and correct copy of the '908 patent is attached hereto as Exhibit C. Lodsys is the owner by assignment of all rights, title, and interest in and to the '908 patent.

38. Defendant Samsung has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent. Samsung makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.samsung.com and other Samsung websites, which infringe at least claim 37 of the '908 patent under 35 U.S.C. § 271.

39. Defendant Trend Micro has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent. Trend Micro makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.trendmicro.com and other Trend Micro websites, which infringe at least claim 37 of the '908 patent under 35 U.S.C. § 271.

40. Defendants Samsung and Trend Micro's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '908 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lodsys, LLC, respectfully requests entry of judgment in its favor and against defendants as follows:

(a) Declaration that (1) Defendants Brother, Canon, HP, Lenovo, Lexmark, Motorola, Novell, Samsung, and Trend Micro have infringed U.S. Patent No. 7,620,565; (2) Defendants Brother, Canon, HP, Hulu, Lenovo, Lexmark, Motorola, Novell, Samsung, and Trend Micro have infringed U.S. Patent No. 7,222,078; and (3) Defendants Samsung and Trend Micro have infringed U.S. Patent No. 5,999,908.

(b) Awarding the damages arising out of (1) Defendants Brother, Canon, HP, Lenovo, Lexmark, Motorola, Novell, Samsung, and Trend Micro's infringement of U.S. Patent No. 7,620,565; (2) Defendants Brother, Canon, HP, Lenovo, Lexmark, Motorola, Novell, Samsung, and Trend Micro's infringement of U.S. Patent No. 7,222,078; and (3) Defendant Samsung and Trend Micro's infringement of U.S. Patent No. 5,999,908, to Lodsys, together with pre-judgment and post-judgment interest, in an amount according to proof;

(c) Finding defendants' infringement to be willful from the time that defendants became aware of the infringing nature of their respective products and services, which is the time of filing of Lodsys' complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d) Permanently enjoining defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent No. 7,620,565, 7,222,078, and 5,999,908, or in the alternative, awarding a royalty for post-judgment infringement;

(e) Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(f) Awarding such other costs and further relief as the Court may deem just and proper.

Dated: February 11, 2011                    Respectfully Submitted,

                                            By:   /s/ William E. Davis, III
                                                  William E. Davis, III

Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9090
Email: bdavis@bdavisfirm.com

**ATTORNEY FOR PLAINTIFF LODSYS, LLC**