## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

LODSYS, LLC,

                      *Plaintiff,*

    v.

BROTHER INTERNATIONAL
CORPORATION, ET AL.,

                      *Defendants.*

Civil Action No. 2:11-CV-00090 (TJW)

**JURY DEMANDED
BY PLAINTIFF**

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT CANON U.S.A., INC.

Defendant, Canon U.S.A., Inc. ("Canon"), by and through its undersigned attorneys, hereby responds to the Complaint of Plaintiff, Lodsys, LLC  ("Lodsys"), with the following Answer and Affirmative Defenses.

### GENERAL DENIAL

Unless specifically admitted below, Canon denies each and every allegation in the Complaint.

### RESPONSE TO SPECIFIC ALLEGATIONS

Canon hereby answers the numbered paragraphs of the Complaint with the following correspondingly numbered responses:

1

## The Parties

1.      Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies them.

2.      Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies them.

3.      Canon admits the allegations in paragraph 3.

4.      Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and, therefore, denies them.

5.      Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, therefore, denies them.

6.      Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and, therefore, denies them.

7.      Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, therefore, denies them.

8.      Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and, therefore, denies them.

9.      Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies them.

10.      Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies them.

11.      Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and, therefore, denies them.

## Jurisdiction and Venue

12.     Canon admits that this Court has subject matter jurisdiction over this lawsuit and that venue in this judicial district is proper, but denies that this is the most convenient or most appropriate forum for this action.  Except as so admitted, Canon denies the allegations of paragraph 12.

13.     Canon admits that it is subject to personal jurisdiction in this district , but otherwise denies the allegations in paragraph 13.

## Infringement of U.S. Patent No. 7,620,565 B2

14.     Canon admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 7,620,565 ("the '565 patent").  Canon further admits that the '565 patent, on its face, states that it issued on November 17, 2009 and is entitled "Customer-Based Product Design Module." Canon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and, therefore, denies them.

15.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, therefore, denies them.

16.     Canon denies each and every allegation in paragraph 16.

17.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, therefore, denies them.

18.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, therefore, denies them.

19.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, therefore, denies them.

20.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, therefore, denies them.

21.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, therefore, denies them.

22.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, therefore, denies them.

23.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and, therefore, denies them.

24.     Canon denies each and every allegation in paragraph 24.

### Infringement of U.S. Patent No. 7,222,078 B2

25.     Canon admits that Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 7,222,078 ("the '078 patent").  Canon further admits that the '078 patent, on its face, states that it issued on May 22, 2007 and is entitled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network."  Canon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and, therefore, denies them.

26.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and, therefore, denies them.

27.     Canon denies each and every allegation in paragraph 27.

28.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and, therefore, denies them.

29.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and, therefore, denies them.

30.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and, therefore, denies them.

31.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and, therefore, denies them.

32.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and, therefore, denies them.

33.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and, therefore, denies them.

34.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and, therefore, denies them.

35.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and, therefore, denies them.

36.     Canon denies each and every allegation in paragraph 36.

**<u>Infringement of U.S. Patent No. 5,999,908</u>**

37.     Canon admits that Exhibit C to the Complaint purports to be a copy of U.S. Patent No. 5,999,908 ("the '908 patent").  Canon further admits that the '908 patent, on its face, states that it issued on December 7, 1999 and is entitled "Customer-Based Product Design Module." Canon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and, therefore, denies them.

38.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, therefore, denies them.

39.     Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, therefore, denies them.

40.    Canon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, therefore, denies them.

## Jury Demand

Canon admits that Lodsys has requested a trial by jury on all issues.

## Prayer for Relief

Canon denies that Lodsys is entitled to any relief whatsoever against Canon in this action, either as prayed for in its Complaint or otherwise.

\*    \*    \*

## AFFIRMATIVE DEFENSES

Canon's Affirmative Defenses are listed below.  Canon reserves the right to amend its Answer to add Affirmative Defenses, such as, for example, inequitable conduct, consistent with the facts discovered in the case.

## First Defense: Failure to State a Claim

41.    Lodsys' Complaint fails to state a claim against Canon upon which relief may be granted.

## Second Defense: Non-Infringement

42.    Canon has not infringed and currently is not infringing any valid claim of the '565 patent or the '078 patent (collectively the "patents-in-suit"), either literally or under the doctrine of equivalents, Canon has neither actively induced or contributed to the infringement of any valid claim of the patents-in-suit, nor is Canon currently actively inducing or contributing to the infringement of any valid claim of the patents-in-suit.

## Third Defense: Invalidity

43.     Each claim of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Fourth Defense: Prosecution History Estoppel

44.     As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications for the patents-in-suit and/or related patent applications, specifically the admissions, representations, and amendments made on behalf of the applicant for the patents-in-suit, Lodsys is estopped from asserting any construction of the claims of the patents-in-suit to cover any activity engaged in or product sold by Canon.

## Fifth Defense: Costs Barred

45.     Lodsys' claims for cost are barred and/or limited under 35 U.S.C. § 288.

## Sixth Defense: Equitable Estoppel, Laches and Waiver

46.     Lodsys' claims under the patents-in-suit are further barred by the doctrines of equitable estoppel, laches and/or waiver due to Lodsys' (and any of its predecessors'-in-interest) knowledge of Canon's allegedly infringing actions, and its misleading conduct with respect to Canon and/or unjustified and/or unreasonable failure to pursue its infringement claims diligently and timely from the time it became aware it had claims against Canon.  Canon has been both economically and materially prejudiced and/or injured by Lodsys' (and any of its predecessors'-in-interest) inexcusable lack of diligence and misleading conduct, including (without limitation) through the loss of records of third parties pertaining to the prior art, and the unreliability of the memories of witnesses who otherwise possess knowledge of the technology at issue.

## Seventh Defense: Prosecution Laches

47.     Lodsys' claims under the patents-in-suit are barred by the doctrine of prosecution laches due to Lodsys' (and any of its predecessors'-in-interest) unreasonable and unexplained delay in the prosecution of the patents-in-suit, which has prejudiced Canon and/or others who have invested in, worked on, or used technologies accused of infringement during the period of delay.

## Eighth Defense: Limitation on Damages

48.     Lodsys' claims for damages are barred and/or limited by 35 U.S.C. §§ 286 and 287.

## Ninth Defense: No Right To Injunctive Relief

49.     Lodsys is not entitled to injunctive relief because, among other things, any alleged injury can be adequately compensated by monetary damages and Lodsys' claim otherwise fails to meet the requirements for such relief.

*     *     *

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Canon requests that:

A.     Lodsys takes nothing by its Complaint;

B.     The Court enter judgment in favor of Canon in this action, and deny Lodsys all requested relief;

C.     The Court find that the patents-in-suit are not infringed by Canon;

D.     The Court find that the patents-in-suit are invalid;

E.     The Court find that Lodsys is entitled to no injunctive relief;

F.     The Court find that Lodsys is entitled to no damages;

G.     The Court declare that this is an exceptional case entitling Canon to its reasonable attorneys' fees under 35 U.S.C. § 285;

H.     The Court award Canon its costs and reasonable attorneys' fees; and

I.     The Court grant Canon all other and further relief to which it may show itself to be entitled.

Dated:  April 15, 2011                        Respectfully submitted,


                                              /s/ Lance Lee
                                              Lance Lee
                                              Texas Bar No. 24004762
                                              5511 Plaza Drive
                                              Texarkana, Texas 75503
                                              Telephone: (903) 223-0276
                                              Fax: (903) 223-0210
                                              Email: wlancelee@aol.com

                                              Of counsel:
                                              Nicholas M. Cannella (Admitted Pro Hac Vice)
                                                 Email:  ncannella@fchs.com
                                              Marc Pensabene (Admitted Pro Hac Vice)
                                                 Email:  mpensabene@fchs.com
                                              FITZPATRICK, CELLA, HARPER & SCINTO
                                              1290 Avenue of the Americas
                                              New York, New York  10104-3800
                                              Tel:  212-218-2100
                                              Fax:  212-218-2200

                                              Edmund J. Haughey (Admitted Pro Hac Vice)
                                                 Email:  ehaughey@fchs.com
                                              FITZPATRICK, CELLA, HARPER & SCINTO
                                              975 F Street, NW
                                              Washington, DC 20004
                                              Tel:  202-530-1010
                                              Fax:  202-530-1055

                                              **ATTORNEYS FOR DEFENDANT
                                              CANON U.S.A., INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause via the Court's CM/ECF system on this the 15th day of April, 2011.


*/s/ Lance Lee*
Lance Lee