IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LODSYS, LLC,<br><br>      *Plaintiff*,<br><br>v.<br><br>BROTHER INTERNATIONAL CORPORATION, ET AL.,<br><br>      *Defendants*. | Civil Action No. 2:11-CV-00090 (TJW) |

**DEFENDANT CANON U.S.A., INC.'S MOTION
FOR PARTIAL DISMISSAL UNDER RULE 12(B)(6)**

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................1

III. ARGUMENT ...................................................................................................................2

    A. Applicable Law ...................................................................................................2

    B. **Lodsys' Indirect Infringement Claims Should Be Dismissed Because Lodsys Has Not Pled Any Factual Basis for Those Claims**................................................................................................................4

    C. **Lodsys' Infringement Claims With Respect to the '078 Patent Should Be Dismissed Because They Fail to Identify Any Accused Product With Sufficient Specificity**........................................................6

IV. CONCLUSION ................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,
    501 F.3d 1307 (Fed. Cir. 2007) .................................................................................. 4

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
    359 F. Supp. 2d 558 (E.D. Tex. 2005) ....................................................................... 6

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
    365 U.S. 336 (1961) .................................................................................................. 4

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ...................................................................................... 2, 3, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................... 2, 3, 5

*Clear With Computers, LLC v. Bergdorf Goodman, Inc.*,
    No. 6:09-CV-481, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010) ........................... 5

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
    363 F.3d 1263 (Fed. Cir. 2004) ................................................................................. 4

*Eolas Techs., Inc. v. Adobe Sys., Inc.*,
    No. 6:09-CV-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010) ............................. 5

*Landmark Tech. LLC v. Aeropostale*,
    No. 6:09-CV-262, 2010 WL 51749543 (E.D. Tex. Mar. 29, 2010) ..................... 3, 6

*Realtime Data, LLC v. Morgan Stanley & Co.*,
    721 F. Supp. 2d 538 (E.D. Tex. 2010) ............................................................. 3, 5, 6

*Traffic Info., LLC v. Yahoo! Inc.*,
    No. 2:09-CV-246, 2010 WL 2545500 (E.D. Tex. Apr. 13, 2010) ........................... 5

*Tune Hunter Inc. v. Samsung Telecomm. Am., LLC*,
    No. 2:09-CV-148, 2010 WL 1409245 (E.D. Tex. Apr. 1, 2010) ......................... 2, 5

**Statutes**

35 U.S.C. § 271(a) ............................................................................................................ 3, 5

35 U.S.C. § 271(b) ................................................................................................................ 4

35 U.S.C. § 271(c) ................................................................................................................ 4

**Other**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 2

Fed. R. Civ. P. 8 ......................................................................................................................... 3, 5

Fed. R. Civ. P. 8(a)(2) ............................................................................................................... 2, 3

Fed. R. Civ. P. Form 18 ................................................................................................................ 3

**I.      INTRODUCTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Canon U.S.A., Inc. ("Canon") moves to partially dismiss Plaintiff Lodsys, LLC's ("Lodsys") Complaint for Patent Infringement (DE 1) to the extent it fails to state a claim upon which relief can be granted.  Specifically, Canon moves (1) to dismiss Lodsys' claims against Canon for indirect infringement, inducement of infringement, and contributory infringement of U.S. Patent No. 7,620,565 (the "'565 patent"), and (2) to dismiss all of Lodsys' claims against Canon for infringement – direct or otherwise – of U.S. Patent No. 7,222,078 (the "'078 patent").

As explained below, the only factual allegations set forth in Lodsys' complaint relate to direct infringement.  Lodsys has alleged no facts whatsoever to support its claims of indirect infringement, inducement of infringement, and contributory infringement of either the '565 patent or the '078 patent.  Further, in asserting that Canon "makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data," Lodsys has failed to identify with sufficient specificity what it is that allegedly infringes the '078 patent.  Without knowing these basic facts, Canon is severely prejudiced in its ability to investigate, evaluate, and respond to Lodsys' complaint.  Dismissal, therefore, is warranted.

**II.     BACKGROUND**

Lodsys filed its complaint on February 11, 2011 against 12 defendants, including Canon. In its complaint, Lodsys alleges that Canon infringes certain claims of the '565 patent and the '078 patent, and has done so both directly and indirectly.  Paragraphs 16 and 27 of the complaint set forth the entirety of Lodsys' infringement allegations against Canon:

> 16.  Defendant Canon has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent.  Canon manufactures, uses,

>sells, imports, and/or offers to sell infringing printers and other products, including but not limited to the Canon PIXMA MG5220 and other Canon printers with Pixma Extended Survey Program and Solution Menu EX, which infringes at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.
>
>27.  Defendant Canon has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.  Cannon [sic] makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, 32, 40, 46, 47, 48, and 69 of the '078 patent under 35 U.S.C. § 271.

(DE 1 at ¶¶ 16, 27.)

### III.  ARGUMENT

#### A.  Applicable Law

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when the plaintiff fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Two recent Supreme Court decisions, *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, set forth a two-prong approach for assessing the sufficiency of pleadings under Rule 8. *See Tune Hunter Inc. v. Samsung Telecomm. Am., LLC*, No. 2:09-CV-148, 2010 WL 1409245, at *3 (E.D. Tex. Apr. 1, 2010) (Ward, J.).  First, a complaint is reviewed to identify "allegations . . . that are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1951.  These consist of "labels" and "conclusory statements" unsupported by factual allegations. *Id.* at 1949-50.  Next, any remaining, factual allegations are reviewed "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

Under Rule 8, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. A plaintiff must plead "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* The Federal Rules require "sufficient factual allegations to show that [the plaintiff] is plausibly entitled to relief." *Landmark Tech. LLC v. Aeropostale*, No. 6:09-CV-262, 2010 WL 5174954, at *2 (E.D. Tex. Mar. 29, 2010) (citing *Twombly* and *Iqbal*). Rule 8 further requires that a complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). Vague identification of, or failure to identify, the accused product is fatal to a complaint. *See Realtime Data, LLC v. Morgan Stanley & Co.*, 721 F. Supp. 2d 538, 543-44 (E.D. Tex. 2010); *Landmark*, 2010 WL 5174954, at *3.

This Court and others have held that infringement allegations on par with those set forth in Form 18 of the Federal Rules of Civil Procedure satisfy Rule 8. *See id.* Form 18 states, in pertinent part, as follows:

> 2. On <Date>, United States Letters Patent No. <_____> were issued to the plaintiff for an invention in an electric motor. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

In the case of Form 18, the defendant's "making, selling, and using [of] electric motors that embody the patented invention" are the acts that, if proven, would establish direct infringement. *See* 35 U.S.C. § 271(a) (stating that "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . infringes the patent"). Although Form 18 does not address indirect infringement, *see Realtime*, 721 F. Supp. 2d at 544, Form 18 is instructive

- 3 -

nonetheless because it demonstrates that a complaint must identify the acts that give rise to the type of infringement being alleged.

There are two forms of indirect infringement – inducement of infringement and contributory infringement – and the acts that give rise to each differ from one another and from the acts that give rise to direct infringement. Under 35 U.S.C. § 271(b), to establish inducement of infringement, a plaintiff must show "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) (internal citation omitted). Under 35 U.S.C. § 271(c), to establish contributory infringement, a plaintiff must demonstrate that the defendant offered to sell or sold a "component of a patented machine . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use," and that use of such component "by the purchaser himself would in itself constitute a direct infringement." 35 U.S.C. § 271(c); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961). "Absent direct infringement of the claims of a patent, there can be neither contributory infringement nor inducement of infringement." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1277 (Fed. Cir. 2004) (citation omitted).

### B. Lodsys' Indirect Infringement Claims Should Be Dismissed Because Lodsys Has Not Pled Any Factual Basis for Those Claims

In paragraphs 16 and 27 of the complaint, Lodsys alleges that Canon has infringed certain claims of the '565 and '078 patents "directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others." (DE 1 at ¶¶ 16, 27.) This

Court has held the use of the phrase "and/or" to mean that all causes of action are asserted. *See Traffic Info., LLC v. Yahoo! Inc.*, No. 2:09-CV-246, 2010 WL 2545500, at *2 (E.D. Tex. Apr. 13, 2010). Thus Lodsys must meet the pleading requirements of Rule 8 with respect to each theory of infringement asserted.

As set forth above, Lodsys' infringement allegations against Canon consist of two sentences for each patent. *See* Section II *supra*. The first sentence of each allegation is a pure legal conclusion that merits no consideration under the two-prong approach of *Iqbal* and *Twombly*. *See Tune Hunter*, 2010 WL 1409245, at *3. That leaves only the second sentence, which asserts that Canon "manufactures, uses, sells, imports, and/or offers to sell" devices that allegedly infringe certain patent claims. (DE 1 at ¶¶ 16, 27.) This language is taken directly from 35 U.S.C. § 271(a), which deals with direct – not indirect – infringement. Thus, even if Lodsys were able to prove its allegations, that would establish direct infringement only. Lodsys has not pled any facts whatsoever to support its indirect infringement claims, leaving Canon utterly in the dark as to the basis for those claims. Significantly, the complaint fails to provide Canon with any notice as to what acts it has performed (and might still be performing) that allegedly give rise to Lodsys' claims for indirect infringement. Moreover, the complaint fails to identify who the direct infringer is in the case of Canon's alleged indirect infringement. For these reasons, Lodsys' indirect infringement allegations fail to satisfy Rule 8 and should be dismissed. *See Realtime*, 721 F. Supp. 2d at 539-41 (dismissing inducement of infringement and contributory infringement claims similar to Lodsys' claims in this case); *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (dismissing indirect infringement claims because they failed to allege a direct infringer); *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-CV-481, 2010 WL 3155888, at *4

(E.D. Tex. Mar. 29, 2010) (dismissing plaintiff's "indirect infringement claims – which fail to identify which claims are indirectly infringed, fail to identify which methods or systems indirectly infringe, and fail to identify a direct infringer in reference to its indirect infringement claims").

### C. Lodsys' Infringement Claims With Respect to the '078 Patent Should Be Dismissed Because They Fail to Identify <u>Any Accused Product With Sufficient Specificity</u>

Under Rule 8, Lodsys was required to identify in its complaint an accused product with sufficient specificity so as to put Canon on notice of its allegedly infringing acts. *Realtime*, 721 F. Supp. 2d at 543. This requirement is underscored by this Court's "high expectations of a plaintiff's preparedness before it brings suit." *Landmark*, 2010 WL 5174954, at *4 (citing *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)). Yet, Lodsys has failed to describe any product that allegedly infringes the '078 patent with the requisite specificity.

Here, Lodsys' description of the accused product that allegedly infringes the '078 patent − "computer server(s) to collect data" − is far too vague to put Canon on notice. For example, Canon is left to guess as to what "computer server(s)" Lodsys may be referring to, whether they are something that Canon sells to consumers or uses internally, what kind of data the accused servers collect, and from where and whom they collect such data. The asserted patent claims are equally vague – reciting a "system" or "method for gathering information" involving "units of a commodity" and other generic elements – and do not provide any helpful context. There is simply not enough information in Lodsys' complaint to provide Canon with fair notice of what it is that allegedly infringes the '078 patent. Therefore, dismissal is warranted. *See Realtime*, 721 F. Supp. 2d at 543-44 (finding "data compression products and/or services" to be an inadequate

- 6 -

identification); *Landmark*, 2010 WL 5174954, at *3 (finding "electronic commerce systems" to be "an extremely vague identification" warranting dismissal).

## IV. CONCLUSION

For the reasons set forth above, Canon respectfully requests that the Court grant Canon's motion for partial dismissal of Lodsys' complaint.

Dated:  April 15, 2011                                Respectfully submitted,


                                                      */s/ Lance Lee*
                                                      Lance Lee
                                                      Texas Bar No. 24004762
                                                      5511 Plaza Drive
                                                      Texarkana, Texas 75503
                                                      Telephone: (903) 223-0276
                                                      Fax: (903) 223-0210
                                                      Email: wlancelee@aol.com

                                                      *Of counsel:*
                                                      Nicholas M. Cannella (Admitted Pro Hac Vice)
                                                         Email:  ncannella@fchs.com
                                                      Marc Pensabene (Admitted Pro Hac Vice)
                                                         Email:  mpensabene@fchs.com
                                                      FITZPATRICK, CELLA, HARPER & SCINTO
                                                      1290 Avenue of the Americas
                                                      New York, New York  10104-3800
                                                      Tel:  212-218-2100
                                                      Fax:  212-218-2200

                                                      Edmund J. Haughey (Admitted Pro Hac Vice)
                                                         Email:  ehaughey@fchs.com
                                                      FITZPATRICK, CELLA, HARPER & SCINTO
                                                      975 F Street, NW
                                                      Washington, DC 20004
                                                      Tel:  202-530-1010
                                                      Fax:  202-530-1055

                                                      **ATTORNEYS FOR DEFENDANT
                                                      CANON U.S.A., INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause via the Court's CM/ECF system on this the 15th day of April, 2011.

/s/ Lance Lee
Lance Lee