**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LODSYS, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>BROTHER INTERNATIONAL CORPORATION, et al.,<br><br>    Defendants. | Civil Action No. 2:11-cv-90-TJW<br><br>**JURY** |

**LEXMARK INTERNATIONAL, INC.'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Pursuant to Fed.R.Civ.P. 12(b)(6), defendant Lexmark International, Inc. hereby moves to dismiss plaintiff Lodsys, LLC's allegations of indirect and willful infringement.

With respect to indirect infringement, Lodsys nakedly alleges that Lexmark infringes certain claims of U.S. Patent Nos. 7,620,565 (the '565 patent) and 7,222,078 (the '078 patent) "directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others."  Complaint, ¶¶ 19, 31.  As explained more fully below, these allegations fall far short of the pleading requirements for indirect infringement because Lodsys utterly fails to provide any factual allegations concerning the requisite knowledge and intent of Lexmark, or any identification of direct infringement by others.

Also, with respect to the '565 and '078 patents, Lodsys likewise nakedly alleges that "Defendants' infringement is willful and deliberate…."  *Id.*, ¶¶ 24, 36.  Lodsys utterly fails to allege knowledge of the asserted patents or any objectively reckless conduct on behalf of Lexmark.  The Complaint similarly offers no factual allegations in support of its request for an injunction, notwithstanding the U.S. Supreme Court's mandate in *eBay* that licensing companies must demonstrate irreparable harm in order to be entitled to injunctive relief.  Lexmark therefore also moves, to dismiss Lodsys' claims of willful infringement.

**II.    BACKGROUND**

Lodsys is a Texas limited liability company that purports to own the '565 and '078 patents.[1]  Complaint, ¶¶ 1, 14, 25.  It sells no products, but rather makes its patents available for licensing.  Lexmark is a global technology company headquartered in Lexington, Kentucky, that sells a broad range of printing and imaging products and services.  Lodsys' Complaint alleges

---

[1] Lodsys' Complaint also asserts another U.S. patent (No. 5,999,908) against certain codefendants, but not against Lexmark.  Accordingly, Lexmark will not address Lodsys' allegations with respect thereto.

direct and indirect infringement of the '565 and '078 patents against Lexmark and a host of other defendants. The entire infringement allegation against Lexmark with respect to the '078 patent is set forth below:

> Defendant Lexmark has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Lexmark makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 7, 10, 13, 16, 22, 30, 31, 40, 42, 44, 46, 47, 48, 52, 53, 60, and 69 of the '078 patent under 35 U.S.C. § 271.

Complaint, ¶ 31. The allegations with respect to the '565 patent are substantially identical with respect to inducement and contributory infringement. Lodsys does not allege that Lexmark had knowledge of the '565 or '078 patents prior to being served with the Complaint, nor does Lodsys allege who, if anyone (beside Lexmark), directly infringes the claims.

> Lodsys also alleges the following with respect to the '078 patent:
>
> Defendants Brother, Canon, HP, Hulu, Levono, Lexmark, Motorola, Novell, Samsung, and Trend Micro's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '078 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court. Defendants' infringement is willful and deliberate, entitling Lodsys to increased damages under 35 U.S.C. § 285.

Complaint, ¶ 36. The allegations with respect to willfulness and injunctive relief are identical for the '565 patent. *See id.* at ¶ 24. There are no factual allegations regarding knowledge of the patents or objectively reckless conduct. Likewise, there are no factual allegations regarding how Lodsys, a patent licensing company, will be irreparably harmed.

### III. ARGUMENT

#### A. The Complaint Fails to Plead Any Facts Supporting Lodsys' Indirect Infringement Claims, and These Claims Should Be Dismissed

3

Lodsys' indirect infringement claims are conclusory and unsupported by any facts, and therefore require dismissal. For each count against Lexmark, the Complaint recites the following and nothing more: "Defendant Lexmark has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent." Complaint, ¶¶ 19, 31. There are no facts to support any of the elements that must be established for an indirect infringement claim. Courts have routinely dismissed such conclusory allegations, particularly in the context of indirect infringement claims. *See, e.g., Elan Microelectronics Corp. v. Apple Inc.*, No. 09-cv-1531, 2009 WL 2972374, at *2 (N.D. Cal., Sept. 14, 2009) (dismissing similar conclusory indirect infringement allegations and confirming that allegations of indirect infringement must be supported by facts).

1. **Applicable Law**

Indirect infringement encompasses both contributory infringement and induced infringement. Contributory infringement requires the sale, or offer for sale, of "a component of a patented machine … constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent…." 35 U.S.C. § 271(c). The component must be especially adapted for use in the allegedly infringing product or process, and it cannot have substantial non-infringing uses. *See, e.g., Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (no contributory infringement where substantial non-infringing uses); *see also, Universal Elecs., Inc. v. Zenith Elecs. Corp.*, 846 F.Supp. 641, 651-52 (N.D. Ill., 1994) (same; citing *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 674 (Fed. Cir. 1990)).

Induced infringement, in turn, requires that the defendant actively encourages the alleged direct infringement by, for example, providing a direct infringer with instructions or directions for conducting the alleged infringing acts. *See, e.g., Vita-Mix Corp.*, 581 F.3d at 1328. Specific intent to cause the alleged infringing acts is also necessary, which requires "'[a] showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce infringements.' The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*) (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990)). As with contributory infringement, induced infringement requires identification of a direct infringer. *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990).

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) the Supreme Court pronounced that the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), applies to all federal civil cases. *Id.* at 1953. This standard requires that the complainant must allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted at true, to "state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 at 570). "A claim has facial plausibility

5

when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

### 2. The Indirect Infringement Claims Lack Factual Content

With respect to indirect infringement, the Complaint merely alleges that Lexmark "has infringed and continues to infringe, directly, indirectly, … contributorily, and/or through the inducement of others…." and nothing more. Complaint, ¶¶ 19, 31. The Complaint thus offers no factual support for any of the critical elements necessary to support a contributory or induced infringement claim. For example, the Complaint fails to identify any component that Lexmark has sold or offered to sell or any facts demonstrating that there are no substantial noninfringing uses, as required for claims of contributory infringement. Likewise, the Complaint contains no facts supporting the requisite knowledge for contributory infringement claims. There are no factual allegations regarding intent or the identity of direct infringers, which are requisites of induced infringement. Without such a recitation of any factual allegations, let alone an acknowledgement of the elements of an indirect infringement claim, Lodsys' Complaint is deficient as a matter of law.

Numerous other courts have held that unsupported indirect infringement claims fail to satisfy the pleading standards set forth in *Twombly* and *Iqbal*, and routinely dismiss claims like the ones Lodsys presents here. *See, e.g., Bedrock Computer Techs. LLC v. Softlayer Techs., Inc.*, No. 609-cv-269, 2010 WL 5175172, at *3 (E.D.Tex. Mar. 29, 2010); *Sharafabadi v. Univ. of Idaho*, No. 09-cv-1043, 2009 WL 4432367, at *5 (W.D.Wash. Nov. 27, 2009); *PA Advisors v. Google, Inc.*, No. 2:07-cv-480, 2008 WL 4136426, at *8 (E.D.Tex. Aug. 8, 2008) (Folsom, J.) (granting motion for a more definite statement and requiring the plaintiff to generally identify the group of indirect infringers for an indirect infringement claims); *Global Patent Holdings, LLC v.*

*Panthers BRHC LLC*, 586 F.Supp.2d 1331, 1335-36 (S.D.Fla. 2008); *Triune Star, Inc. v. Walt Disney Co.*, No. 07-cv-1256, 2008 WL 3849913, at *4 (C.D.Ill. Aug. 14, 2008); *Advanced Analogic Techs. v. Kinetic Techs., Inc.*, No. 09-cv-1360, 2009 WL 1974602, at *1 (N.D.Cal. July 8, 2009). The reasoning behind these decisions should likewise persuade this Court to dismiss Lodsys' conclusory and unsupported indirect infringement claims here.

### B. The Complaint's Unsupported Allegations of Willful Infringement Should be Dismissed

The Complaint seeks a judgment of willful infringement, enhanced damages, attorneys' fees, and a permanent injunction against each defendant. The Complaint, however, provides no factual basis for such relief, and these unsupported requests for relief should be dismissed.

#### 1. Willfulness

In order for Lodsys to prevail on its prayer for enhanced damages and attorneys' fees, the Court must find that this is an exceptional case under 35 U.S.C. §§ 284, 285. For this to happen, Lodsys must prove that Lexmark willfully infringed the claims asserted against it. *See* 35 U.S.C. §§ 284, 285; *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992), abrogated on other grounds by *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 975 (Fed. Cir. 1995). The Complaint contains no such allegations, setting forth instead only a conclusory statement that "Defendants' infringement is willful and deliberate…." Complaint, ¶¶ 24, 36.

To establish a claim for willful infringement, the Federal Circuit requires the following:

> [A] patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent …. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

7

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Thus, to support a willfulness claim, a patent plaintiff must, at a minimum, establish two separate and independent elements: (1) objective reckless behavior or circumstances, and (2) subjective knowledge or obviousness of the risk. *Id.*; *see also, Ashcroft v. Iqbal*, 129 S.Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted at true, to "state a claim for relief that is plausible on its face.'").

Notwithstanding these requirements, the Complaint here is silent as to any basis to support the assertion of objectively reckless behavior and subjective knowledge of the risk. The Complaint fails, for example, to allege any conduct that is or was purportedly reckless, let alone Lexmark's knowledge of any patents-in-suit prior to this lawsuit. Courts have, under similar circumstances, dismissed willful infringement allegations on the basis of a plaintiff's failure to allege subjective knowledge of the patents-in-suit alone. *See e.g., F5 Networks, Inc. v. A10 Networks, Inc.*, No. 07-cv-1927, 2008 U.S. Dist. LEXIS 31319, at *3-4 (W.D.Wa. Mar. 10, 2008) (noting that pleading that the defendant willfully infringed "insofar" as it had knowledge of the patent is insufficient). Accordingly, the willfulness allegations in this case fall far short of the Supreme Court's mandate that a plaintiff allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. at 555-56.

## IV. CONCLUSION

For the reasons explained above, Lexmark respectfully requests that this motion be granted.

Respectfully submitted,

**Lexmark International, Inc.**

By its attorneys,

Dated:  April 15, 2011                             */s/ Michael C. Smith*
                                                                Michael Charles Smith
                                                                Texas State Bar No. 18650410
                                                                Email: michaelsmith@siebman.com
                                                                SIEBMAN BURG PHILLIPS
                                                                   & SMITH LLP
                                                                113 East Austin St.
                                                                P.O. Box 1556
                                                                Marshall, TX 75671
                                                                Telephone: (903) 938-8900
                                                                Fax: (972) 767-4620

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this the 15th day of April, 2011.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

*/s/ Michael C. Smith*
Michael C. Smith