**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LODSYS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>BROTHER INTERNATIONAL CORPORATION;<br>ET AL.<br><br>    Defendants.<br><br>BROTHER INTERNATIONAL CORPORATION,<br><br>  Counterclaim Plaintiff<br><br>   v.<br><br>LODSYS, LLC,<br><br>  Counterclaim Defendant | Civil Action No. 2:11-cv-00090 (TJW) |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S
FIRST COMPLAINT FOR PATENT INFRINGEMENT ON BEHALF
OF DEFENDANT BROTHER INTERNATIONAL CORPORATION**

Defendant Brother International Corporation (hereinafter "Brother Int'l") answers the

Complaint for Patent Infringement of Plaintiff Lodsys, LLC (hereinafter "Lodsys") as follows:

**THE PARTIES**

1.  Lodsys is a Texas limited liability company with its principal place of business in

Marshall, Texas.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1 and, therefore, denies the same.

2.     Defendant Brother International Corporation ("Brother") is a Delaware corporation with its principal place of business in Bridgewater, New Jersey. Brother may be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

**ANSWER:** Brother Int'l admits that it is a Delaware corporation with its principal place of business in Bridgewater, New Jersey.  Brother Int'l admits that it may be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

3.     Defendant Canon U.S.A., Inc. ("Canon") is a New York corporation with its principal place of business in Lake Success, New York. Canon may be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies the same.

4.     Defendant Hewlett-Packard Company ("HP") is a Delaware corporation with its principal place of business in Palo Alto, California. HP may be served with process through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies the same.

5.      Defendant Hulu, LLC ("Hulu") is a Delaware limited liability company with its principal place of business in Los Angeles, California. Hulu may be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies the same.

6.      Defendant Lenovo (United States) Inc. ("Lenovo") is a Delaware corporation with its principal place of business in Morrisville, North Carolina. Lenovo may be served with process through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies the same.

7.      Defendant Lexmark International, Inc. ("Lexmark") is a Delaware corporation with its principal place of business in Lexington, Kentucky. Lexmark may be served with process through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, denies the same.

8.      Defendant Motorola Mobility, Inc. ("Motorola") is a Delaware corporation with its principal place of business in Libertyville, Illinois. Motorola may be served with process through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies the same.

9.      Defendant Novell, Inc. ("Novell") is a Delaware corporation with its principal place of business in Waltham, Massachusetts. Novell may be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies the same.

10.     Defendant Samsung Electronics Co., Ltd. ("Samsung Ltd.") is a Republic of Korea limited company with its principal place of business in Kyunggi-Do, Korea. Samsung Ltd. may be served with process through the Hague Service Convention. Lodsys is informed and believes, and on that basis alleges, that Defendants Samsung Electronics America, Inc. ("Samsung Inc.") and Samsung Telecommunications America, LLC ("Samsung LLC") are subsidiaries of Samsung Ltd. Samsung Inc. is a New York corporation with its principal place of business in Ridgefield Park, New Jersey. Samsung Inc. may be served with process through its Texas registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas, 75201. Samsung LLC is a Delaware limited liability company with its principal place of business in Richardson, Texas. Samsung may be served with process through its Texas registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701. Samsung Ltd., Samsung Inc., and Samsung LLC are collectively referred to herein as "Samsung."

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, denies the same.

11.     Defendant Trend Micro Incorporated ("Trend Micro") is a California corporation with its principal place of business in Cupertino, California. Trend Micro may be served with process through its California registered agent, Jorge Young, 10101 N De Anza Boulevard, Cupertino, California, 95014.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies the same.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

**ANSWER:** Brother Int'l admits that this lawsuit purports to be an action for patent infringement arising under the patent laws of the United States.  Brother Int'l admits that this Court has jurisdiction over such actions under 28 U.S.C. §§ 1331 and 1338(a) and that venue is not improper in this district for the purposes of this particular action.  Except as so specifically admitted, Brother Int'l denies the remaining allegations of Paragraph 12.

13.     This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district. Upon information and belief, each defendant regularly solicits business in the State of Texas and this district; derives substantial revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies the same.

## INFRINGEMENT OF U.S. PATENT NO. 7,620,565 B2

14.     On November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") was duly and legally issued for a "Customer-Based Product Design Module." A true and correct copy of the '565 patent is attached hereto as Exhibit A. Lodsys is the owner by assignment of all rights, title, and interest in and to the '565 patent.

**ANSWER:** As to the '565 patent's number, title and issue date, the patent is the best evidence of its terms and no response is required.  Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, therefore, denies the same.


15.     Defendant Brother has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Brother manufactures, uses, sells, imports,

and/or offers to sell infringing printers and other products, including but not limited to the Brother MFC-9840CDW and other Brother printers with Brother ControlCenter3 software driver, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l objects to Paragraph 15 as, *inter alia*, contrary to Rules 8 and 12 of the Federal Rules of Civil Procedure for failure to provide sufficient detail to give Brother Int'l notice of Plaintiff's claim.  To the extent that Brother Int'l is able to understand the allegations, Brother Int'l denies all allegations of Paragraph 15.

16.     Defendant Canon has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Canon manufactures, uses, sells, imports, and/or offers to sell infringing printers and other products, including but not limited to the Canon PIXMA MG5220 and other Canon printers with Pixma Extended Survey Program and Solution Menu EX, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies the same.

17.     Defendant HP has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. HP manufactures, uses, sells, imports, and/or offers to sell infringing personal computers, printers and other products, including but not limited to Compaq Presario CQ56Z, HPG62m, HP G42t, HP Pavilion dv7t Quad Edition, HP

Pavilion dv6t Quad Edition, HP Pavilion dv7t, HP ENVY 17 3D, HP ENVY 14 Beats, HP ENVY 14, HP Pavilion p6700z, HP Pavilion p6710t, HP Pavilion Elite HPE-500z, HP Pavilion Elite HPE0560z, and other HP personal computers with HP Support Assistant, and HP LaserJet Pro p1102w, HP LaserJet Pro M1212nf, and other HP printers with SureSupply, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies the same.

18.     Defendant Lenovo has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Lenovo manufactures, uses, sells, imports, and/or offers to sell infringing personal computers and other products, including but not limited to the Lenovo IdeaPad G560 and other Lenovo personal computers with Lenovo Smile Bar, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies the same.

19.     Defendant Lexmark has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Lexmark manufactures, uses, sells, imports, and/or offers to sell infringing printers and other products, including but not limited to the Lexmark Pinnacle Pro901 and other Lexmark printers with Lexmark SmartSolutions and Lexmark Printer Home, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the same.

20.     Defendant Motorola has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Motorola manufactures, uses, sells, imports, and/or offers to sell infringing cell phones and other products, including but not limited to the Motorola Backflip and other Motorola cell phones with Motorola Help Center, which infringe at least claims 1, 3, 4, 13, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the same.

21.     Defendant Novell has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Novell manufactures, uses, sells, imports, and/or offers to sell infringing server operating software and other products, including but not limited to the Groupwise server, SUSE Linux Enterprise sever, and other Novel server products with Novell Support Advisor, which infringe at least 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the same.

22.     Defendant Samsung has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Samsung manufactures, uses, sells, imports, and/or offers to sell infringing printers and other products, including but not limited to the Samsung CLX-3175FW, Samsung ML-3471ND, Samsung CLP-315, and other Samsung printers with Samsung Universal Printer Driver, which infringe at least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the same.

23.     Defendant Trend Micro has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Trend Micro manufactures, uses, sells, imports, and/or offers to sell infringing antivirus and security products, including but not limited to the Trend Micro Titanium Antivrus, which infringe at least claims 1, 15, 27, and 30 of the '565 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the same.

24.     Defendants Brother, Canon, HP, Lenovo, Lexmark, Motorola, Novell, Samsung, and Trend Micro's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights

under the '565 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:** To the extent that Paragraph 24 makes reference to activities engaged in by defendants other than Brother Int'l, Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the same.  Brother Int'l denies all other allegations of Paragraph 24.

## INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2

25.     On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." A true and correct copy of the '078 patent is attached hereto as Exhibit B. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

**ANSWER:** As to the '078 patent's number, title and issue date, the patent is the best evidence of its terms and no response is required.  Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and, therefore, denies the same.

26.     Defendant Brother has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Brother makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, 32, 40, 46, 47, 48, and 69 of the '078 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l objects to Paragraph 26 as, *inter alia*, contrary to Rules 8 and 12 of the Federal Rules of Civil Procedure for failure to provide sufficient detail to give Brother Int'l notice of Plaintiff's claim. To the extent that Brother Int'l is able to understand the allegations, Brother Int'l denies all allegations of Paragraph 26.

27. Defendant Canon has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Cannon makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, 32, 40, 46, 47, 48, and 69 of the '078 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the same.

28. Defendant HP has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. HP makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 10, 13, 16, 17, 22, 24, 25, 30, 31, 32, 38, 40, 46, 47, 48, 51, 52, 60, 62, 65, 69, and 74 of the '078 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the same.

29.     Defendant Hulu has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Hulu makes, sells, offers to sell, and/or uses infringing online video services, including but not limited to Hulu and Hulu+, and infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 7, 13, 16, 24, 30, 31, 32, 37, 38, 39, 40, 42, 45, 46, 47, 48, 51, 52, 53, 69, 71, and 74 of the '078 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the same.

30.     Defendant Lenovo has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Lenovo makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, 32, 37, 40, 46, 47, 48, 52, 60, 61, 65, 69, and 71 of the '078 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the same.

31.     Defendant Lexmark has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Lexmark makes, sells, offers to sell, and/or

uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, 32, 40, 46, 47, 48, and 69 of the '078 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the same.

32.     Defendant Motorola has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Motorola makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 7, 10, 13, 16, 22, 30, 31, 40, 42, 44, 46, 47, 48, 52, 53, 60, and 69 of the '078 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the same.

33.     Defendant Novell has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Novell makes, sells, offers to sell, and/or uses infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 10, 13, 16, 22, 24, 30, 31, 40, 41, 42, 44, 46, 47, 48, 50, 51, 52, 53, 60 and 69 of the '078 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the same.

34.     Defendant Samsung has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Samsung manufactures, uses, sells, imports, and/or offers to sell infringing cell phones and other products, including but not limited to the Samsung Galaxy S and other Samsung cell phones with Samsung Media Hub, and infringing computer server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, and 69 of the '078 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the same.

35.     Defendant Trend Micro has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Trend Micro makes, sells, offers to sell, and/or uses infringing server(s) to collect data, which infringe at least claims 1, 2, 3, 4, 5, 7, 10, 13, 16, 20, 21, 22, 24, 30, 31, 40, 41, 44, 46, 47, 48, 50, 51, 52, 53, 60, 66, and 69 of the '078 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the same.

36.     Defendants Brother, Canon, HP, Hulu, Lenovo, Lexmark, Motorola, Novell, Samsung, and Trend Micro's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys'

exclusive rights under the '078 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**ANSWER:** To the extent that Paragraph 36 makes reference to activities engaged in by defendants other than Brother Int'l, Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the same.  Brother Int'l denies all other allegations of Paragraph 36.

## INFRINGEMENT OF U.S. PATENT NO. 5,999,908

37.     On December 7, 1999, U.S. Patent No. 5,999,908 (the "'908 patent") was duly and legally issued for a "Customer-Based Product Design Module." A true and correct copy of the '908 patent is attached hereto as Exhibit C. Lodsys is the owner by assignment of all rights, title, and interest in and to the '908 patent.

**ANSWER:** As to the '908 patent's number, title and issue date, the patent is the best evidence of its terms and no response is required.  Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 and, therefore, denies the same.

38.     Defendant Samsung has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent. Samsung makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.samsung.com and

other Samsung websites, which infringe at least claim 37 of the '908 patent under 35 U.S.C. §

271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 38 and, therefore, denies the same.


39.     Defendant Trend Micro has infringed and continues to infringe, directly,

indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the

inducement of others, one or more of the claims of the '908 patent. Trend Micro makes, sells,

offers to sell, and/or uses infringing website surveys, including but not limited to surveys on

www.trendmicro.com and other Trend Micro websites, which infringe at least claim 37 of the

'908 patent under 35 U.S.C. § 271.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 39 and, therefore, denies the same.


40.     Defendants Samsung and Trend Micro's acts of infringement have caused damage

to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as

a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants'

infringement of Lodsys' exclusive rights under the '908 patent will continue to damage Lodsys,

causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this

Court. Defendants' infringement is willful and deliberate, entitling Lodsys to increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under

35 U.S.C. § 285.

**ANSWER:** Brother Int'l lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the same.

## BROTHER INT'L'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.  Brother Int'l is not presently infringing nor has it ever infringed either directly or indirectly any valid and enforceable claim of the patents-in-suit.

2.  Brother Int'l is not contributing and has not contributed to the infringement of any valid and enforceable claim of the patents-in-suit.

3.  Brother Int'l is not inducing and has not induced others to infringe any valid and enforceable claim of the patents-in-suit.

### SECOND AFFIRMATIVE DEFENSE

4.  On information and belief, the patents-in-suit are invalid for a failure to satisfy the conditions of patentability as specified under one or more sections of 35 U.S.C., including but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

5.  On information and belief, during the prosecution of the applications for the patents-in-suit before the United States Patent and Trademark Office, specific admissions and amendments were made on behalf of the applicant for such patents, and Plaintiff is now barred, by the doctrine of prosecution history estoppel, from asserting any claim construction and/or scope of the claims of the patents-in-suit that would cover any products or methods used by Brother Int'l.

### FOURTH AFFIRMATIVE DEFENSE

6.   Plaintiff fails to state a claim for which any relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

7.   To the extent that Plaintiff has licensed or otherwise exhausted its rights and remedies as to products or services accused of infringement by way of Plaintiff's Complaint, Brother Int'l is not liable to Plaintiff for any alleged acts of infringement related to such products or services.

### SIXTH AFFIRMATIVE DEFENSE

8.   On information and belief, Plaintiff's claim for damages, if any, is limited to the extent that the time limitation of 35 U.S.C. § 286 has expired, and to the extent that Plaintiff has failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

### SEVENTH AFFIRMATIVE DEFENSE

9.   Plaintiff has failed to join as parties individuals and/or entities necessary to this action.

### EIGHTH AFFIRMATIVE DEFENSE

10. Brother Int'l reserves the right to assert additional defenses that may be supported by evidence revealed.

## COUNTERCLAIMS

As to the Counterclaims of Defendant Brother International Corporation. (hereinafter "Brother Int'l") against Lodsys, LLC (hereinafter "Lodsys"), Defendant Brother Int'l alleges as follows:

### PARTIES

1.      Brother Int'l is a Delaware corporation with its principal place of business in Bridgewater, New Jersey.

2.      On information and belief, Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

3.      On February 11, 2011, Lodsys filed a Complaint alleging Patent Infringement and naming Brother Int'l as a defendant in the United States District Court for the Eastern District of Texas.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States and seeks declaratory judgment under 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue of this action for Brother Int'l counterclaims is proper under 28 U.S.C. §§ 1391 and 1400, *et seq.*

## COUNT ONE - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6.      Brother Int'l repeats and realleges each and every allegation contained in paragraphs 1 to 5 of these Counterclaims as if fully set forth herein.

7.      Lodsys has alleged that Brother Int'l has infringed U.S. Pat. No. 7,620,565 (hereinafter, the "'565 patent").  Lodsys allegedly has rights and interest in the '565 patent.

8.      As a result of these averments, an actual case or controversy exists between Brother Int'l and Lodsys concerning infringement of the '565 patent.

9.      Brother Int'l is not infringing, has not infringed, and is not inducing or contributing and has not induced or contributed to others' infringement of any claim of the '565 patent.

10.     Brother Int'l is not infringing, and has not willfully, deliberately, or intentionally infringed any claim of the '565 patent.

11.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Brother Int'l is entitled to a declaratory judgment of non-infringement of the '565 patent.

## COUNT TWO - DECLARATORY JUDGMENT OF INVALIDITY

12.     Brother Int'l repeats and realleges each and every allegation contained in paragraphs 1 to 11 of these Counterclaims as if fully set forth herein.

13.     As a result of Lodsys's averments, an actual case or controversy exists between Brother Int'l and Lodsys concerning the validity of the '565 patent.

14.     The claims of the '565 patent are invalid under one or more sections of 35 U.S.C., including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

15.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Brother Int'l is entitled to a declaratory judgment that the claims of the '565 patent are invalid for failing to meet one or more conditions for patentability in 35 U.S.C., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT THREE - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

16.     Brother Int'l repeats and realleges each and every allegation contained in paragraphs 1 to 15 of these Counterclaims as if fully set forth herein.

17.     Lodsys has alleged that Brother Int'l has infringed U.S. Pat. No. 7,222,078 (hereinafter, the "'078 patent").  Lodsys allegedly has rights and interest in the '078 patent.

18.     As a result of these averments, an actual case or controversy exists between Brother Int'l and Lodsys concerning infringement of the '078 patent.

19.     Brother Int'l is not infringing, has not infringed, and is not inducing or contributing and has not induced or contributed to others infringement of any claim of the '078 patent.

20.     Brother Int'l is not infringing, and has not willfully, deliberately, or intentionally infringed any claim of the '078 patent.

21.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Brother Int'l is entitled to a declaratory judgment of non-infringement of the '078 patent.

### COUNT FOUR - DECLARATORY JUDGMENT OF INVALIDITY

22.     Brother Int'l repeats and realleges each and every allegation contained in paragraphs 1 to 21 of these Counterclaims as if fully set forth herein.

23.     As a result of Lodsys's averments, an actual case or controversy exists between Brother Int'l and Lodsys concerning the validity of the '078 patent.

24.     The claims of the '078 patent are invalid under one or more sections of 35 U.S.C., including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

25.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Brother Int'l is entitled to a declaratory judgment that the claims of the '078 patent are invalid for failing to meet one or more conditions for patentability in 35 U.S.C., including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, Brother Int'l respectfully requests that this Court enter judgment in its favor as follows:

a.     An Order denying Lodsys all the relief requested in its First Complaint;

b.     Declaring that Brother Int'l is not and has not infringed, contributed to the infringement of, or actively induced others to infringe the patents-in-suit;

c.     Declaring that the patents-in-suit are invalid;

d.     Dismissing Lodsys's First Complaint in its entirety with prejudice;

e.      Determining that this is an exceptional case and awarding Brother Int'l its

reasonable costs and attorney's fees pursuant to 35 U.S.C. § 285 and other applicable statutes;

and

f.      Any such relief that the Court may deem just and proper under the circumstances.


Dated:  April 15, 2011                    By: /s/ Elizabeth L. DeRieux
                                              S. Calvin Capshaw
                                              State Bar No. 03783900
                                              Elizabeth L. DeRieux
                                              State Bar No. 05770585
                                              D. Jeffrey Rambin
                                              State Bar No. 00791478
                                              Capshaw DeRieux, L.L.P.
                                              114 E. Commerce Ave.
                                              Gladewater, TX 75647
                                              Telephone:  (903) 236-9800
                                              Facsimile:  (903) 236-8787
                                              E-mail:  ccapshaw@capshawlaw.com
                                              E-mail:  ederieux@capshawlaw.com
                                              E-mail:  jrambin@capshawlaw.com

                                              David E. DeLorenzi
                                              Frank A. Bruno
                                              **GIBBONS, P.C.**
                                              One Gateway Center
                                              Newark, New Jersey 07102
                                              Phone:  (973) 596-4500
                                              Facsimile:  (973) 596-0545
                                              Email: ddelorenzi@gibbonslaw.com
                                              Email: fbruno@gibbonslaw.com

                                              **ATTORNEYS FOR DEFENDANT**
                                              Brother International Corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 15th day of April, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

<u>/s/ Elizabeth L. DeRieux</u>