IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LODSYS, LLC,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**BROTHER INTERNATIONAL CORPORATION,** *et al.***,**<br><br>    **Defendants.** | C.A. No. 2:11-CV-90<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MOTOROLA MOBILITY, INC'S ANSWER AND ADDITIONAL
DEFENSES TO PLAINTIFF LODSYS, LLC'S COMPLAINT**

Defendant Motorola Mobility, Inc. ("MMI") hereby sets forth its Answer and Additional Defenses to the Complaint for Patent Infringement ("Complaint") of Plaintiff Lodsys, LLC ("Lodsys"). To the extent any allegations in the Complaint are not specifically admitted, MMI denies them. MMI responds to the individually enumerated paragraphs of the Complaint as follows:

**PARTIES**

1. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies them.

2. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore, denies them.

3. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and, therefore, denies them.

4. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, denies them.

5. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and, therefore, denies them.

6. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and, therefore, denies them.

7. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, denies them.

8. MMI admits the allegations contained in Paragraph 8 of the Complaint.

9. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, denies them.

10. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies them.

11. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies them.

## JURISDICTION AND VENUE

12. MMI admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). MMI admits that the counts set forth in the Complaint are governed by the laws of the United States, Title 35 of the United States Code. MMI denies that it is in any way liable or indebted to Lodsys under these or any other claims. The remaining allegations in Paragraph 12 constitute conclusions of law to which no response of MMI is required; to the extent an answer is required, said allegations are denied.

13. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 with respect to other Defendants and, therefore, denies them. MMI denies that venue is convenient or appropriate. The allegations in Paragraph 13

constitute conclusions of law to which no response of MMI is required; to the extent an answer is required, said allegations are denied.

## INFRINGEMENT OF U.S. PATENT NO. 7,620,565

14. MMI admits that U.S. Patent No. 7,620,565 ("the '565 Patent") is entitled "Customer-Based Product Design Module." MMI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and therefore denies them.

15. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies them.

16. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and, therefore, denies them.

17. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, denies them.

18. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, denies them.

19. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, denies them.

20. MMI denies the allegations contained in Paragraph 20 of the Complaint.

21. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, denies them.

22. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, denies them.

23. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, denies them.

24. MMI denies the allegations in Paragraph 24 of the Complaint as they relate to MMI. MMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint as they relate to other Defendants and therefore denies those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 7,222,078

25. MMI admits that U.S. Patent No. 7,222,078 ("the '078 Patent") is entitled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." MMI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies them.

26. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, denies them.

27. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, denies them.

28. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, therefore, denies them.

29. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, denies them.

30. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, denies them.

31. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, denies them.

32. MMI denies the allegations contained in Paragraph 32 of the Complaint.

33. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, denies them.

34. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, denies them.

35. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and, therefore, denies them.

36. MMI denies the allegations in Paragraph 36 of the Complaint as they relate to MMI. MMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint as they relate to other Defendants and therefore denies those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 5,999,908

37. MMI admits that U.S. Patent No. 5,999,908 ("the '908 Patent") is entitled "Customer-Based Product Design Module." MMI is without knowledge or information sufficient to form a believe as to the truth of the remaining allegations in Paragraph 37 and therefore denies them.

38. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, denies them.

39. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and, therefore, denies them.

40. MMI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, denies them.

## JURY DEMAND

41.     The Jury Demand requires no response.

## PRAYER FOR RELIEF

42.     The Prayer for Relief requires no response.  To the extent that any response is required, MMI denies that the Plaintiff should be granted any of the relief it requests.

## AFFIRMATIVE DEFENSES

43.     MMI asserts the following additional defenses to Plaintiff's claims for patent infringement.  The assertion of an additional defense is not a concession that MMI has the burden of proving the matter asserted.

### First Affirmative Defense:
### (Failure to State a Claim)

44.     The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Invalidity)

45.     The '565 and '078 Patents are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense
### (Non-Infringement)

46.     MMI does not and has not infringed any valid claim of the '565 and '078 Patents either directly, contributorily, by way of inducement, literally, and/or under the doctrine of equivalents.

### Fourth Affirmative Defense
### (Limitation on Damages)

47. Plaintiff's claims for damages for infringement of the '565 and '078 Patents are limited pursuant to 35 U.S.C. § 286.

### Fifth Affirmative Defense
### (Patent Marking)

48. Plaintiff's claims for damages for infringement of the '565 and '078 Patents are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### Sixth Affirmative Defense
### (Prosecution History Estoppel)

49. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the patents-in-suit, Lodsys is estopped from claiming a construction of one or more claims of the patents-in-suit that would cause any valid claim thereof to cover or include any product manufactured, used, sold, offered for sale, or imported by MMI.

### Seventh Affirmative Defense
### (Adequate Remedy Other Than Injunctive Relief)

50. Lodsys is not entitled to injunctive relief because any alleged injury to Lodsys is not immediate and irreparable, and Lodsys has an adequate remedy at law.

### Eighth Affirmative Defense
### (Improper Joinder)

51. On information and belief, Lodsys improperly joined multiple unrelated defendants in an effort to circumvent the rules relating to joinder.

### Ninth Affirmative Defense
### (Lack of Standing)

52. On information and belief, Lodsys lacks standing to bring a patent infringement action based on any alleged infringement of the '565 and '078 patents by MMI.

**Reservation of Additional Defenses**

53.     MMI reserves the right to assert additional defenses which become apparent during discovery, including but not limited to the defenses of unclean hands, patent misuse, license, implied license, patent exhaustion, waiver, equitable estoppel, and inequitable conduct.

## PRAYER FOR RELIEF

54.     For all of the above reasons, MMI prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by its Complaint, and that MMI be awarded such other and further relief to which it may be justly entitled.

## JURY DEMAND

55.     MMI demands a trial by jury on all claims, defenses and counterclaims so triable.

| | |
|---|---|
| Dated:  April 15, 2011 | Respectfully submitted,<br><br>/s/ Brian K. Erickson<br>Brian K. Erickson (Bar No. 24012594)<br>brian.erickson@dlapiper.com<br>**DLA Piper LLP (US)**<br>401 Congress Avenue, Suite 2500<br>Austin, TX 78701-3799<br>Telephone: 512.457.7000<br>Facsimile: 512.457.7001<br><br>Mark D. Fowler *(pro hac vice pending)*<br>(Bar No. CA-124235)<br>mark.fowler@dlapiper.com<br>**DLA Piper LLP (US)**<br>2000 University Avenue<br>East Palo Alto, CA  94303-2214<br>Phone: 650.833.2000<br>Fax: 650.833.2001<br><br>Sean C. Cunningham *(pro hac vice pending)*<br>(Bar No. CA-174931)<br>sean.cunningham@dlapiper.com<br>Erin P. Gibson *(pro hac vice pending)*<br>(Bar No. CA-229305)<br>erin.gibson@dlapiper.com<br>David R. Knudson *(pro hac vice pending)*<br>(Bar No. CA-265461)<br>david.knudson@dlapiper.com<br>**DLA Piper LLP (US)**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Phone: 619.699.2700<br>Fax: 619.699.2701<br><br>Michael E. Jones<br>State Bar No. 10929400<br>mikejones@potterminton.com<br>Allen F. Gardner<br>State Bar No. 24043679<br>allengardner@potterminton.com<br>POTTER MINTON, P.C.<br>A Professional Corporation<br>110 N. College Ave., Suite 500<br>Tyler, Texas 75702<br>Telephone:  903-597-8311<br>Facsimile:  903-593-0846<br><br>**ATTORNEYS FOR DEFENDANT MOTOROLA MOBILITY, INC.** |

- 10 -

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 15th day of April 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                  /s/__Brian K. Erickson_____
                                      Brian K. Erickson