**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-90-TJW |
| | § | |
| BROTHER INTERNATIONAL CORPORATION; | § | |
| CANON U.S.A., INC.; | § | |
| HEWLETT-PACKARD COMPANY; | § | |
| HULU, LLC; | § | |
| LENOVO (UNITED STATES) INC.; | § | |
| LEXMARK INTERNATIONAL, INC.; | § | |
| MOTOROLA MOBILITY, INC.; | § | |
| NOVELL, INC; | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| SAMSUNG ELECTRONICS AMERICA, INC.; | § | |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; | § | |
| TREND MICRO INCORPORATED, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF LODSYS, LLC'S RESPONSE IN OPPOSITION TO
<u>DEFENDANT LEXMARK INTERNATIONAL, INC.'S MOTION TO DISMISS</u>**

Plaintiff Lodsys, LLC ("Lodsys") respectfully submits this response in opposition to Defendant Lexmark International, Inc.'s Motion to Dismiss [Dkt. 44] (the "Dismissal Motion").

## I. INTRODUCTION

Defendant Lexmark International, Inc. ("Lexmark") does *not* challenge the sufficiency of the allegations of direct infringement in Lodsys's Complaint for Patent Infringement [Dkt. 1] (the "Complaint"). Instead, Lexmark requests dismissal of two (and only two) allegations: (1) the allegations of indirect infringement, and (2) the allegations of willful infringement. As discussed in detail below, however, the Complaint sufficiently pleads both indirect and willful infringement, as repeatedly determined by this Court when faced with allegations nearly identical to those in the Complaint.

Although the Complaint was filed against twelve defendants, only two defendants (*i.e.*, Lexmark and Canon U.S.A., Inc.) have filed motions to dismiss. The crux of Lexmark's Dismissal Motion is that the Complaint supposedly fails to provide sufficient notice of Lodsys's allegations of indirect and willful infringement. But under Rule 8(a), and the requirements of Form 18, as interpreted by this Court and the Federal Circuit, the allegations in the Complaint are more than sufficient at this stage in the proceedings. Lexmark's assertions that the requisite pleading standards create a higher burden should be rejected, and the Dismissal Motion should be denied. In the alternative, if any of the allegations in the Complaint are found to be insufficient, Lodsys should be granted leave to amend.

## II. ARGUMENT

"Motions to dismiss are purely procedural questions, to which the Federal Circuit applies the law of the regional circuit." *OLA, LLC v. Builder Homesite, Inc.*, 661 F. Supp. 2d 668, 671 (E.D. Tex. 2009) (citing *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009)). "In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are ***viewed with disfavor and rarely granted***." *Atwater Partners of Texas LLC v. AT & T, Inc.*, 2:10-CV-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011) (citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d

228, 232 (5th Cir.2009) and *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997)) (emphasis added).

"When deciding a motion to dismiss pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff" (*WiAV Networks, LLC v. 3com Corp.*, CIV.A. 5:09-CV-101DF, 2009 WL 6048922, at *1 (E.D. Tex. Dec. 15, 2009)), "all facts pleaded in the complaint must be taken as true" (*U.S. ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 872 (5th Cir. 2008)), and "reasonable inferences must also be drawn in the plaintiff's favor." *Perkins v. McDowell*, 6:10CV486, 2010 WL 5535812, at *2 (E.D. Tex. Dec. 16, 2010). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). "The 'issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.'" *OLA*, 661 F. Supp. 2d at 672 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)). Thus, "the dismissal standard is extraordinary, and one not to be taken lightly." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000); *see also IntelliGender, LLC v. Soriano*, 2:10-CV-125-TJW, 2011 WL 903342, at *14 (E.D. Tex. Mar. 15, 2011) ("motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted").

"Although [Lexmark] cites to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) to suggest that a plaintiff must plead specific facts to support the elements of an indirect or willful infringement charge, the Federal Circuit recently considered the issue, albeit in the context of a pro se plaintiff, and rejected the argument that *Bell Atlantic* changed the pleading requirements of Rule 8(a) in patent infringement cases." *FotoMedia Technologies, LLC v. AOL, LLC*, CIV. A. 2:07CV255, 2008 WL 4135906, at *1 (E.D. Tex. Aug. 29, 2008) (citing *McZeal*, 501 F.3d 1354 at 1357). Rather, Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Atwater Partners of Texas*, 2011 WL 1004880 at *1.

Moreover, "[t]he Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss." *OLA*, 661 F. Supp. 2d at 671. Instead, to survive a motion to dismiss, a complaint merely needs to contain factual allegations which are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1940 (2009).

"[A] plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *McZeal*, 501 F.3d at 1357. "To impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." *Phonometrics*, 203 F.3d at 794. "It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n.10). Accordingly, a complaint for patent infringement "contain[s] enough detail to allow defendants to answer where it (1) names each individual defendant; (2) cites the patent that is allegedly infringed; (3) describes the means by which the defendants allegedly infringe; and (4) points to the specific sections of the patent law invoked." *PA Advisors, LLC v. Google Inc.*, CIVA 2:07-CV-480 DF, 2008 WL 4136426, at *6 (E.D. Tex. Aug. 8, 2008). Lack of additional factual details is an improper ground for dismissal under Rule 12(b)(6), precisely because such details "is something to be determined through discovery." *McZeal*, 501 F.3d at 1358.[1]

As discussed below, Lexmark's Dismissal Motion should be denied because (a) the Complaint sufficiently pleads indirect infringement, (b) the Complaint sufficiently pleads willful infringement, and (c) in the alternative, Lodsys should be granted leave to amend the Complaint.

---

[1] The Court recently confirmed in *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, 6:09 CV 481, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010), that *Iqbal* did not alter the Federal Circuit's holding in *McZeal*. *See id.* at *3 ("to the extent that Defendants argue Form 18 is inadequate under *Twombly* and *Iqbal*, the Court rejects that argument").

3

A.  **The Complaint Sufficiently Pleads Indirect Infringement.**

Lexmark asserts that the allegations of indirect infringement should be dismissed because supposedly the Complaint "offers no factual support for any of the critical elements necessary to support a contributory or induced infringement claim." Dismissal Motion at 4. But Lexmark is requesting that this Court place a higher burden on allegations of indirect infringement than Form 18 places on direct infringement. "[A]s explained in *Twombly*, a complaint does not require 'detailed factual allegations.'" *LML Patent Corp. v. Nat'l Bank of Daingerfield*, 2:09-CV-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (citing *Twombly*, 550 U.S. at 555). And this Court has specifically (and repeatedly) held that "neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *FotoMedia*, 2008 WL 4135906 at * 2; *see also Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*, 2:10-CV-90-TJW, 2011 WL 1004873, at *5 (E.D. Tex. Mar. 18, 2011) ("This Court has held that so long as a complaint complies with Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure, its claims for direct ***and indirect*** patent infringement will survive a motion to dismiss.") (emphasis added).

Here, Lexmark asserts that the Complaint fails to sufficiently allege the "identify any component," "facts demonstrating that there is no substantial noninfringing uses," "intent," or the "identity of direct infringers." Dismissal Motion at 4. But Lodsys was not required to specifically allege facts detailing each element of indirect infringement. *See FotoMedia*, 2008 WL 4135906 at * 2. The Complaint is, however, sufficient to put Lexmark on notice. The Complaint contains individualized allegations for each named defendant (*see, e.g.*, Complaint at ¶¶ 19, 31); the Complaint describes the patents that have been infringed (*see, e.g.*, Complaint at ¶¶ 14, 25); the Complaint alleges how such infringement occurred (*see, e.g.*, Complaint at ¶ 19 ("Lexmark manufactures, uses, sells, imports, and/or offers to sell")); and the Complaint identifies an instrumentality alleged to be infringing (*see, e.g.*, Complaint at ¶ 19 ("infringing printers")). Intent and the identity of the direct infringers can be inferred from the Complaint,

4

which would include Lexmark's intermediaries and/or clients. *See, e.g.*, *McArdle v. Mattel Inc.*, 456 F. Supp. 2d 769, 784 (E.D. Tex. 2006) ("alleged facts in the complaint, taken as a whole, permit an inference"). To survive a motion to dismiss, the Complaint does not need to specifically plead intent or the identity of the direct infringers. *See, e.g.*, *Atwater Partners of Texas*, 2011 WL 1004880 at *3 (denying motion to dismiss, and rejecting defendant's assertion that the "complaint does not sufficiently plead indirect infringement because it does not indicate the identity of the requisite third-party direct infringers and the requisite mental states").

The Complaint's allegations plainly comply with the requirements of Form 18, and this Court has repeatedly and consistently held that allegations similar to those in the Complaint are sufficient to plead indirect infringement. *See, e.g.*, *LML Patent Corp.*, 2011 WL 1478517, at *2 ("the motion to dismiss for failure to state a claim of induced and contributory infringement is denied"); *Charles E. Hill & Associates, Inc. v. ABT Electronics, Inc.*, 2:09-CV-313-TJW-CE, 2010 WL 3749514, at *2 (E.D. Tex. Aug. 31, 2010) ("the motion to dismiss for failure to state a claim of indirect infringement should be denied"); *Traffic Info., LLC v. YAHOOA Inc.*, 2:09-CV-246-TJW-CE, 2010 WL 2545500, at *2-3 (E.D. Tex. Apr. 13, 2010) (finding sufficient allegations that "defendants 'infringe, contribute to infringement, and/or induce infringement of the ′606 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use' accused products and services"); *Tune Hunter Inc. v. Samsung Telecommunications Am., LLC*, CIV.A 209CV148TJW, 2010 WL 1409245, *4 (E.D. Tex. Apr. 1, 2010) ("Defendants argue that Tune Hunter failed properly to allege additional facts that are required to prove claims for inducing infringement, contributory infringement, 35 U.S.C. § 271(g), or 35 U.S.C. § 271(f). As outlined above, those additional facts are not required by *Iqbal*. ***Moreover, it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement***, or non-infringement as the case may be.") (emphasis added).

Because the Complaint sufficiently pleads indirect infringement, Lexmark's Dismissal Motion should be denied.

B.   **The Complaint Sufficiently Pleads Willful Infringement.**

Relying primarily on *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007), Lexmark also asserts that the Complaint fails to sufficiently allege a "factual basis for" willful infringement.  *See* Dismissal Motion at 7-8.  But *Seagate* "addresses the 'evidence' necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement, ***let alone that anything more than a good faith allegation of willfulness is required***."  *Advanced Analogic Technologies, Inc. v. Kinetic Technologies, Inc.*, C-09-1360 MMC, 2009 WL 1974602, at *2 (N.D. Cal. July 8, 2009) (emphasis added).

To survive a motion to dismiss, the Complaint does not need to detail how Lexmark willfully infringed Lodsys's patents.  For example, in *FotoMedia*, the plaintiff's "First Amended Complaint, although alleging that certain defendants have willfully infringe the patents-in-suit, d[id] not detail how the defendants are alleged to have willfully infringed the patents-in-suit.  The defendants argue[d] that the allegations of indirect infringement and willful infringement in First Amended Complaint should be dismissed for failure to state a claim."  2008 WL 4135906 at *2.  This Court, however, held that the "level of detail provided by [plaintiff] in its allegations of indirect infringement are similar to those approved by Form [18], the Federal Circuit, and the courts in this district" and the "*same is true for the allegations of willful infringement*."  *Id.* (emphasis added).

Here, the Complaint alleges that that Lexmark's "infringement is willful and deliberate, entitling Lodsys to increased damages."  *See* Complaint at ¶¶ 24, 36.  Those averments of willfulness are sufficient at the pleading stage, as exemplified by numerous courts (including this Court in *FotoMedia*) that have found similar allegations sufficient.  *See, e.g.*, S.*O.I.TEC Silicon On Insulator Technologies, S.A. v. MEMC Elec. Materials, Inc.*, CIV. 08-292-SLR, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009) ("the court declines to require more detail with respect to plaintiffs' willful infringement claims than is required by Form 18"); *Rambus, Inc. v. Nvidia Corp.*, C 08-3343 SI, 2008 WL 4911165, *2 (N.D. Cal. Nov. 13, 2008) ("Defendant moves to dismiss plaintiff's claims of willful infringement because plaintiff does not allege that defendant

6

knew or should have known that its activities had a high likelihood of infringing the asserted patents. Relatedly, defendant moves to strike plaintiff's request for treble damages and attorneys' fees, which are only available for willful infringement and "exceptional" cases…. The Court agrees with plaintiff, and finds that it is sufficient to allege that defendant's infringement has been "deliberate" and in "disregard" of the patents…. While plaintiff's complaint could be more factually detailed, the Court finds that it sufficiently alleges willful infringement."); *Multi-Tech Sys., Inc. v. Dialpad.com, Inc.*, CIV. 00-1540 ADMRLE, 2001 WL 34624004, at *2 (D. Minn. Aug. 28, 2001) (holding "mere allegations of willful infringement" sufficient under Rule 8(a)).

Because the Complaint sufficiently pleads willful infringement, Lexmark's Dismissal Motion should be denied.

**C.    Lodsys Should Be Granted Leave to Amend the Complaint.**

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Reyes v. Nationwide Prop. & Cas. Ins. Co.*, CIV. H-11-0881, 2011 WL 1467751, at *2 (S.D. Tex. Apr. 18, 2011) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002)). If the Court finds that the Complaint here is insufficient, and grants Lexmark's Dismissal Motion, Lodsys respectfully requests leave to file an amended complaint.

### III.    CONCLUSION

The Complaint sufficiently pleads both indirect and willful infringement. For all of the above reasons, Lexmark's Dismissal Motion should be denied. In the alternative, Lodsys should be granted leave to amend.

Dated:  May 2, 2011                                             Respectfully Submitted,

                                              By:    /s/ William E. "Bo" Davis, III
                                                     William E. "Bo" Davis, III
                                                     Texas State Bar No. 24047416
                                                     **THE DAVIS FIRM, PC**
                                                     111 West Tyler Street

Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email:  bdavis@bdavisfirm.com

Michael A. Goldfarb
(admitted *pro hac vice*)
Christopher M. Huck
(admitted *pro hac vice*)
**KELLEY, DONION, GILL,
HUCK & GOLDFARB, PLLC**
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone: (206) 452-0260
Facsimile: (206) 397-3062
Email: goldfarb@kdg-law.com
         huck@kdg-law.com

**ATTORNEYS FOR PLAINTIFF
LODSYS, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 2nd day of May 2011.

By: /s/ William E. "Bo" Davis, III
William E. "Bo" Davis, III