**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:11-CV-90-TJW |
| BROTHER INTERNATIONAL CORPORATION; CANON U.S.A., INC.; HEWLETT-PACKARD COMPANY; HULU, LLC; LENOVO (UNITED STATES) INC.; LEXMARK INTERNATIONAL, INC.; MOTOROLA MOBILITY, INC.; NOVELL, INC; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; TREND MICRO INCORPORATED, | § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF LODSYS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT
CANON U.S.A., INC.'S MOTION FOR PARTIAL DISMISSAL UNDER RULE 12(B)(6)**

Plaintiff Lodsys, LLC ("Lodsys") respectfully submits this response in opposition to Defendant Canon U.S.A., Inc.'s Motion for Partial Dismissal Under Rule 12(b)(6) [Dkt. 42] (the "Dismissal Motion").

## I.   INTRODUCTION

As alleged in the Complaint for Patent Infringement [Dkt. 1] (the "Complaint"), Defendant Canon U.S.A., Inc. ("Canon") has infringed, and continues to infringe, Lodsys's U.S. Patent No. 7,620,565 (the "'565 patent") and U.S. Patent No. 7,222,078 (the "'078 patent"). *See* Complaint at ¶¶ 16, 27. Canon does *not* challenge the sufficiency of the allegations of direct infringement of the '565 patent. Instead, Canon requests dismissal of two (and only two) allegations: (1) the allegations of indirect infringement, and (2) the allegations of infringement of the '078 patent. As discussed in detail below, however, the Complaint sufficiently pleads both indirect infringement and infringement of the '078 patent, as repeatedly determined by this Court when faced with allegations nearly identical to those in the Complaint.

Although the Complaint was filed against twelve defendants, only two defendants (*i.e.*, Canon and Lexmark International, Inc.) have filed motions to dismiss. The crux of Canon's Dismissal Motion is that the Complaint supposedly fails to provide sufficient notice, which has allegedly "prejudiced [Canon's] ability to investigate, evaluate, and ***respond*** to Lodsys'[s] complaint." Dismissal Motion at 1 (emphasis added). But, in addition to filing its Dismissal Motion, Canon also filed an Answer and Affirmative Defenses [Dkt. 41] (the "Answer"). In fact, despite Canon's assertion that it supposedly is unable to "respond" to the Complaint, in its Answer, Canon has already specifically denied the two allegations Canon now asserts are allegedly deficient to provide notice and enable a response. *See* Answer at ¶¶ 16, 27. On that basis alone, Canon's Dismissal Motion should be denied.

Moreover, under Rule 8(a) and the requirements of Form 18, as interpreted by this Court and the Federal Circuit, the allegations in the Complaint are more than sufficient at this stage in the proceedings. Canon's assertions that the requisite pleading standards create a higher burden should be rejected, and the Dismissal Motion should be denied. In the alternative, if any of the

1

allegations in the Complaint are found to be insufficient, Lodsys should be granted leave to amend.

## II.    ARGUMENT

"Motions to dismiss are purely procedural questions, to which the Federal Circuit applies the law of the regional circuit." *OLA, LLC v. Builder Homesite, Inc.*, 661 F. Supp. 2d 668, 671 (E.D. Tex. 2009) (citing *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009)). "In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are ***viewed with <u>disfavor</u> and <u>rarely</u> granted***." *Atwater Partners of Texas LLC v. AT & T, Inc.*, 2:10-CV-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011) (citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009) and *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997)) (emphasis added).

"When deciding a motion to dismiss pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff" (*WiAV Networks, LLC v. 3com Corp.*, CIV.A. 5:09-CV-101DF, 2009 WL 6048922, at *1 (E.D. Tex. Dec. 15, 2009)), "all facts pleaded in the complaint must be taken as true" (*U.S. ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 872 (5th Cir. 2008)), and "reasonable inferences must also be drawn in the plaintiff's favor." *Perkins v. McDowell*, 6:10CV486, 2010 WL 5535812, at *2 (E.D. Tex. Dec. 16, 2010). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). "The 'issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.'" *OLA*, 661 F. Supp. 2d at 672 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)). Thus, "the dismissal standard is extraordinary, and one not to be taken lightly." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 793 (Fed. Cir. 2000); *see also IntelliGender, LLC v. Soriano*, 2:10-CV-125-TJW, 2011 WL 903342, at *14 (E.D. Tex. Mar. 15, 2011) ("motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted").

"Although [Canon] cites to *Bell Atl. Corp. v. Twombly*, 550U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) to suggest that a plaintiff must plead specific facts to support the elements of an indirect … infringement charge, the Federal Circuit recently considered the issue, albeit in the context of a pro se plaintiff, and rejected the argument that *Bell Atlantic* changed the pleading requirements of Rule 8(a) in patent infringement cases." *FotoMedia Technologies, LLC v. AOL, LLC*, CIV. A. 2:07CV255, 2008 WL 4135906, at *1 (E.D. Tex. Aug. 29, 2008) (citing *McZeal*, 501 F.3d 1354 at 1357). Rather, Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Atwater Partners of Texas*, 2011 WL 1004880 at *1.

Moreover, "[t]he Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss." *OLA*, 661 F. Supp. 2d at 671. Instead, to survive a motion to dismiss, a complaint merely needs to contain factual allegations which are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1940 (2009).

"[A] plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *McZeal*, 501 F.3d at 1357. "To impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." *Phonometrics*, 203 F.3d at 794. "It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n.10). Accordingly, a complaint for patent infringement "contain[s] enough detail to allow defendants to answer where it (1) names each individual defendant; (2) cites the patent that is allegedly infringed; (3) describes the means by which the defendants allegedly infringe; and (4) points to the specific sections of the patent law invoked." *PA Advisors, LLC v. Google Inc.*, CIVA 2:07-CV-480 DF, 2008 WL 4136426, at *6 (E.D. Tex. Aug. 8, 2008). Lack of additional factual

3

details is an improper ground for dismissal under Rule 12(b)(6), precisely because such details "is something to be determined through discovery." *McZeal*, 501 F.3d at 1358.[1]

As discussed below, Canon's Dismissal Motion should be denied because (a) the Complaint sufficiently pleads indirect infringement, (b) the Complaint sufficiently pleads infringement of the '078 patent, and (c) in the alternative, Lodsys should be granted leave to amend the Complaint.

A.      **The Complaint Sufficiently Pleads Indirect Infringement.**

Canon asserts that the allegations of indirect infringement should be dismissed because supposedly "Lodsys has not pled any facts whatsoever to support its indirect infringement claims, leaving Canon *utterly in the dark* as to the basis for those claims." Dismissal Motion at 5 (emphasis added). Tellingly, however, Canon has already filed an Answer denying the allegations of indirect infringement. *See* Answer at ¶¶ 16, 27. And Canon's denials are unequivocal. *See* Answer at ¶ 16 ("Canon denies each and every allegation in paragraph 16."); ¶ 27 ("Canon denies each and every allegation in paragraph 27."). If the allegations of indirect infringement truly failed to provide Canon with sufficient notice (and thereby "leaving Canon utterly in the dark"), then Canon would not have been able to unequivocally deny the allegations. Indeed, when responding to other unrelated allegations in the Complaint (which are not at issue in the Dismissal Motion), Canon's Answer states that it "lacks knowledge or information sufficient to form a belief." *Compare* Answer at ¶ 15 *with* Answer at ¶ 16. Accordingly, because the allegations of indirect infringement provide Canon with sufficient notice to respond, the Dismissal Motion should be denied.

Moreover, Canon is requesting that this Court place a higher burden on allegations of indirect infringement than Form 18 places on direct infringement. "[A]s explained in *Twombly*,

---

[1] The Court recently confirmed in *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, 6:09 CV 481, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010), that *Iqbal* did not alter the Federal Circuit's holding in *McZeal*. *See id.* at *3 ("to the extent that Defendants argue Form 18 is inadequate under *Twombly* and *Iqbal*, the Court rejects that argument").

4

a complaint does not require 'detailed factual allegations.'" *LML Patent Corp. v. Nat'l Bank of Daingerfield*, 2:09-CV-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (citing *Twombly*, 550 U.S. at 555). And this Court has specifically (and repeatedly) held that "neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *FotoMedia*, 2008 WL 4135906 at * 2; *see also Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*, 2:10-CV-90-TJW, 2011 WL 1004873, at *5 (E.D. Tex. Mar. 18, 2011) ("This Court has held that so long as a complaint complies with Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure, its claims for direct *and indirect* patent infringement will survive a motion to dismiss.") (emphasis added).

      Here, Canon asserts that the Complaint fails to sufficiently allege "what acts [Canon] has performed" or the "identity [of] the direct infringer." Dismissal Motion at 5. But Lodsys was not required to specifically allege facts detailing each element of indirect infringement. *See FotoMedia*, 2008 WL 4135906 at * 2. The Complaint is, however, sufficient to put Canon on notice. The Complaint contains individualized allegations for each named defendant (*see, e.g.*, Complaint at ¶¶ 16, 27); the Complaint describes the patents that have been infringed (*see, e.g.*, Complaint at ¶¶ 14, 25); the Complaint alleges how such infringement occurred (*see, e.g.*, Complaint at ¶ 16 ("Canon manufactures, uses, sells, imports, and/or offers to sell")); and the Complaint identifies an instrumentality alleged to be infringing (*see, e.g.*, Complaint at ¶ 16 ("infringing printers")). The identity of the direct infringers can be inferred from the Complaint, which would include Canon's intermediaries and/or clients. *See, e.g.*, *McArdle v. Mattel Inc.*, 456 F. Supp. 2d 769, 784 (E.D. Tex. 2006) ("alleged facts in the complaint, taken as a whole, permit an inference"). To survive a motion to dismiss, the Complaint does not need to specifically the identity of the direct infringers. *See, e.g.*, *Atwater Partners of Texas*, 2011 WL 1004880 at *3 (denying motion to dismiss, and rejecting defendant's assertion that the "complaint does not sufficiently plead indirect infringement because it does not indicate the identity of the requisite third-party direct infringers and the requisite mental states").

5

The Complaint's allegations plainly comply with the requirements of Form 18, and this Court has repeatedly and consistently held that allegations similar to those in the Complaint are sufficient to plead indirect infringement. *See, e.g.*, *LML Patent Corp.*, 2011 WL 1478517, at *2 ("the motion to dismiss for failure to state a claim of induced and contributory infringement is denied"); *Charles E. Hill & Associates, Inc. v. ABT Electronics, Inc.*, 2:09-CV-313-TJW-CE, 2010 WL 3749514, at *2 (E.D. Tex. Aug. 31, 2010) ("the motion to dismiss for failure to state a claim of indirect infringement should be denied"); *Traffic Info., LLC v. YAHOOA Inc.*, 2:09-CV-246-TJW-CE, 2010 WL 2545500, at *2-3 (E.D. Tex. Apr. 13, 2010) (finding sufficient allegations that "defendants 'infringe, contribute to infringement, and/or induce infringement of the '606 patent by making, using, selling, offering to sell and/or importing, and/or causing others to use' accused products and services"); *Tune Hunter Inc. v. Samsung Telecommunications Am., LLC*, CIV.A 209CV148TJW, 2010 WL 1409245, *4 (E.D. Tex. Apr. 1, 2010) ("Defendants argue that Tune Hunter failed properly to allege additional facts that are required to prove claims for inducing infringement, contributory infringement, 35 U.S.C. § 271(g), or 35 U.S.C. § 271(f). As outlined above, those additional facts are not required by *Iqbal*. ***Moreover, it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement***, or non-infringement as the case may be.") (emphasis added).

Because the Complaint sufficiently pleads indirect infringement, Canon's Dismissal Motion should be denied.

**B.      The Complaint Sufficiently Pleads Infringement of the '078 Patent.**

Canon asserts that "Lodsys'[s] description of the accused product that allegedly infringes the '078 patent … is far too vague to put Canon on ***notice***" and supposedly "Canon is ***left to guess*** what 'computer servers(s)' Lodsys may be referring to." Dismissal Motion at 6 (emphasis added).  But, as discussed above, Canon has already filed an Answer unequivocally denying the allegations of infringement of the '078 patent.  Obviously, if Canon had really been forced to simply "guess," then Canon would not have been able to unequivocally deny the allegations.

6

*Compare* Answer at ¶ 26 ("Canon lacks knowledge or information sufficient to form a belief") *with* Answer at ¶ 27 ("Canon denies each and every allegation in paragraph 27). Again, on that basis alone, the Dismissal Motion should be denied.

Moreover, to survive a motion to dismiss, the Complaint did not even need to identify a single product or service. For example, in *LML Patent Corp*., the defendant "argue[d] that the Amended Complaint is insufficient because it fails to identify a single product or service that Plaintiff accuses of infringing." 2011 WL 1478517, at *1. Although this Court "recognize[d] that the Plaintiff in [*LML Patent Corp.*] ha[d] not identified a single product or service by name in its Amended Complaint," this Court "conclude[d] that the pleading requirements set forth in *Twombly* and *Iqbal* do not require a patentee to identify specific products or services by name in the complaint." *Id.*; *see also Atwater Partners of Texas*, 2011 WL 1004880 at *3 ("As illustrated, the complaint actually names one example infringing product. By naming at least one product, the complaint pleads *more than* what is required under the law.") (emphasis added).

Here, the Complaint alleges more than required, because the Complaint alleges that "Canon makes, sells, offers to sell, and or/uses infringing computer servers(s)." Complaint at ¶ 27. The Complaint also alleges that those computer servers are used "to collect data." *Id*. And the Complaint expressly identifies several claims under the '078 patent that are infringed by Canon: "1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, 32, 40, 46, 47, 48, and 69." *Id*. Those averments comply with requirements of Form 18 and are sufficient at the pleading stage, as repeatedly exemplified by this Court having found similar allegations sufficient. *See, e.g.*, *LML Patent Corp.*, 2011 WL 1478517, at *2 ("That is, similar to the electric motor example provided in Form 18, the Amended Complaint identities the general category of accused product and services as 'payment services.' Accordingly, Plaintiffs' Amended Complaint contains enough detail to allow Defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion."); *Charles E. Hill & Associates*, 2010 WL 3749514, at *2 ("Similarly, [plaintiff]'s complaint describes the asserted patents and accuses 'electronic catalogs.' This level of detail is sufficient for the pleading stage. Additional details about the accused products will

7

be provided in the Local Rule 3-1 disclosures."); *Traffic Info*, 2010 WL 2545500, at *2 ("Similarly, [plaintiff]'s complaint states the title of the asserted patent, 'System For Providing Traffic Information,' and accuses 'traffic information systems and products and services.' This level of detail is sufficient for the pleading stage.").

Canon asserts that the Complaint fails to sufficiently allege "what kind of data the accused servers collect, and from where and whom they collect such data." Dismissal Motion at 6. But Lodsys was not required to specifically allege facts detailing each element of infringement. *See, e.g.*, *McZeal*, 501 F.3d at 1357 ("a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent"); *OLA*, 661 F. Supp. 2d at 671 ("a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss").

Relying on *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010), Canon also asserts that the "asserted patent claims are equally vague … and do not provide any helpful context." Dismissal Motion at 6. But in *Realtime*, the plaintiff failed to match the claims of the four patents to specific defendants and the "identification of accused instrumentalities [was not] specific as to particular defendants." 721 F. Supp. 2d at 543. In sharp contrast here, the Complaint identifies an accused instrumentality specific to Canon, and the Complaint alleges specific claims of a specific patent that are matched specifically to Canon. *See* Complaint at ¶ 27. Such allegations, in context and based on common sense and the wealth of information provided by the patent itself, are sufficient at this stage in the proceedings. *See, e.g.*, *Tune Hunter*, 2010 WL 1409245 at *4 ("Tune Hunter's complaint accuses 'music identification systems, devices, products, and/or components thereof,' which Defendants argue lacks sufficient specificity to give notice. In light of the technology at issue, the Court is of the opinion that Defendants have sufficient notice as to what they must defend."); *Clear with Computers*, 2010 WL 3155888 at *2 ("The Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense."); *WiAV Networks, LLC* 2009 WL 6048922 at *2 ("a complaint for patent

8

infringement, the patents themselves provide 'a wealth of information' to alleged infringers, thus making the pleading sufficient to state a claim for relief").

Because the Complaint sufficiently pleads infringement of the '078 patent, Canon's Dismissal Motion should be denied.

### C. Lodsys Should Be Granted Leave to Amend the Complaint.

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Reyes v. Nationwide Prop. & Cas. Ins. Co.*, CIV. H-11-0881, 2011 WL 1467751, at *2 (S.D. Tex. Apr. 18, 2011) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002)). If the Court finds that the Complaint here is insufficient, and grants Canon's Dismissal Motion, Lodsys respectfully requests leave to file an amended complaint.

### III. CONCLUSION

The Complaint sufficiently pleads both indirect infringement and infringement of the '078 patent. For all of the above reasons, Canon's Dismissal Motion should be denied. In the alternative, Lodsys should be granted leave to amend.

Dated: May 2, 2011                                    Respectfully Submitted,

By:    /s/ William E. "Bo" Davis, III
       William E. "Bo" Davis, III
       Texas State Bar No. 24047416
       **THE DAVIS FIRM, PC**
       111 West Tyler Street
       Longview, Texas 75601
       Telephone: (903) 230-9090
       Facsimile: (903) 230-9661
       Email: bdavis@bdavisfirm.com

       Michael A. Goldfarb
       (admitted *pro hac vice*)
       Christopher M. Huck
       (admitted *pro hac vice*)
       **KELLEY, DONION, GILL,**
       **HUCK & GOLDFARB, PLLC**

        701 Fifth Avenue, Suite 6800
        Seattle, Washington 98104
        Telephone:  (206) 452-0260
        Facsimile:  (206) 397-3062
        Email: goldfarb@kdg-law.com
           huck@kdg-law.com

**ATTORNEYS FOR PLAINTIFF LODSYS, LLC**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 2nd day of May 2011.


By: /s/ William E. "Bo" Davis, III
William E. "Bo" Davis, III