UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LODSYS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>BROTHER INTERNATIONAL CORPORATION, et al.,<br><br>  Defendants. | CIVIL ACTION NO. 2:11-CV-90-TJW |

**LEXMARK INTERNATIONAL, INC.'S REPLY TO LODSYS'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Defendant Lexmark International, Inc. ("Lexmark") respectfully submits this reply to Plaintiff Lodsys, LLC's ("Lodsys") Response in Opposition to Lexmark's Motion to Dismiss. Doc. No. 72. Plaintiff's complaint fails to plead indirect and willful patent infringement in conformance with the Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009). As a result, Defendant's Motion to Dismiss (Doc. No. 72) should be granted.

**ARGUMENT**

Though a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," the Supreme Court has required plaintiffs present more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). The requirement that a court take all facts within a plaintiff's complaint as true when evaluating a defendant's motion to dismiss does not apply to the legal assertions

those facts support. *Iqbal*, 129 S.Ct. at 1949-50.  As a result, such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  Facts must give substance to skeletal recitals of legal claim elements, which standing alone will not survive a motion to dismiss. *Id.* ("A pleading that offers ... 'a formulatic recitation of the elements of a cause of action will not do.") (quoting, in part, *Twombly*, 550 U.S. at 555).  Without this substance, a complaint is simply a set of "naked assertions." *Twombly*, 550 U.S. at 557.  Sufficient substantive facts yield legal claims with "facial plausibility," which "allow[] a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  Plaintiff Lodsys's complaint fails to adequately describe the elements of its legal claims for indirect and willful infringement.  Even if Lodsys builds a skeletal framework of its legal claims, it does not add sufficient factual flesh to meet facial plausibility and give life to a functional civil complaint.

### 1. Plaintiff Fails to Plead Indirect Infringement

Plaintiff's pleadings do not state a claim for indirect infringement.  Lodsys accuses Lexmark of infringing "indirectly, ... contributorily and/or through the inducement of others" claims of the '565 and '078 patents. Doc. No. 1 ¶¶ 19, 31.  This statement, standing alone, is a mere "naked assertion," a legal conclusion a court will not take as true in evaluating a motion to dismiss.  And even with this assertion, Lodsys does not sufficiently state its indirect infringement claim.  "Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed.Cir.2004).  Because a court cannot draw a reasonable

inference that the Defendant is liable without mention of a direct infringer, Plaintiff's indirect infringement claims fall short of facial plausibility. Lodsys has failed to set forth its claim, and therefore this Court should dismiss Plaintiff's indirect infringement claims.

Even had Lodsys sufficiently presented its indirect infringement claims, it does not provide substantive facts to support those claims. Though Lodsys does provide facts relating to accused products, identifying them by model name or generic product category, it does not provide any factual basis for its indirect infringement claims. Lodsys does not indicate who the necessary third-party direct infringer is, or even that this third-party may exist. As a result, this Court should dismiss Plaintiff's indirect infringement claims.

### 2. **Plaintiff Fails to Plead Willful Infringement**

Plaintiff's pleadings do not state a claim for willful infringement. For both the '565 and '078 patent infringement claims, Plaintiff groups the disparate Defendants, who each have their own unique set of facts, together and states, "Defendants' infringement is willful and deliberate ..." Doc. No. 1 ¶¶ 24, 36. Again, Lodsys fails to adequately describe the legal claim under which it seeks relief. Willful infringement requires (1) the defendant "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and (2) "this objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer." *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Because a court cannot draw a reasonable inference that the Defendant is liable without mention of these elements, Plaintiff's willful infringement claims fall short of facial plausibility. Lodsys has failed to set forth its claim, and therefore this Court should dismiss Plaintiff's willful infringement claims.

Even had Lodsys sufficiently presented its willful infringement claims, it does not provide substantive facts to support those claims. Lodsys does not provide any factual basis for

3

Lexmark's alleged prior knowledge of the patents-in-suit.[1]  Moreover, Lodsys does not plead sufficient facts to support either objective or subjective recklessness.  As a result, this Court should dismiss Plaintiff's willful infringement claims.

## CONCLUSION

Because Plaintiff fails to meet the minimum requirements for pleading a complaint under the Supreme Court's formulation of Rule 8(a)(1), this Court should dismiss Lodsys's indirect and willful infringement claims.

|  |  |
|---|---|
|  | Respectfully submitted<br>**LEXMARK INTERNATIONAL, INC.**<br>By its attorneys, |
| Dated:  May 12, 2011 | _/s/ Eugene A. Feher_<br>Michael Charles Smith<br>Texas State Bar No. 18650410<br>Email: michaelsmith@siebman.com<br>**SIEBMAN REYNOLDS BURG<br>  PHILLIPS & SMITH LLP**<br>113 East Austin St.<br>P.O. Box 1556<br>Marshall, TX 75671<br>Telephone: (903) 938-8900<br>Fax: (972) 767-4620<br><br>Paul J. Hayes (MA Bar No. 227000)<br>phayes@hbcllc.com<br>Eugene A. Feher (MA Bar No. 550762)<br>gfeher@hbcllc.com<br>James C. Hall (MA Bar No. 656019)<br>jhall@hbcllc.com<br>**HAYES BOSTOCK & CRONIN LLC**<br>300 Brickstone Square, 9th Floor<br>Andover, MA 01810<br>Telephone: (978) 809-3850<br>Fax: (978) 809-3869 |

---

[1] Plaintiff may plead some limited factual basis regarding knowledge, albeit in an unconventional manner.  In its Prayer for Relief, Plaintiff appears to allege knowledge of the patents "from the time that defendants became aware of the infringing nature of their respective products and services, which is the time of filing of Lodsys' complaint at the latest." Doc. No. 1, ¶ c.  This, however, falls far short of detailing the required legal elements for willful infringement, described *supra*.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this the 12th day of May, 2011. Any other counsel of record will be served by facsimile transmission and/or first class mail.

*/s/ Eugene A. Feher*
Eugene A. Feher