IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LODSYS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BROTHER INTERNATIONAL CORPORATION; <br> CANON U.S.A., INC.; <br> HEWLETT-PACKARD COMPANY; <br> HULU, LLC; <br> LENOVO (UNITED STATES) INC.; <br> LEXMARK INTERNATIONAL, INC.; <br> MOTOROLA MOBILITY, INC.; <br> NOVELL, INC; <br> SAMSUNG ELECTRONICS CO., LTD.; <br> SAMSUNG ELECTRONICS AMERICA, INC.; <br> SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; <br> TREND MICRO INCORPORATED, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:11-CV-90-TJW |

### PLAINTIFF LODSYS, LLC'S SURREPLY TO DEFENDANT CANON U.S.A., INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL UNDER RULE 12(B)(6)

Plaintiff Lodsys, LLC ("Lodsys") respectfully submits this brief surreply in response to Defendant Canon U.S.A., Inc.'s Reply In Support Of Its Motion For Partial Dismissal Under Rule 12(b)(6) [dkt. no. 86] (the "Reply").

**A.  The Complaint Plainly Provids Sufficient Notice.**

Defendant Canon U.S.A., Inc. ("Canon") asserts that "there is nothing inconsistent about denying Lodsys'[s] infringement allegations while simultaneously moving for partial summary judgment." Reply at 4. But Canon's assertion misses the mark. The issue is not whether moving to dismiss and simultaneously filing an answer is "inconsistent;" rather, the issue is whether the Complaint provids Canon with sufficient notice. *See McZeal v. Sprint Nextel Corp.*,

501 F.3d 1354, 1357 (Fed. Cir. 2007) ("a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend"); *see also PA Advisors, LLC v. Google Inc.*, CIVA 2:07-CV-480 DF, 2008 WL 4136426, at *6 (E.D. Tex. Aug. 8, 2008) (complaint for patent infringement "contain[s] enough detail to allow defendants to answer where it (1) names each individual defendant; (2) cites the patent that is allegedly infringed; (3) describes the means by which the defendants allegedly infringe; and (4) points to the specific sections of the patent law invoked").

Here, the Complaint plainly provided Canon sufficient notice to respond, because Canon *did* already file an Answer unequivocally denying the two (and only two) allegations Canon challenges in its Dismissal Motion. *See* Answer at ¶ 16 ("Canon denies each and every allegation in paragraph 16."); ¶ 27 ("Canon denies each and every allegation in paragraph 27."). And Canon ignores that its unequivocal denials are substantively different than its denials of other unrelated allegations in the Complaint, which are not at issue in the Dismissal Motion. *See* Answer at ¶ 15 ("Canon lacks knowledge or information sufficient to form a belief"); ¶ 26 ("Canon lacks knowledge or information sufficient to form a belief").

**B.      The Indirect Infringement Allegations Are Sufficient.**

Canon asserts that Lodsys supposedly fails to sufficiently plead indirect infringement, because "Canon is left to wonder what, if anything, it has done that gives rise to Lodsys'[s] indirect infringement claims, and who the direct infringer is, if not Canon." Reply at 5." But Canon ignores that, to survive a motion to dismiss, the Complaint does not need to specifically plead the identity of the direct infringers. *See Atwater Partners of Texas LLC v. AT & T, Inc.*, 2:10-CV-175-TJW, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) (rejecting defendant's assertion that the "complaint does not sufficiently plead indirect infringement because it does not indicate the identity of the requisite third-party direct infringers and the requisite mental states").[1]

---

[1] Canon also asserts that "intermediaries and/or clients" is allegedly "a vague and meaningless identification." Reply at 5 n.2. But the "alleged facts in the [C]omplaint, taken as a whole,

2

Moreover, Canon ignores — and makes no attempt to distinguish — the several cases wherein this Court has found allegations similar to those in the Complaint sufficient to plead indirect infringement. *See LML Patent Corp. v. Nat'l Bank of Daingerfield*, 2:09-CV-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011); *Charles E. Hill & Associates, Inc. v. ABT Electronics, Inc.*, 2:09-CV-313-TJW-CE, 2010 WL 3749514, at *2 (E.D. Tex. Aug. 31, 2010); *Traffic Info., LLC v. YAHOOA Inc.*, 2:09-CV-246-TJW-CE, 2010 WL 2545500, at *2-3 (E.D. Tex. Apr. 13, 2010); *Tune Hunter Inc. v. Samsung Telecommunications Am.*, LLC, CIV.A 209CV148TJW, 2010 WL 1409245, *4 (E.D. Tex. Apr. 1, 2010).

### C. The '078 Patent Infringement Allegations Are Sufficient.

Canon asserts that Lodsys supposedly fails to sufficiently plead infringement of the '078 Patent, because the "class of devices" (*i.e.*, "computer servers(s)") is allegedly too "abstract." Reply at 6. But Canon ignores that, to survive a motion to dismiss, the Complaint did not even need to identify a single product or service. *See LML Patent Corp.*, 2011 WL 1478517, at *1 ("the pleading requirements set forth in *Twombly* and *Iqbal* do not require a patentee to identify specific products or services by name in the complaint"); *Atwater Partners of Texas*, 2011 WL 1004880 at *3 ("By naming at least one product, the complaint pleads more than what is required under the law.").

Moreover, Canon ignores — and makes no attempt to distinguish — the several cases wherein this Court has found allegations similar to those in the Complaint sufficient to plead an accused instrumentality. *See Charles E. Hill & Associates*, 2010 WL 3749514, at *2; *Traffic Info*, 2010 WL 2545500, at *2; *Tune Hunter*, 2010 WL 1409245, at *4; *see also Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, 6:09 CV 481, 2010 WL 3155888, at *2 (E.D. Tex.

---

permit an inference" (*McArdle v. Mattel Inc.*, 456 F. Supp. 2d 769, 784 (E.D. Tex. 2006)) that is sufficient at this stage in the proceedings. *See Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*, 2:10-CV-90-TJW, 2011 WL 1004873, at *5 (E.D. Tex. Mar. 18, 2011) ("This Court has held that so long as a complaint complies with Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure, its claims for direct and indirect patent infringement will survive a motion to dismiss.").

Mar. 29, 2010); *WiAV Networks, LLC v. 3com Corp.*, CIV.A. 5:09-CV-101DF, 2009 WL 6048922, at *2 (E.D. Tex. Dec. 15, 2009).

* * * * *

Because the Complaint sufficiently pleads indirect infringement and infringement of the '078 Patent, Canon's Dismissal Motion should be denied. In the alternative, Lodsys should be granted leave to amend.

Dated: May 23, 2011.                              Respectfully Submitted,

By:   /s/ Christopher M. Huck
      Michael A. Goldfarb
      (admitted *pro hac vice*)
      Christopher M. Huck
      (admitted *pro hac vice*)
      KELLEY, DONION, GILL,
      HUCK & GOLDFARB, PLLC
      701 Fifth Avenue, Suite 6800
      Seattle, Washington 98104
      Phone: (206) 452-0260
      Fax: (206) 397-3062
      Email: goldfarb@kdg-law.com
             huck@kdg-law.com

      William E. "Bo" Davis, III
      Texas State Bar No. 24047416
      THE DAVIS FIRM, PC
      111 West Tyler Street
      Longview, Texas 75601
      Phone: (903) 230-9090
      Fax: (903) 230-9090
      Email: bdavis@bdavisfirm.com

      **Attorneys for Plaintiff Lodsys, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 6th day of May 2011.

By:   /s/ Christopher M. Huck
Christopher M. Huck