**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| LODSYS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-90-TJW |
| | § | |
| BROTHER INTERNATIONAL | § | |
| CORPORATION; | § | |
| CANON U.S.A., INC.; | § | |
| HEWLETT-PACKARD COMPANY; | § | |
| HULU, LLC; | § | |
| LENOVO (UNITED STATES) INC.; | § | |
| LEXMARK INTERNATIONAL, INC.; | § | |
| MOTOROLA MOBILITY, INC.; | § | |
| NOVELL, INC; | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| SAMSUNG ELECTRONICS | § | |
| AMERICA, INC.; | § | |
| SAMSUNG TELECOMMUNICATIONS | § | |
| AMERICA, LLC; | § | |
| TREND MICRO INCORPORATED, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF LODSYS, LLC'S SURREPLY TO**
**DEFENDANT LEXMARK INTERNATIONAL'S REPLY TO**
**LODSYS'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff Lodsys, LLC ("Lodsys") respectfully submits this brief surreply in response to Defendant Lexmark International's Reply To Lodsys's Response In Opposition To Motion To Dismiss [dkt. no. 87] (the "Reply").

**A.     The Indirect Infringement Allegations Are Sufficient.**

Defendant Lexmark International, Inc. ("Lexmark") asserts that Lodsys supposedly fails to sufficiently plead indirect infringement, "[b]ecause a court cannot draw a reasonable inference that the Defendant is liable without mention of a direct infringer."  Reply at 2-3.  But Lexmark ignores that "neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement."

*FotoMedia Technologies, LLC v. AOL, LLC*, CIV. A. 2:07CV255, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008).

Lexmark ignores that, to survive a motion to dismiss, the Complaint does not need to specifically plead the identity of the direct infringers. *See Atwater Partners of Texas LLC v. AT & T, Inc.*, 2:10-CV-175-TJW, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) (rejecting defendant's assertion that the "complaint does not sufficiently plead indirect infringement because it does not indicate the identity of the requisite third-party direct infringers and the requisite mental states").

Lexmark also ignores that the identity of the direct infringers (including Lexmark's intermediaries and/or clients) can be inferred from the other allegations in the Complaint. *See McArdle v. Mattel Inc.*, 456 F. Supp. 2d 769, 784 (E.D. Tex. 2006) ("alleged facts in the complaint, taken as a whole, permit an inference"); *see also Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*, 2:10-CV-90-TJW, 2011 WL 1004873, at *5 (E.D. Tex. Mar. 18, 2011) ("This Court has held that so long as a complaint complies with Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure, its claims for direct and indirect patent infringement will survive a motion to dismiss.").

Finally, Lexmark ignores — and makes no attempt to distinguish — the several cases wherein this Court has found allegations similar to those in the Complaint sufficient to plead indirect infringement. *See LML Patent Corp. v. Nat'l Bank of Daingerfield*, 2:09-CV-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011); *Charles E. Hill & Associates, Inc. v. ABT Electronics, Inc.*, 2:09-CV-313-TJW-CE, 2010 WL 3749514, at *2 (E.D. Tex. Aug. 31, 2010); *Traffic Info., LLC v. YAHOOA Inc.*, 2:09-CV-246-TJW-CE, 2010 WL 2545500, at *2-3 (E.D. Tex. Apr. 13, 2010); *Tune Hunter Inc. v. Samsung Telecommunications Am.*, LLC, CIV.A 209CV148TJW, 2010 WL 1409245, *4 (E.D. Tex. Apr. 1, 2010).

**B.    The Willful Infringement Allegations Are Sufficient.**

Lexmark asserts that Lodsys supposedly fails to sufficiently plead willful infringement, "[b]ecause a court cannot draw a reasonable inference that the Defendant is liable without

mention of [two] elements." Reply at 3. But Lexmark ignores that, to survive a motion to dismiss, the Complaint does not need to detail how Lexmark willfully infringed Lodsys's patents. *See FotoMedia*, 2008 WL 4135906 at *2 ("level of detail provided by [plaintiff] in its allegations of indirect infringement are similar to those approved by Form [18], the Federal Circuit, and the courts in this district" and the "same is true for the allegations of willful infringement").

Moreover, Lexmark admits that Lodsys does plead "some limited factual basis regarding knowledge." Reply at 4 n.1. And Lexmark ignores — and makes no attempt to distinguish — the several cases wherein courts (including this Court in *FotoMedia*) have found allegations similar to those in the Complaint sufficient to plead willful infringement. *See S.O.I.TEC Silicon On Insulator Technologies, S.A. v. MEMC Elec. Materials, Inc.*, CIV. 08-292-SLR, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009); *Rambus, Inc. v. Nvidia Corp.*, C 08-3343 SI, 2008 WL 4911165, *2 (N.D. Cal. Nov. 13, 2008); *Multi-Tech Sys., Inc. v. Dialpad.com, Inc.*, CIV. 00-1540 ADMRLE, 2001 WL 34624004, at *2 (D. Minn. Aug. 28, 2001).

\* \* \* \* \*

Because the Complaint sufficiently pleads indirect infringement and willful infringement, Lexmark's Dismissal Motion should be denied. In the alternative, Lodsys should be granted leave to amend.

Dated: May 23, 2011.                         Respectfully Submitted,

By:   /s/ Christopher M. Huck
      Michael A. Goldfarb
      (admitted *pro hac vice*)
      Christopher M. Huck
      (admitted *pro hac vice*)
      KELLEY, DONION, GILL,
      HUCK & GOLDFARB, PLLC
      701 Fifth Avenue, Suite 6800
      Seattle, Washington 98104
      Phone: (206) 452-0260
      Fax: (206) 397-3062
      Email: goldfarb@kdg-law.com
             huck@kdg-law.com

William E. "Bo" Davis, III
Texas State Bar No. 24047416
THE DAVIS FIRM, PC
111 West Tyler Street
Longview, Texas 75601
Phone:  (903) 230-9090
Fax:  (903) 230-9090
Email:  bdavis@bdavisfirm.com

**Attorneys for Plaintiff Lodsys, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 6th day of May 2011.

By:    /s/ Christopher M. Huck
       Christopher M. Huck