**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LODSYS, LLC, <br><br>     Plaintiff, <br><br>     v. <br><br> BROTHER INTERNATIONAL CORPORATION; CANON U.S.A., INC.; HEWLETT-PACKARD COMPANY; HULU, LLC; LENOVO (UNITED STATES) INC.; LEXMARK INTERNATIONAL, INC.; MOTOROLA MOBILITY, INC.; NOVELL, INC; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; TREND MICRO INCORPORATED, <br><br>     Defendants. | CIVIL ACTION NO. 2:11-CV-90 <br><br> JURY TRIAL DEMANDED |

**SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC., AND
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S
<u>MOTION TO DISMISS</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Samsung Electronics

Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC

(collectively, "Samsung") move to dismiss Plaintiff Lodsys LLC's ("Lodsys's") claims of

indirect and willful infringement for failure to satisfy the pleading requirements of Federal Rule

of Civil Procedure 8(a)(2).

**I.     INTRODUCTION**

Lodsys filed this action on February 11, 2011, asserting infringement of three patents. As

relevant to this motion, the Complaint alleges that numerous defendants, including Samsung,

have infringed these patents "contributorily, and/or through the inducement of others" and that

such infringement is "willful and deliberate." Lodsys has not, however, pleaded any factual

allegations in support of these claims for indirect and willful infringement. This deficiency

renders these claims inadequately pleaded under Rule 8. The claims of indirect infringement are

inadequate, for example, because Lodsys has failed to make any allegations relating to the

requisite knowledge and intent of Samsung or to direct infringement by others. The claims of

willful infringement are inadequate, for example, because Lodsys has failed to allege that

Samsung had knowledge of the asserted patents or that its conduct with respect to the asserted

patents was objectively reckless. Lodsys's failure to provide any supporting allegations requires

dismissal of these claims.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), Lodsys's Complaint must contain

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 547 (2007). "Factual allegations must be enough to raise a right to relief above the

speculative level." *Id.* at 555. "[C]onclusory allegations or legal conclusions masquerading as

factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied*

*Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Although the Federal Rules of Civil Procedure embrace a non-rigorous pleading standard,

a plaintiff must nevertheless "plead facts sufficient to place the alleged infringer on notice as to

what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)

(applying Fifth Circuit law). Indeed, *Twombly* explicitly rejected the notion "that the Federal

Rules somehow dispensed with the pleading of facts altogether," and confirmed that Rule 8(a)(2)

still requires a plaintiff to give "'fair notice' of the nature of the claim" and the "'grounds' on

which the claim rests." *Twombly*, 550 U.S. at 556 n.3.

**III.    DISCUSSION**

**A.    The Complaint Does Not Adequately Plead Indirect Infringement**

Lodsys has not pleaded sufficient facts to support its allegations that Samsung indirectly

infringes the asserted patents.

The only allegations relating to Samsung's purported infringement are found in

paragraphs 22, 34, and 38 of the Complaint. These paragraphs recite that Samsung "has infringed

and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents,

contributorily, and/or through the inducement of others":

> 22.  Defendant Samsung has infringed and continues to infringe,
> directly, indirectly, literally, under the doctrine of equivalents,
> contributorily, and/or through the inducement of others, one or
> more of the claims of the '565 patent. Samsung manufactures, uses,
> sells, imports, and/or offers to sell infringing printers and other
> products, including but not limited to the Samsung CLX-3175FW,
> Samsung ML-3471ND, Samsung CLP-315, and other Samsung
> printers with Samsung Universal Printer Driver, which infringe at
> least claims 1, 3, 4, 15, 22, and 30 of the '565 patent under 35
> U.S.C. § 271.

> 34.  Defendant Samsung has infringed and continues to infringe,
> directly, indirectly, literally, under the doctrine of equivalents,
> contributorily, and/or through the inducement of others, one or
> more of the claims of the '078 patent. Samsung manufactures, uses,
> sells, imports, and/or offers to sell infringing cell phones and other
> products, including but not limited to the Samsung Galaxy S and
> other Samsung cell phones with Samsung Media Hub, and
> infringing computer server(s) to collect data, which infringe at
> least claims 1, 2, 3, 4, 5, 7, 13, 16, 22, 24, 30, 31, and 69 of
> the '078 patent under 35 U.S.C. § 271.

> 38.  Defendant Samsung has infringed and continues to infringe,
> directly, indirectly, literally, under the doctrine of equivalents,
> contributorily, and/or through the inducement of others, one or
> more of the claims of the '908 patent. Samsung makes, sells, offers
> to sell, and/or uses infringing website surveys, including but not
> limited to surveys on www.samsung.com and other Samsung
> websites, which infringe at least claim 37 of the '908 patent under
> 35 U.S.C. § 271.

Notably, these paragraphs do attempt to provide additional allegations supporting Lodsys's

claims of direct infringement. For example, they identify an allegedly infringing product made,

used, or sold by Samsung. They also identify one or more claims that are implicated by the

allegedly infringing product. Neither these paragraphs nor the remainder of the Complaint,

however, provide any additional allegations in support of Lodsys's claim that Samsung indirectly

infringes the asserted patents. As a result, the Complaint does not state a claim for indirect

infringement.

Liability for indirect infringement requires, among other things, direct infringement by

someone other than the defendant. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d

1263, 1272 (Fed. Cir. 2004) ("Indirect infringement . . . can only arise in the presence of direct

infringement, though the direct infringer is typically someone other than the defendant accused

of indirect infringement."). The allegations in Lodsys's Complaint, however, do not reference

any such direct infringement by others. The Complaint states only the legal conclusions that

Samsung "has infringed . . . contributorily[] and/or through the inducement of others." Notably,

the Complaint does not allege that others directly infringe the asserted patents and that Samsung

somehow contributes to or induces that infringement.

Even if the Complaint did allege direct infringement by others, however, it would still be

insufficient because it does not contain allegations addressing any of the other requirements for

pleading an indirect-infringement claim. Although this Court has held that "neither [Form 18]

nor the holdings from the Federal Circuit require the pleading of each individual element of a

claim for indirect infringement," *LML Patent Corp. v. National Bank of Daingerfield*, No. 2:09-

CV-180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011) (citation and internal

quotation marks omitted), it is well-established that the Complaint must nevertheless "plead[]

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550

U.S. at 556)."

Judge Davis has observed that *some* facts relating to indirect infringement must be

pleaded. *See Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 539-40 (E.D. Tex.

2010) ("While the Court has required that a plaintiff identify a direct infringer and identify which

methods or systems indirectly infringe the patent-in-suit, the Court examines the context of the

complaint to determine whether specific claims must be identified as indirectly infringed.");

*accord Weyer v. MySpace, Inc.*, No. 2:10-cv-499, slip op. at 6 (C.D. Cal. Jun. 17, 2010) (noting

that plaintiff's failure to allege any facts other than in relation to direct infringement required

dismissal of plaintiff's indirect infringement claim) (attached as Ex. A). Knowledge of

infringement and the absence of a substantial non-infringing use for the accused products are

necessary to demonstrate contributory infringement. Specific intent to encourage another's

infringement is necessary to demonstrate induced infringement. Because Lodsys's Complaint

fails to allege any such facts in support of its indirect-infringement claims, those claims must be

dismissed under Rule 12(b)(6).

B.      **The Complaint Does Not Adequately Plead Willful Infringement**

Lodsys has not pleaded sufficient facts to support its allegations that Samsung is liable

for willful infringement.

This Court has recognized "that under ordinary circumstances, willfulness will largely

depend on an infringer's pre-litigation conduct." *Realtime Data*, 721 F. Supp. 2d at 545 (citing *In

re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007)). Because "a patentee must have a

good faith basis for alleging willful infringement" when the complaint is filed, *id.*, "a willfulness

claim asserted in the original complaint must necessarily be grounded exclusively in the accused

infringer's pre-filing conduct." *Seagate*, 497 F.3d at 1374. Such conduct, to be liable for willful

infringement, requires objectively reckless behavior or circumstances and subjective knowledge

or obviousness of the risk. *See id.* at 1371.

Lodsys alleges, for each of the asserted patents, only that "Defendants' infringement is

willful and deliberate, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to

attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285." Complaint

¶¶ 24, 36, 40. This boilerplate assertion is not sufficient to state a claim for willful infringement

under Rule 8. *See Realtime Data*, 721 F. Supp. 2d at 545 ("In discussing the good faith basis for

a willfulness claim, the Federal Circuit specifically requires that a patentee meet the

requirements of Federal Rules 8(a) and 11(b) at the time the original complaint is filed.")

(citation omitted).

Lodsys's Complaint does not even allege the legal elements of willful infringement,

much less plead any facts that support them. There are no allegations relating to purportedly

reckless conduct, nor are there allegations regarding knowledge of the asserted patents prior to

the filing of this lawsuit. As a result, the Complaint fails to allege "enough facts to state a claim

to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. Absent such factual allegations,

no reasonable inference regarding willfulness can be made, and the Complaint should therefore

be dismissed. *See*, *e.g.*, *Realtime Data*, 721 F. Supp. 2d at 545 (finding willful-infringement

claim "to lack a factual basis indicating that Realtime is entitled to relief" and dismissing that

claim); *see also Wyeth v. Ranbaxy Labs. Ltd.*, 448 F. Supp. 2d 607, 612 (D.N.J. 2006) (granting

motion to dismiss where the complaint alleged conclusorily that "infringement has been, and

continues to be, willful and deliberate").

## IV.    CONCLUSION

For the foregoing reasons, Samsung respectfully requests that Lodsys's claims of indirect

and willful infringement be dismissed.


Respectfully submitted, this 24 day of May, 2011.


Respectfully submitted,

/s/ *Melissa Richards Smith*
Melissa Richards Smith (Tex. Bar #24001351)
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 (facsimile)
melissa@gillamsmithlaw.com

Richard L. Rainey*
Paul J. Berman*
R. Jason Fowler*
COVINGTON & BURLING L.L.P.
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 662-6110
rrainey@cov.com
pberman@cov.com
jfowler@cov.com

*pending *Pro Hac Vice* admission

*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsumg Telecommunications America, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2011, I electronically filed the foregoing Motion to Dismiss for Samsung Defendants with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to attorneys on record.

/s/ *Melissa Richards Smith*
Melissa Richards Smith

*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsumg Telecommunications America, LLC*