IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LODSYS, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>BROTHER INTERNATIONAL CORPORATION; CANON U.S.A., INC.; HEWLETT-PACKARD COMPANY; HULU, LLC; LENOVO (UNITED STATES) INC.; LEXMARK INTERNATIONAL, INC.; MOTOROLA MOBILITY, INC.; NOVELL, INC; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; TREND MICRO INCORPORATED,<br><br>　　Defendants. | CIVIL ACTION NO. 2:11-CV-90<br><br>JURY TRIAL DEMANDED |

**SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC., AND
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S
<u>REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") respectfully submit this Reply in support of their Motion to Dismiss Plaintiff Lodsys LLC's ("Lodsys's") claims of indirect and willful infringement.

I.  DISCUSSION

   A.  **The Complaint Does Not Adequately Plead Indirect Infringement**

Lodsys asserts that Samsung's motion to dismiss is based on a failure to plead every element of indirect infringement. *See*, *e.g.*, Lodsys Resp. at 4. This is not the case. As Samsung acknowledged in its motion to dismiss, this Court has held that "neither [Form 18] nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." Samsung Mot. to Dismiss at 4-5 (citing *LML Patent Corp. v. National Bank of Daingerfield*, No. 2:09-CV-180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011)).[1] Samsung's position—which Lodsys has yet to substantively address—is that the Complaint must be dismissed because it fails to "plead[] factual content that allows the court to draw the reasonable inference that" Samsung indirectly infringes the asserted patents. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Complaint contains no allegations of fact supporting Lodsys's claims of indirect infringement, much less sufficient allegations of fact to demonstrate that those claims have "facial plausibility." *Id.* Rather, Lodsys conclusorily alleges only that Samsung "has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others." Complaint ¶¶ 22, 34, 38. This is not sufficient to plead indirect infringement.

---

[1]  Consequently, Lodsys's contention that "Samsung is requesting that this Court place a higher burden on allegations of indirect infringement than Form 18 places on direct infringement," Lodsys Resp. at 4, is a red herring.

Critically, there is no allegation in Lodsys's Complaint of direct infringement by others, much less the identity of the alleged direct infringers. This alone renders Lodsys's Complaint inadequate. *See Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 539-40 (E.D. Tex. 2010) ("While the Court has required that a plaintiff *identify a direct infringer* and identify which methods or systems indirectly infringe the patent-in-suit, the Court examines the context of the complaint to determine whether specific claims must be identified as indirectly infringed.") (emphasis added); *see also Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement . . . can only arise in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement.").

Lodsys's Complaint also fails to allege any other facts that would support its claims of indirect infringement. For example, Lodsys fails to allege knowledge of infringement or the absence of a substantial non-infringing use for the accused products, which are necessary to demonstrate contributory infringement. Lodsys also fails to allege specific intent to encourage another's infringement, which is necessary to demonstrate induced infringement.

As noted above, the precedent of this Court does not require Lodsys to plead the elements of indirect infringement. Lodsys must, however, provide sufficient allegations of fact to permit the Court to infer that its claims of indirect infringement have "facial plausibility." *Iqbal*, 129 S. Ct. at 1949. Lodsys's Complaint does not allege any such facts, and as a result, its claims of indirect infringement should be dismissed.

**B.     The Complaint Does Not Adequately Plead Willful Infringement**

Lodsys's Complaint contains one conclusory sentence regarding willful infringement for each of the asserted patents: "Defendants' infringement is willful and deliberate, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in

prosecuting this action under 35 U.S.C. § 285." Complaint ¶¶ 24, 36, 40. This boilerplate assertion, which does not even identify Samsung by name, is not sufficient to state a claim for willful infringement under Rule 8. *Cf. Realtime Data*, 721 F. Supp. 2d at 545 ("In discussing the good faith basis for a willfulness claim, the Federal Circuit specifically requires that a patentee meet the requirements of Federal Rules 8(a) and 11(b) at the time the original complaint is filed.") (citation omitted).

As explained in Samsung's motion to dismiss, Lodsys's Complaint does not contain any factual allegations in support of its claims that the asserted patents have been willfully infringed. For example, Lodsys's Complaint does not contain any allegations regarding purportedly reckless conduct or of knowledge of the asserted patents prior to the filing of this lawsuit. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (discussing conduct that gives rise to willful infringement). Without any allegations demonstrating that the alleged infringement was willful, the Complaint is not sufficient to permit the Court to infer that Lodsys's claims have "facial plausibility." *Iqbal*, 129 S. Ct. at 1949. As a result, Lodsys's claims of willful infringement should be dismissed.

## II. CONCLUSION

Samsung respectfully requests that its Motion to Dismiss Lodsys's claims of indirect and willful infringement be granted.

Respectfully submitted, this 20 day of June, 2011.

                                                       Respectfully submitted,

                                                       */s/ Melissa Smith*
                                                       Melissa Smith (Tex. Bar #24001351)
                                                       GILLAM & SMITH LLP

303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 (fax)
melissa@gillamsmithlaw.com

Richard L. Rainey*
Paul J. Berman*
R. Jason Fowler*
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 662-6110
rrainey@cov.com
pberman@cov.com
jfowler@cov.com

*admitted *Pro Hac Vice*

*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2011, I electronically filed the foregoing Reply in Support of Motion to Dismiss for the Samsung Defendants with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to attorneys on record.

/s/ *Melissa Smith*
Melissa Smith

*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC*

5