IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LODSYS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:11-CV-90-TJW |
| BROTHER INTERNATIONAL CORPORATION; CANON U.S.A., INC.; HEWLETT-PACKARD COMPANY; HULU, LLC; LENOVO (UNITED STATES) INC.; LEXMARK INTERNATIONAL, INC.; MOTOROLA MOBILITY, INC.; NOVELL, INC; SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; TREND MICRO INCORPORATED, | § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF LODSYS, LLC'S SURREPLY TO
DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS
AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Lodsys, LLC ("Lodsys") respectfully submits this brief surreply in response to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., And Samsung Telecommunications America, LLC's Reply In Support Of Motion To Dismiss [dkt. no. 107] (the "Reply").

**A.     The Indirect Infringement Allegations Are Sufficient.**

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., And Samsung Telecommunications America, LLC (collectively, "Samsung") assert that Lodsys "fails to 'plead[] factual content that allows the court to draw the reasonable inference that' Samsung indirectly infringes the asserted patents." Reply at 2. But Samsung ignores — and makes no

attempt to distinguish — the several cases wherein this Court has found allegations similar to those in the Complaint sufficient to plead indirect infringement. *See LML Patent Corp. v. Nat'l Bank of Daingerfield*, 2:09-CV-00180-TJW, 2011 WL 1478517, at *2 (E.D. Tex. Mar. 24, 2011); *Charles E. Hill & Associates, Inc. v. ABT Electronics, Inc.*, 2:09-CV-313-TJW-CE, 2010 WL 3749514, at *2 (E.D. Tex. Aug. 31, 2010); *Traffic Info., LLC v. YAHOOA Inc.*, 2:09-CV-246-TJW-CE, 2010 WL 2545500, at *2-3 (E.D. Tex. Apr. 13, 2010); *Tune Hunter Inc. v. Samsung Telecommunications Am.*, LLC, CIV.A 209CV148TJW, 2010 WL 1409245, *4 (E.D. Tex. Apr. 1, 2010); *FotoMedia Technologies, LLC v. AOL, LLC*, CIV. A. 2:07CV255, 2008 WL 4135906, at *2 (E.D. Tex. Aug. 29, 2008).

Samsung also ignores that, to survive a motion to dismiss, the Complaint does not need to specifically plead the identity of the direct infringers. *See Atwater Partners of Texas LLC v. AT & T, Inc.*, 2:10-CV-175-TJW, 2011 WL 1004880, at *3 (E.D. Tex. Mar. 18, 2011) (rejecting defendant's assertion that the "complaint does not sufficiently plead indirect infringement because it does not indicate the identity of the requisite third-party direct infringers and the requisite mental states").

Finally, Samsung ignores that the identity of the direct infringers (including Samsung's intermediaries and/or clients) can be inferred from the other allegations in the Complaint. *See McArdle v. Mattel Inc.*, 456 F. Supp. 2d 769, 784 (E.D. Tex. 2006) ("alleged facts in the complaint, taken as a whole, permit an inference"); *see also Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*, 2:10-CV-90-TJW, 2011 WL 1004873, at *5 (E.D. Tex. Mar. 18, 2011) ("This Court has held that so long as a complaint complies with Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure, its claims for direct and indirect patent infringement will survive a motion to dismiss.").

B.  **The Willful Infringement Allegations Are Sufficient.**

Samsung asserts that Lodsys fails to sufficiently plead willful infringement, because the "Complaint does not contain any factual allegations in support of its claims that the asserted patents have been willfully infringed." Reply at 4. But Samsung ignores that, to survive a

motion to dismiss, the Complaint does not need to detail how Samsung willfully infringed Lodsys's patents. *See FotoMedia*, 2008 WL 4135906 at *2 ("level of detail provided by [plaintiff] in its allegations of indirect infringement are similar to those approved by Form [18], the Federal Circuit, and the courts in this district" and the "same is true for the allegations of willful infringement").

Moreover, Samsung ignores — and makes no attempt to distinguish — the several cases wherein courts (including this Court in *FotoMedia*) have found allegations similar to those in the Complaint sufficient to plead willful infringement. *See S.O.I.TEC Silicon On Insulator Technologies, S.A. v. MEMC Elec. Materials, Inc.*, CIV. 08-292-SLR, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009); *Rambus, Inc. v. Nvidia Corp.*, C 08-3343 SI, 2008 WL 4911165, *2 (N.D. Cal. Nov. 13, 2008); *Multi-Tech Sys., Inc. v. Dialpad.com, Inc.*, CIV. 00-1540 ADMRLE, 2001 WL 34624004, at *2 (D. Minn. Aug. 28, 2001).

\* \* \* \* \*

Because the Complaint sufficiently pleads indirect infringement and willful infringement, Samsung's Dismissal Motion should be denied. In the alternative, Lodsys should be granted leave to amend.

Dated: June 29, 2011.    Respectfully Submitted,

By: /s/ Christopher M. Huck
Michael A. Goldfarb
(admitted *pro hac vice*)
Christopher M. Huck
(admitted *pro hac vice*)
KELLEY, DONION, GILL,
HUCK & GOLDFARB, PLLC
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Phone: (206) 452-0260
Fax: (206) 397-3062
Email: goldfarb@kdg-law.com
huck@kdg-law.com

William E. "Bo" Davis, III
Texas State Bar No. 24047416
THE DAVIS FIRM, PC

             111 West Tyler Street
             Longview, Texas 75601
             Phone: (903) 230-9090
             Fax: (903) 230-9090
             Email: bdavis@bdavisfirm.com

             **Attorneys for Plaintiff Lodsys, LLC**

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 29th day of June 2011.

          By: /s/ Christopher M. Huck
             Christopher M. Huck