# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **LODSYS, LLC,** | |
| Plaintiff, | |
| v. | C.A. No. 2:11-CV-90 |
| **BROTHER INTERNATIONAL CORPORATION,** *et al.*, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## DEFENDANT HEWLETT-PACKARD COMPANY'S
## REPLY TO PLAINTIFF'S RESPONSE TO
## MOTION TO DISMISS OR, IN THE ALTERNATIVE,
## TO SEVER AND TRANSFER VENUE

Defendant Hewlett-Packard Company ("HP") respectfully submits this reply brief in support of its Motion to Dismiss or, in the Alternative, to Sever and Transfer Venue.

## I.   INTRODUCTION

Lodsys' opposition to HP's motion to dismiss or, in the alternative, to sever and transfer venue (D.I. 112, cited as "Opp.") misses the legal and factual mark. Lodsys effectively asks the Court to commit legal error by conflating the two-prong test under Federal Rule 20(a) into a single question—whether Lodsys' claims involve a common nucleus of operative fact. Lodsys also fails to demonstrate any series of transactions or occurrences that is the same for all defendants. Lodsys pays lip service to the supposed "inefficiency" of severing its claims against HP, while it downplays or outright ignores that the Lodsys patents have spawned no fewer than 11 lawsuits in five district courts. Finally, Lodsys' opposition supports HP's request for transfer to the Southern District of Texas, primarily by clarifying that the inventor and the Lodsys CEO—two of Lodsys' primary witnesses—do not reside in this jurisdiction.

## II.   ARGUMENT

### A.   Lodsys Cannot Establish the "Same Transaction or Occurrence" Prong of Rule 20(a).

#### 1.   Lodsys Tries to Conflate the Prongs of Rule 20(a) Into a Single Test.

Lodsys effectively asks the Court to rule that a common nucleus of operative facts—here, Lodsys' claim that the defendants infringe the same patent—satisfies both prongs of Rule 20(a)(2). Lodsys' argument ignores the first prong of Rule 20(a), which requires that claims arise from the "same transaction, occurrence, or series of transactions or occurrences." The Court should reject Lodsys' invitation to commit legal error. District courts in the Fifth Circuit have previously held that "[t]ransactions or occurrences satisfy the series of transactions or occurrences requirement of Rule 20(a) if there is some connection or logical relationship

between the various transactions or occurrences. A logical relationship exists if there is some nucleus of operative facts or law." *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex. 2004). But a "nucleus of operative facts or law," which may satisfy the second prong of the Rule, cannot also be used to satisfy the first prong. The Court therefore should reject Lodsys' urging to collapse the two-prong test into a single inquiry.

Other courts recognize that the "same transaction or occurrence" means the defendants must act together or in series for each alleged act of infringement. *See, e.g., Joao Control v. ACTI Corp.*, No. SA CV 10–01909 DOC (RNBx), 2011 WL 1519277 at *1 (C.D. Cal. June 30, 2010); *Multi-Tech Sys. Inc. v. Net2Phone, Inc.*, No. Civ. 00-346 ADM/RLE, 2000 WL 34494824 at *6 (D. Minn. June 26, 2006); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004); *Androphy v. Smith & Nephew*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998). But here, HP's alleged infringement is not the same as the other defendants. Lodsys does not claim HP conspired or acted in concert with any other defendant; rather, the defendants are alleged to infringe based on their own respective actions. (D.I. 1 at ¶¶ 15-24, 26-36, 38-40.) There simply is no "transaction or occurrence" that ties HP to any other defendant.

> **2. Lodsys Cannot Demonstrate a Logical Relationship Because the Accused Products Are Dramatically Different.**

Even if the Court were to accept Lodsys' single-prong test, Lodsys has not shown any logical relationship here because the accused products are dramatically different. As courts in the Fifth Circuit have recognized, defendants who have "dramatically different" products are not "logically related." *See MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex. 2004); *Tompkins v. Able Planet, Inc.*, Case. No. 6:10-CV-58-MHS (E.D. Tex. Feb. 17, 2011)

(D.I. 136 at 3); *Oasis Research, LLC v. Adrive, LLC*, No. 4:10-CV-435-MHS (E.D. Tex. May 23, 2011) (distinguishing *Tompkins*).[1]

Here, Lodsys merely argues that the defendants allegedly infringe through "the implementation and use of the patented inventions to probe users for information related to a product or service, regardless of whether the accused commodity is a printer, personal computer, cell phone, or website." (Opp. at 7-8.) But Lodsys points to no allegation in its complaint, nor any language in the patents, that allegedly supports this broad generalization of its infringement claims. Lodsys also ignores that its own complaint accuses at least five different classes of hardware products and at least 17 different types of software, software drivers, or Web services. (D.I. 102, cited as "Mot." at 3.) Lodsys does not allege that the accused software products are provided by a common supplier (because they are not), nor can Lodsys establish that the accused software products are similar (because they are not). Thus, the so-called "common aspects of the accused commodities" (Opp. at 4) do not make the products similar enough to warrant joinder. Rather, the printers, PCs, cell phones, servers, antivirus products, online video services, website surveys—and the many different software products that run on each type of hardware product—are "dramatically different" products.

      B.      **Lodsys' Claim of "Inefficiency" Rings Hollow Given the Multiple Lawsuits Currently Pending Related to the Asserted Patents.**

Lodsys claims that HP's motion should be denied because severing and transferring the claims against HP would impose a "substantial burden on both the judicial system and Lodsys to maintain two lawsuits with substantially the same issues in two different venues." (Opp. at 2.)

---

[1] The fact that *Tompkins* is a false marking case is irrelevant. Lodsys attempts to use *Oasis Research* to demonstrate that *Tompkins* does not apply here (Opp. at 15), but the opposite is true. *Oasis Research* acknowledged the "dramatically different" test and distinguished itself from *Tompkins* by finding the products were sufficiently similar to satisfy the first prong of Rule 20. *Oasis Research* at 5-6.

But Lodsys later acknowledges that it has filed <u>four</u> separate lawsuits in this Court against a total of 35 defendants. (Opp. at 3.) And Lodsys does not inform the Court that there are another <u>seven</u> lawsuits related to the Lodsys asserted patents filed by declaratory relief plaintiffs—three in the Northern District of Illinois, and one each in the Southern District of California, the District of Arizona and the Eastern District of Wisconsin. Lodsys chose to assert its infringement claims against numerous entities, so the duplication of litigation is a problem of its own making. Lodsys cannot be heard to complain now that severing the claims against HP and transferring them to the Southern District of Texas—clearly a more convenient forum—will cause any incremental burden on Lodsys or the court system.

### C. HP Has Demonstrated Good Cause for Transfer to the Southern District of Texas.

HP has met its burden to show good cause for transfer to the Southern District of Texas, including that the forum is clearly more convenient than the Eastern District. It is undisputed that documents and witnesses related to the accused Support Assistant software are primarily in Houston, and documents and witnesses related to Sure Supply are primarily in Boise, Idaho. (Mot. at 12; Opp. at 21.) It also is undisputed that evidence related to HP's servers is located in Houston, Austin and Palo Alto. (Mot. at 12-13; Opp. at 21.) Lodsys attempts to downplay the significance of the location of these documents and witnesses, but Lodsys cannot legitimately dispute that the Southern District of Texas is clearly more convenient.

The location of witnesses alone compels transfer here. "The relative convenience of the witnesses is often recognized as the most important factor to be considered when ruling on a motion under § 1404(a)." *Remmers v. U.S.*, No. 1:09-CV-345, 2009 WL 3617597 at *5 (E.D. Tex. Dec. 5, 2003). The Fifth Circuit generally favors transfer where the proposed venue is a shorter average distance away from witnesses than the plaintiff's chosen venue. *In Re*

*Volkswagen of Am. Inc.*, 545 F.3d 304, 317 (5th Cir. 2008). Here, Lodsys has not identified <u>any</u> of its own witnesses as being employed in Texas. Rather, Lodsys clarifies that its CEO resides in Wisconsin and the inventor resides in Florida. (Opp. at 21.) For these out-of-state witnesses, Houston is certainly no less convenient than Marshall.

Regarding the location of documents, Lodsys claims that the originals of its invention and patent prosecution files are located in Marshall. (Opp. at 21.) The location of these documents is irrelevant. Lodsys identifies no employees in the Eastern District and apparently conducts no research or development activities there. Because Lodsys is an "ephemeral" entity without employees, principals, or R&D in the Eastern District, the Court cannot give weight to the location of Lodsys' documents. *NovelPoint Learning LLC v. Leapfrog Enters., Inc*., No. 6:10-cv-229 JDL, 2010 WL 5068146 at *4 (E.D. Tex. 2010); *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011).

Finally, judicial economy does not weigh against transfer. Lodsys claims that judicial economy favors Marshall, but in fact Lodsys is already litigating 11 lawsuits in five district courts.[2] Therefore, Lodsys' claim that transfer "would impose a substantial burden on both the judicial system and Lodsys to maintain two lawsuits...in two different venues" is false. Judicial economy is at most a neutral factor that does not weigh for or against transfer.

In sum, the public and private interest factors—in particular, the location of relevant witnesses and documents—overwhelmingly weigh in favor of transfer.

---

[2] The 11 lawsuits are: (1) this lawsuit; (2) *Lodsys, LLC v. Combay, Inc. et al,* No. 2-11-cv-00272 (E.D. Tex.); (3) *ForeSee Results, Inc. v. Lodsys, LLC,* No. 1-11-cv-03886 (N.D. Ill.); (4) *Lodsys, LLC v. adidas America, Inc. et al,* No. 2-11-cv-00283 (E.D. Tex.); (5) *ESET, LLC v. Lodsys, LLC,* No. 3-11-cv-01285 (S.D. Cal.); (6) *The New York Times Company v. Lodsys,* No. 1-11-cv-04004 (N.D. Ill.); (7) *OpinionLab, Inc. v. Lodsys, LLC,* No. 1-11-cv-04015 (N.D. Ill.); (8) *LivePerson, Inc. v. Lodsys, LLC,* No. 1-11-cv-04088 (N.D. Ill.); (9) *DriveTime Automotive Group v Lodsys*, LLC, No. 2:11-cv-01307 (D. Ariz.); (10) *Lodsys LLC v. DriveTime et al*, No. 2:11-cv-00309-TJW (E.D. Tex.); (11) *Eset, LLC v. Lodsys LLC*, Case No. 2:11-cv-00650 (E.D. Wisc.).

| | |
|---|---|
| DATED: August 1, 2011 | Respectfully submitted, |
| | /s/ Brian K. Erickson |
| | Brian K. Erickson (Bar No. 24012594)<br>brian.erickson@dlapiper.com<br>**DLA Piper LLP (US)**<br>401 Congress Avenue, Suite 2500<br>Austin, TX 78701-3799<br>Phone: 512.457.7000<br>Fax: 512.457.7001 |
| | Mark D. Fowler (Bar No. CA-124235)<br>mark.fowler@dlapiper.com<br>**DLA Piper LLP (US)**<br>2000 University Avenue<br>East Palo Alto, CA  94303-2214<br>Phone: 650.833.2000<br>Fax: 650.833.2001 |
| | Sean C. Cunningham (Bar No. CA-174931)<br>sean.cunningham@dlapiper.com<br>Erin P. Gibson (Bar No. CA-229305)<br>erin.gibson@dlapiper.com<br>David R. Knudson (Bar No. CA-265461)<br>david.knudson@dlapiper.com<br>**DLA Piper LLP (US)**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Phone: 619.699.2700<br>Fax: 619.699.2701 |
| | ATTORNEYS FOR DEFENDANT<br>HEWLETT-PACKARD COMPANY |

- 7 -

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 1st day of August 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                       /s/   Brian K. Erickson
                                       Brian K. Erickson