IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LODSYS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-90-TJW |
| | § | |
| BROTHER INTERNATIONAL CORPORATION; | § | |
| CANON U.S.A., INC.; | § | |
| HEWLETT-PACKARD COMPANY; | § | |
| HULU, LLC; | § | |
| LENOVO (UNITED STATES) INC.; | § | |
| LEXMARK INTERNATIONAL, INC.; | § | |
| MOTOROLA MOBILITY, INC.; | § | |
| NOVELL, INC; | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| SAMSUNG ELECTRONICS AMERICA, INC.; | § | |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; | § | |
| TREND MICRO INCORPORATED, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF LODSYS, LLC'S SURREPLY TO DEFENDANT HEWLETT-PACKARD COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO SEVER AND TRANSFER VENUE**

Plaintiff Lodsys, LLC ("Lodsys") respectfully submits this brief surreply in response to Defendant Hewlett-Packard Company's Reply To Plaintiff's Opposition To Motion To Dismiss Or, In The Alternative, To Sever And Transfer Venue [dkt. no. 115] (the "Reply").

**A.    HP Ignores Precedent from This Court and Other District Courts in the Fifth Circuit.**

Defendant Hewlett-Packard Company ("HP") asserts that supposedly Lodsys has invited the Court to "commit legal error." Reply at 1. But, in fact, "several district courts in the Fifth Circuit have applied the logically related test." *Mannatech, Inc. v. Country Life, LLC*, No. 310-CV-533-O, 2010 WL 2944574, *1 (N.D. Tex. July 26, 2010); *see also MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex. 2004) ("Transactions or occurrences satisfy the

series of transactions or occurrences requirement of Rule 20(a) if there is some connection or *logical relationship* between the various transactions or occurrences.") (emphasis added).

HP also attempts (again) to discredit *MyMail*. But HP ignores that — consistent with *MyMail* and relying on *MyMail* — this Court and other district courts in the Fifth Circuit have repeatedly held that joinder of multiple defendants is proper in patent infringement lawsuits. *See, e.g.*, *Oasis Research, LLC v. Adrive, LLC*, No. 4:10-CV-435-MHS (E.D. Tex. May 23, 2011) (accusing eighteen defendants of infringing four patents); *Eolas Technologies, Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2010 WL 3835762 (E.D. Tex. Sept. 28, 2010) (accusing twenty-three defendants of infringing two patents); *Mannatech*, 2010 WL 2944574 at *2 (accusing eleven defendants of infringing four patents); *Innovative Global Sys. LLC v. Tpk. Global Technologies L.L.C.*, No. 6:09-CV-157, 2009 WL 3754886, *2 (E.D. Tex. Oct. 20, 2009) (accusing five defendants of infringing five patents).

HP also relies (again) on authority from the Central District of California, District of Minnesota, District of Delaware, Southern District of New York, and Northern District of Illinois. *See* Reply at 2. But HP ignores that this Court and the other district courts in the Fifth have declined "to follow a handful of district court cases that purportedly hold acts of infringement by separate defendants do not satisfy the same transaction requirement." *MyMail*, 223 F.R.D. at 456; *see also Alford Safety Services Inc. v. Hot-Hed, Inc.*, No. CIV.A. 10-1319, 2010 WL 3418233, *10 (E.D. La. Aug. 24, 2010) ("While some courts do hold that view, ***the majority hold*** the view that joinder is proper in patent infringement suits.") (emphasis added).

**B.** **HP Ignores the "Logical Relationship" Between and Among the Claims Against All Defendants.**

HP asserts that "Lodsys has not shown any logical relationship here because the accused products are dramatically different." Reply at 2. But HP ignores that HP and Lenovo's personal computers are accused of infringement. *See* Complaint at ¶¶ 17, 18. HP ignores that HP, Brother, Canon, Lexmark, and Samsung's printers are accused of infringement. *See id*. at ¶¶ 15-17, 19, 22. And HP ignores that all of the defendants (including HP) are accused of using

infringing computer server(s) to collect data. *See id*. at ¶¶ 26-35. HP's infringing products and services are, therefore, similar (if not identical) to the other defendants' infringing products and services. Tellingly, HP does not dispute (nor counter with any evidence) that the other defendants' products and services are designed and function in similar (if not the identical) ways.

Moreover, HP ignores that all of the patents-in-suit are directed to systems and methods for providers of products and/or services to interact with users of those products and services to gather information from those users, regardless of whether the accused commodity is a printer, personal computer, cell phone, or website. *See* Complaint, Exs. A-C. HP ignores that all of the accused commodities infringe the claims of the patents-in-suit in a similar (if not identical) manner because the alleged infringement involves the implementation and use of the patented inventions to probe users for information related to a product or service, regardless of whether the accused commodity is a printer, personal computer, cell phone, or website. *See id*. at Exs. A-C; ¶¶ 15-23, 26-35, 38-39. And HP ignores that all of the accused commodities elicit the user's perception of the commodity through a user interface and convey information back to the defendant, regardless of whether the accused commodity is a printer, personal computer, cell phone, or website. *See id*.[1]

HP also ignores that there is no practical way to split the defendants based on the specific type of accused commodity. For example, severing by commodity would result in no less than

---

[1] HP asserts that "Lodsys points to no allegation in its complaint, nor any language in the patents, that allegedly supports this broad generalization of its infringement claims." Reply at 3. But HP simply ignores the wealth of information provided by the patents themselves. *See, e.g.*, *Tune Hunter Inc. v. Samsung Telecommunications Am., LLC*, No. CIV.A 209CV148TJW, 2010 WL 1409245, *4 (E.D. Tex. Apr. 1, 2010) ("Tune Hunter's complaint accuses 'music identification systems, devices, products, and/or components thereof,' which Defendants argue lacks sufficient specificity to give notice. In light of the technology at issue, the Court is of the opinion that Defendants have sufficient notice as to what they must defend."). For example, claim 1 of U.S. Patent No. 7,222,078 — which Lodsys alleges against all defendants (including HP) — describes "A system comprising … a user interface … configured to provide a medium for two-way local interaction between one of the users and the corresponding unit of the commodity." Complaint at Ex. B.

three separate lawsuits against HP (*e.g.*, one for printers, one for personal computers, and one for HP's use of server(s) to collect data). The Court has rejected such a procedural nightmare, which would result in a significant waste of judicial resources and create an unnecessary risk of inconsistent claim constructions. *See MyMail*, 223 F.R.D. at 457 ("In essence, the UOL Defendants advocate a rule that requires separate proceedings simply because unrelated defendants are alleged to have infringed the same patent. The Court disagrees with such a per se rule that elevates form over substance.").

C. **HP Ignores the "Pronounced Significance of Judicial Economy" and the Risks of Inconsistent Decisions.**

HP asserts that any claim of "inefficiency" allegedly "rings hollow" because several declaratory judgment actions have been filed against Lodsys in other states. *See* Reply at 4. But, as threshold matter, HP fails to inform the Court that Lodsys has already moved to dismiss the declaratory judgment actions filed in the Northern District of Illinois, Southern District of California, and the District of Arizona for lack of personal jurisdiction and improper venue. And, when appropriate, Lodsys will move to dismiss and/or transfer the declaratory judgment actions recently filed in the Eastern District of Wisconsin.

Moreover, HP's assertions do not address the salient (and dispositive) issue: "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Indeed, "Courts in this District have consistently recognized the pronounced significance of judicial economy in the § 1404(a) analysis in patent cases." *Realtime Data, LLC v. Morgan Stanley*, No. 6:09CV326-LED-JDL, 2010 WL 4274576, *2 (E.D. Tex. Oct. 28, 2010). "In addition to the burden on the courts, the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication." *Adrain*, WL 3063414 at *2. Accordingly, "[t]his untenable prospect favors resolving related patent cases

in the same forum whenever possible." *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 596 (N.D. Tex. 2003).

\* \* \* \*

Because HP was properly joined, HP should not be dismissed or severed from this action. In the alternative, if Lodsys' claims against HP are severed, the severed action should remain in this Court.

Dated:  August 11, 2011.                              Respectfully Submitted,

By:    /s/ Christopher M. Huck
Michael A. Goldfarb
(admitted *pro hac vice*)
Christopher M. Huck
(admitted *pro hac vice*)
KELLEY, DONION, GILL,
HUCK & GOLDFARB, PLLC
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Phone:  (206) 452-0260
Fax:  (206) 397-3062
Email: goldfarb@kdg-law.com
            huck@kdg-law.com

William E. "Bo" Davis, III
Texas State Bar No. 24047416
THE DAVIS FIRM, PC
111 West Tyler Street
Longview, Texas 75601
Phone:  (903) 230-9090
Fax:  (903) 230-9090
Email:  bdavis@bdavisfirm.com

**Attorneys for Plaintiff Lodsys, LLC**

<mark>
<mark>
<mark>
<mark>
<mark>
<mark>
<mark>
<mark>
<mark>

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 11th day of August, 2011.

By:    /s/ Christopher M. Huck
        Christopher M. Huck