IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LODSYS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:11-cv-90-JRG |
| | § | |
| BROTHER INTERNATIONAL CORPORATION, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Pending before the Court are: (1) Defendant Canon U.S.A., Inc.'s ("Canon") Motion for Partial Dismissal Under Rule 12(b)(6) (Dkt. No. 42); (2) Defendant Lexmark International, Inc.'s ("Lexmark") Motion to Dismiss (Dkt. No. 44); (3) Defendants Samsung Electronics Co., Ltd's, Samsung Electronics America, Inc.'s, and Samsung Telecommunications America, LLC's (collectively, "Samsung") Motion to Dismiss (Dkt. No. 96); and (4) Defendant Hewlett-Packard Company's ("HP") Motion to Dismiss or, in the Alternative, to Sever and Transfer Venue. (Dkt. No. 102.)  For the reasons discussed below, each of the foregoing motions is DENIED.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

Lodsys, LLC ("Lodsys") brought this patent infringement lawsuit against 12 defendants, accusing each of infringement of U.S. Patent No. 7,620,565 entitled "Customer-Based Product Design Module" ("the '565 patent") and U.S. Patent No. 7,222,078 entitled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network" ("the '078

Patent"). Lodsys' Complaint also alleges that Defendants Samsung and Trend Micro Inc. ("Trend Micro") infringe U.S. Patent No. 5,999,908 entitled "Customer-Based Product Design Module" ("the '908 patent"). Lodsys' Complaint alleges direct, indirect, literal, contributory, induced, and/or willful infringement as well as infringement under the doctrine of equivalents with regard to each Defendant.

## III. LEGAL STANDARDS

### A. Applicable Law Regarding Motions to Dismiss

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court has additionally pronounced two guiding principles in determining whether a complaint can survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-

50 (2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, a complaint must state a plausible claim in order to survive a motion to dismiss. *Id*. This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[]' – 'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). Relying on *Twombly*, the Federal Circuit pronounced what is required to state a claim for patent infringement: "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

### B. Applicable Law Regarding Joinder and Motions to Sever

Because joinder and motions to sever do not involve substantive issues of patent law, precedent from the Fifth Circuit controls. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Rule 21 allows the court to sever any claim against a party. Fed. R. Civ. P. 21. The district court has broad discretion in deciding whether to sever. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). One justification for severance is misjoinder of a party.

A plaintiff may join multiple defendants in a single action if "(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Federal Rules of Civil Procedure strongly encourage joinder of claims, parties, and remedies.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). "The district court has broad discretion in determining the propriety of joining or continuing a particular party as a defendant." *Williams v. Hoyt*, 556 F.2d 1336, 1341 (5th Cir. 1977).

The Fifth Circuit has not endorsed a specific test to determine what is "the same transaction or occurrence" under Rule 20(a)(2). *Perez v. Grupo TMM, S.A.B.,* No. H-09-136, 2009 WL 926991, at *4 (S.D. Tex. Apr. 1, 2009). Several district courts in this circuit, however, have applied the Eight Circuit's "logically related" test espoused in *Moseley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). *See, e.g., Adrain v. Genentech Inc.*, No. 2:08-cv-423, 2009 WL 3063414, *1 (E.D. Tex. 2009); *Perez*, 2009 WL 926991, at *4; *Akhtar v. U.S. Dep't of Homeland Sec.,* No. 4:07-cv-421, 2007 WL 4445236, at *4 (N.D. Tex. Dec. 17, 2007); *Norwood v. Raytheon Co.,* No. EP-04-CA-127, 2007 WL 2408480, at *2-3 (W.D. Tex. May 1, 2007); *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 78-79 (E.D. Tex. 1993). As to the second prong of Rule 20(a)(2), regarding common questions of law or fact, it is clear that not all of the facts must be common to every defendant; and joinder is appropriate so long as there is a common question of fact of law among all defendants. *See Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir. 1973).

IV.   ANALYSIS

   A.   Canon's Motion for Partial Dismissal Under Rule 12(b)(6)

In its Rule 12(b)(6) motion, Canon moves (1) to dismiss Lodsys' claims against Canon for indirect infringement, inducement of infringement, and contributory infringement of the '565 patent; and (2) to dismiss all of Lodsys' claims against Canon for infringement – direct or otherwise – of the '078 patent. (Dkt. No. 42.) The Court DENIES Canon's Motion in both respects.

4

> i. *Lodsys' Complaint Sufficiently Pleads Indirect Infringement*

Canon states that Lodsys' Complaint does not sufficiently plead indirect infringement because (1) it "fails to provide Canon with any notice as to what act it has performed (and might still be performing) that allegedly give rise to Lodsys' claims for indirect infringement;" and (2) it "fails to identify who the direct infringer is in the case of Canon's alleged indirect infringement." (Dkt. No. 42, at 5.) The Court disagrees. "Neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *Fotomedia Techs., LLC v. AOL, LLC,* No. 2:07-cv-255, 2008 WL 4135906, at *2 (E.D. Tex., Aug. 29, 2008); *see also Tune Hunter Inc. v. Samsung Telecom. Am., LLC*, No. 2:09-cv-148, 2010 WL 1409245, at *5-6 (E.D. Tex. Apr. 1, 2010).

Further, while Courts in this District generally require a complaint to at least generally identify a direct infringer with respect to indirect infringement claims – *see, e.g., Eolas Tech., Inc. v. Adobe Sys., Inc.*, Case No. 6:09-cv-446, 2010 WL 2026627, at *3 (E.D. Tex. May 6, 2010) (Davis, J.); *PA Advisors, LLC v. Google, Inc.,* 2:07-cv-480-DF, 2008 WL 4136426, at *8 (E.D. Tex. Aug. 8. 2009) (Folsom, J.) – the identity of the direct infringers here can be easily inferred from the complaint, and obviously includes Canon's intermediaries and/or clients. *See, e.g., McArdle v. Mattel Inc.*, 456 F. Supp. 2d 769, 784 (E.D. Tex. 2006) ("alleged facts in the complaint, taken as a whole, permit an inference"); *Atwater Partners of Texas v. AT&T, Inc.*, No. 2:10-cv-175, 2011 WL 1004880, at *3 (denying motion to dismiss, and rejecting defendant's assertion that the "complaint does not sufficiently plead indirect infringement because it does not indicate the identity of the requisite third-party direct infringers and the requisite mental states").

5

In this case, Lodsys' Complaint pleads sufficient facts to state a plausible claim for relief for indirect infringement. The Complaint contains individualized allegations for each named Defendant, including Canon (*see, e.g.,* Compl. at ¶¶ 16, 27), it alleges how such infringement occurred ( "Canon manufacturers, uses, sells, imports and/or offers to sell"), and it identifies an instrumentality alleged to be infringing ("infringing printers"). Therefore, the Court holds that Lodsys' Complaint, particularly in paragraph 16, pleads sufficient facts to state a plausible claim for relief for indirect infringement and DENIES Canon's Rule 12(b)(6) motion to dismiss on such basis.

### ii.   *Lodsys' Complaint Sufficiently Pleads Infringement of the '078 Patent*

Canon also argues that Lodsys' description of the accused product which allegedly infringes the '078 patent – "computer server(s) to collect data" – is "far too vague to put Canon on notice" of its allegedly infringing acts. (Dkt. No. 42, at 6.)

The pleading requirements set forth in *Twombly* and *Iqbal* do not require a patentee to identify specific products or services by name in the complaint. *Phoenix Licensing, L.L.C. v. Allstate Corp.*, No. 2:09-cv-255, Dkt. No. 234, at *3 (E.D. Tex. Mar. 10, 2011) (Ward, J.); *see also Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09-cv-269, Dkt. No. 189, at *6 (E.D. Tex. Mar. 29, 2010) (Davis, J.) ("The Court does not require in a complaint the specificity that P.R. 3-1 requires, as that would go far beyond Rule 8's and Form 18's requirements …"). To illustrate, the Federal Circuit has observed, post-*Twombly*, that a complaint for patent infringement is sufficient if it includes the elements in Federal Rule of Civil Procedure Form 18's sample pleading for patent infringement. *See McZeal*, 501 F.3d at 1356-57 (describing the elements of Form 16, which is now Form 18, and explaining how the plaintiff's complaint included those elements). A patent infringement complaint that pleads at least the

6

facts in Form 18 must be sufficient to state a claim under Rule 8(a) because to hold otherwise would render Federal Rule of Civil Procedure 84 a nullity. *See* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *see also Bedrock,* No. 6:09-cv-269, Dkt. No. 189, at 4 ("The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid.") (citing *Twombly*, 550 U.S. at 569 n. 14; *McZeal*, 501 F.3d at 1360).

Here, the Complaint sufficiently pleads direct infringement of the '078 patent because it alleges that "Canon makes, sells, offers to sell, and/or uses infringing computer server(s)." (Compl., at ¶ 27.) The Complaint also expressly identifies several claims under the '078 patent that are infringed by Canon: "1, 2, 3, 4, 5, 6, 13, 16, 22, 24, 30, 31, 32, 40, 46, 47, 48, and 69." *Id.* These allegations comply with the requirements of Form 18 and are sufficient at the pleading stage. This has been repeatedly confirmed by various decisions in this district. *See, e.g., LML Patent Corp.*, 2011 WL 1478517, at *2 ("That is, similar to the electric motor example provided in Form 18, the Amended Complaint identifies a general category of accused products and services as 'payment services.' Accordingly, Plaintiff's Amended Complaint contains enough detail to allow Defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion."); *Charles E. Hill & Associates*, 2010 WL 3749514, at *2 ("Similarly, [plaintiff]'s complaint describes the asserted patent and accuses 'electronic catalogs.' This level of detail is sufficient at the pleading stage. Additional details about the accused products will be provided in the Local Rule 3-1 disclosures."); *Traffic Info.,* 2010 WL 2545500, at *2 ("Similarly, [plaintiff]'s complaint states the title of the asserted patent, 'System for Providing Traffic Information,' and accuses 'traffic information systems and products and services.' This level of

detail is sufficient at the pleading stage."). Because Lodsys' Complaint sufficiently pleads direct infringement, the Court DENIES Canon's Rule 12(b)(6) motion to dismiss on such basis.

B.     **Lexmark's Motion for Partial Dismissal Under Rule 12(b)(6)**

In Lexmark's Rule 12(b)(6) motion, it moves to (1) dismiss claims against Lexmark for indirect infringement of the '565 and '078 patents; and (2) dismiss the Complaint's allegations of willful infringement. (Dkt. No. 44.)

i.     *Lodsys' Complaint Sufficiently Pleads Indirect Infringement*

Lexmark argues that Lodsys' indirect infringement claims are "conclusory and unsupported by any facts, and therefore require dismissal." (Dkt. No. 44, at 4.) The Court disagrees. Lodsys' Complaint contains individualized allegations for each named Defendant (including Lexmark); describes the patents that have infringed; alleges how such infringement occurred; and identifies an instrumentality alleged to be infringing. *See, e.g.,* Compl. at ¶¶14, 19, 25 and 31. Therefore, for the same reasons discussed above (*Supra* Part IV. A.), the Court DENIES Lexmark's Rule 12(b)(6) motion to dismiss on this ground and holds that the Complaint pleads sufficient facts to state a plausible claim for indirect infringement.

ii.    *Lodsys' Complaint Sufficiently Pleads Willful Infringement*

Lexmark also argues that Lodsys' Complaint fails to sufficiently plead willful infringement. Again the Court disagrees. This Court has observed that, much like direct infringement and its pleading requirements in accordance with Form 18 and Federal Circuit law, the bar for pleading willful infringement is not high. *See FotoMedia,* 2008 WL 4135906, at *2 ("The level of detail provided by FotoMedia in its allegations of indirect infringement are similar to those approved by Form [18], the Federal Circuit, and the court in this district. The same is true for the allegations of willful infringement that remain against AOL, Yahoo and Shutterfly.").

Here, Lexmark admits that Lodsys does plead "some limited factual basis regarding knowledge." (Dkt. No. 87, at 4 n.1.)  The Court finds that Lodsys' Complaint pleads sufficient facts to state a plausible claim for relief for willful infringement and therefore DENIES Lexmark's Rule 12(b)(6) motion to dismiss on this basis.

C. **Samsung's Motion for Partial Dismissal Under Rule 12(b)(6)**

The arguments presented in Samsung's Motion for Partial Dismissal are nearly identical to Lexmark's, and likewise concern the sufficiency of Lodsys' indirect and willful infringement allegations.  (Dkt. No. 96.)   For the same reasons discussed above (*Supra* IV.B.), the Court DENIES Samsung's Motion for Partial Dismissal Under Rule 12(b)(6).

D. **HP's Motion to Dismiss or, in the Alternative, to Sever and Transfer Venue**

HP moves to dismiss Lodsys' claim for misjoinder under Fed. R. Civ. P. 20(a) and 21 or, in the alternative, HP requests that the Court sever the claims alleged against HP under Fed. R. Civ. P. 21 and transfer the severed claims to the Southern District of Texas.

*i.*   *HP was Properly Joined in this Action*

For the reasons discussed below, the Court holds that HP was properly joined in this case under the permissive joinder standard of Rule 20, which allows "joinder of the defendants when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and (2) there is at least one common question of law or fact linking all the claims." *Americans for Fair Patent Use, LLC v. Sprint Nextel Corp.*, 2:10-cv-237, 2011 WL 98279, *2 (E.D. Tex. Jan. 12, 2011) (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)).

      a. <u>The same transaction, occurrence, or series of transaction or occurrences</u>

The first prong of the Rule 20 joinder analysis is to determine whether the claims against the multiple joined defendants arise out of the same transaction, occurrence, or series of transactions or occurrences. Transactions or occurrences satisfy the series of transactions or occurrences requirement of Rule 20(a) if there is some connection or logical relationship between the various transactions or occurrences. *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993). A logical relationship exists if there is some nucleus of operative facts or law. *Id.*

Here, HP asserts that "Lodsys' complaint fails to satisfy the relatedness prong of Rule 20(a)(2) because the accused products are dramatically different." (Dkt. No. 115, at 7.) But HP ignores the *logical relationship* between the infringement allegations against HP and the other defendants. The inventions detailed in the various claims of the patents-in-suit were developed by the same inventor and all originate from a common application filed on August 6, 1992. (Dkt. No. 112, at 7.) Moreover, as HP admits, Lodys' Complaint alleges that all of the defendants (including HP) have infringed the '078 patent and that eleven (including HP) of the twelve defendants have infringed the '565 patent. (Compl., at ¶¶ 25-36.) A logical relationship exists between all of the accused products because the alleged infringement involves the implementation and use of the patented inventions to probe users for information related to a product or service, regardless of whether the accused product is a printer, personal computer, cell phone, or website. *Id.* Accordingly, the Court concludes that the accused products at issue are sufficiently related to satisfy the "same nucleus of operative fact or law" text. *See Adrain*, 2009 WL 306414, at *2 ("Like the defendants in *MyMail*, Elsag has been joined with other unrelated defendants whose products are accused of infringing the same patent. Here, each of the

defendants sells a license plate recognition system that allegedly infringes claims 1 and 7 of the '669 patent."). As noted above, this Court has broad discretion to sever and the Supreme Court encourages joinder of claims. Therefore, due to the many "transactions or occurrences" that overlap and are common between the parties, this prong of the analysis does not warrant severance.

> b. <u>The same transaction, occurrence, or series of transaction or occurrences</u>

It is not clear that HP disputes the second prong of Rule 20(a)(2). In any event, however, the Court holds that this prong of the test is satisfied because the majority of legal and factual issues in this case are common to HP and all other defendants. For example, the validity and scope of the patents-in-suit is a question common to all of the defendants in this case. *See Adrain*, 2009 WL 306414, at *2; *see also MyMail*, 223 F.R.D. at 456 ("The legal question as to the '290 patent's scope is common to all the defendants.").

The Court finds that there are several common questions of law and fact linking all the claims in this case. Because the two-prong analysis above allows for permissive joinder and does not warrant severance, the Court DENIES HP's motion to dismiss Lodys' claims against HP for misjoinder. For the same reasons, the Court DENIES HP's request to sever Lodsys' claims against HP.

> ii. *Venue is Proper*

After denying HP's motion to sever, it is clear that HP's motion to transfer venue should also be denied. *See MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 454, 458 (E.D. Tex. 2004) ("Because the Court DENIES the motion to sever, it also DENIES the AOL Defendants' transfer motion."). HP's motion to transfer only argues that it should be transferred <u>if</u> the Court severs the claims. Because the Court declines to sever Lodsys' claims against HP, the Court does not

11

reach the question of whether to transfer HP's claims to the Southern District of Texas. Accordingly, the Court DENIES HP's motion regarding change of venue.

## V. CONCLUSION

For the reasons discussed above, the Court DENIES Canon's Motion for Partial Dismissal Under Rule 12(b)(6) (Dkt. No. 42); Lexmark's Motion to Dismiss (Dkt. No. 44); Samsung's Motion to Dismiss (Dkt. No. 96); and HP's Motion to Dismiss or, in the Alternative, to Sever and Transfer Venue. (Dkt. No. 102.)

**So ORDERED and SIGNED this 8th day of March, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE