IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LODSYS GROUP, LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:11-cv-90-JRG |
| | § | |
| v. | § | |
| | § | |
| BROTHER INTERNATIONAL CORPORATION, *et al.*, | § | LEAD CASE |
| | § | |
| Defendants. | § | |
| | § | |

| | | |
|---|---|---|
| LODSYS GROUP, LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:11-cv-272-JRG |
| | § | |
| v. | § | |
| | § | |
| ATARI INTERACTIVE, INC., *et al.*, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

**INTERVENOR APPLE INC.'S CASE MANAGEMENT SUBMISSION**

## INTRODUCTION

Intervenor Apple Inc. ("Apple") hereby respectfully submits this case management statement pursuant to the Court's August 29, 2012 Order (Dkt. No. 302) (the "Order"). In its Order, the Court directed the parties to make case management submissions "outlining their proposals on the issue of scheduling, consolidation, the structure of *Markman* hearing(s) and jury selection dates," including "the parties' reasoned suggestions on 'grouping' or 'phasing' similarly situated Defendants for *Markman* and pretrial purposes." *Id.* at 2.

For the reasons set out below, Apple respectfully requests that the Court treat Case No. 2:11-cv-272 (the "272 Action") differently, in some respects, from the other consolidated cases, because this action presents unique Apple defenses that could resolve nearly all issues in the case. Apple intervened to assert license and exhaustion defenses on behalf of its application developers that, if successful, would effectively preclude Lodsys's claims against these and all other Apple developers. For that reason, Apple proposes that the Court schedule early discovery on, and an early briefing and hearing schedule for a motion for summary judgment on, those license and exhaustion defenses, so that these issues may be resolved before the parties' other claims and defenses.

Should the Court determine that severing the 272 Action would permit an adjudication of these issues in the most efficient manner possible, Apple would not oppose severance. Likewise, Apple would not object to keeping the cases consolidated, as long as that consolidated proceeding includes an early summary judgment hearing on these defenses. Finally, while Apple does not believe that a *Markman* hearing will be necessary to resolve its license and exhaustion defenses in light of Lodsys's infringement allegations, Apple does not oppose a joint *Markman* hearing should one be required.

## PROPOSAL REGARDING SCHEDULING OF THE 272 ACTION

As the Court is aware, Apple was permitted to intervene in the 272 Action on April 12, 2012, with respect to the issues of patent license and exhaustion. 272 Action, Dkt. No. 105. As Apple argued on that motion, the specific infringement allegations set out by Lodsys LLC (now plaintiff Lodsys Group, LLC) ("Lodsys") in its notice letters to the defendants here identified largely or exclusively Apple licensed technology and services. *See generally* Dkt. No. 4 (Apple's Motion to Intervene). Thus, while the parties of course disagree regarding whether Apple's license bars Lodsys's claims, there is no dispute that, if Apple is correct, the resolution of this issue will determine virtually all of the issues in the 272 Action.

For at least three reasons, Apple submits that adjudicating Apple's license defense first will best advance the interests of judicial economy here. *First*, almost all of Lodsys's infringement allegations in this case revolve around the use of licensed Apple technology. Indeed, Lodsys's allegations with respect to all eight remaining defendants, and ten of the twelve accused applications for those eight defendants, depend on the use of applications running on the Apple devices and thus on licensed Apple products and services. Dkt. No. 26 (Am. Compl.). Staging an early summary judgment motion on Apple's license defense first could therefore moot almost all of the remaining claims and defenses in this action, eliminate Apple and six of the eight current defendants from the 272 Action, and avoid the massive expenditure of resources on potentially unnecessary and wasteful discovery, motion practice, and other pretrial proceedings.

*Second*, hearing an early summary judgment motion on this issue is unlikely to consume significant time or significantly disrupt the remaining schedule. In addition to the service of Lodys's infringement contentions, Apple expects that only very limited discovery will

be required to present this issue, largely consisting of discrete technical and business documents describing the licensed Apple technology and services and, if Lodsys deems it necessary, limited deposition testimony regarding the technology and limited discovery regarding Apple's license. Completing this discovery and hearing Apple's motion at the outset is thus unlikely to have any substantial effect on the schedule contemplated in the Court's Order, and any modest delay will be far outweighed by the potential savings in judicial economy from resolving this issue first.

*Finally*, because Lodsys's infringement allegations in the 272 Action largely or exclusively target Apple technology, staging the litigation in this way is unlikely to slow down any remaining proceedings even if Apple's motion is ultimately denied.  Lodsys will be required to serve its infringement contentions early in the litigation in any event; Apple may be required to produce the documents describing the function and operation of the accused technology; and any other license-related discovery may likewise be required regardless of the outcome of Apple's motion.  Hearing Apple's motion early in the proceedings will thus achieve potentially enormous cost savings without delaying or complicating this action in any significant way.

## CONCLUSION

For the reasons set out above, Apple respectfully requests that the Court stage the discovery on, and the briefing and hearing of, a motion for summary judgment on the issues of license and patent exhaustion first in the 272 Action, so that these issues may be resolved before costly and potentially unnecessary discovery on the parties' other claims and defenses.

Dated: September 12, 2012                                   Respectfully submitted,


By */s/ Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P
303 South Washington Avenue

Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

Jeffrey E. Ostrow (admitted *pro hac vice*)
Jonathan C. Sanders (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
Tel: (650) 251-5000
Fax: (650) 251-5002
jostrow@stblaw.com
jsanders@stblaw.com

**Counsel for Intervenor Apple Inc.**

### CERTIFICATE OF SERVICE

    I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 12th day of September, 2012 per Local Rule CV-5(a)(3).

                              */s/ Melissa Richards Smith*
                              Melissa Richards Smith