IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LODSYS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BROTHER INTERNATIONAL CORPORATION, *et al.,*<br><br>    Defendants. | C.A. No. 2:11-CV-90<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MOTOROLA MOBILITY, LLC'S FIRST AMENDED ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF LODSYS, LLC'S COMPLAINT**

Defendant Motorola Mobility, LLC ("MML") hereby sets forth its First Amended Answer and Additional Defenses to the Complaint for Patent Infringement ("Complaint") of Plaintiff Lodsys, LLC ("Lodsys").  To the extent any allegations in the Complaint are not specifically admitted, MML denies them.  MML responds to the individually enumerated paragraphs of the Complaint as follows:

**PARTIES**

1.     MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies them.

2.     MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore, denies them.

3.     MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and, therefore, denies them.

4.     MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, denies them.

5. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and, therefore, denies them.

6. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and, therefore, denies them.

7. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, denies them.

8. MML admits that it is a Delaware limited liability company with its principal place of business in Libertyville, Illinois, and that it has a registered agent for service of process in Texas. MML denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and, therefore, denies them.

10. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies them.

11. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies them.

## JURISDICTION AND VENUE

12. MML admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). MML admits that the counts set forth in the Complaint are governed by the laws of the United States, Title 35 of the United States Code. MML denies that it is in any way liable or indebted to Lodsys under these or any other claims. The remaining allegations in Paragraph 12 constitute conclusions of law to which no response of MML is required; to the extent an answer is required, said allegations are denied.

13. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 with respect to other Defendants and, therefore, denies

them.  MML denies that venue is convenient or appropriate.  The allegations in Paragraph 13 constitute conclusions of law to which no response of MML is required; to the extent an answer is required, said allegations are denied.

### **INFRINGEMENT OF U.S. PATENT NO. 7,620,565**

14. MML admits that U.S. Patent No. 7,620,565 ("the '565 Patent") is entitled "Customer-Based Product Design Module."  MML is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and therefore denies them.

15. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies them.

16. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and, therefore, denies them.

17. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, denies them.

18. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, denies them.

19. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, denies them.

20. MML denies the allegations contained in Paragraph 20 of the Complaint.

21. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and, therefore, denies them.

22. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, denies them.

23. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, denies them.

24. MML denies the allegations in Paragraph 24 of the Complaint as they relate to MML.  MML lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint as they relate to other Defendants and therefore denies those allegations.

### INFRINGEMENT OF U.S. PATENT NO. 7,222,078

25. MML admits that U.S. Patent No. 7,222,078 ("the '078 Patent") is entitled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network."  MML is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies them.

26. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, denies them.

27. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, denies them.

28. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and, therefore, denies them.

29. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and, therefore, denies them.

30. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, denies them.

31. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, denies them.

32. MML denies the allegations contained in Paragraph 32 of the Complaint.

33. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, denies them.

34. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, denies them.

35. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and, therefore, denies them.

36. MML denies the allegations in Paragraph 36 of the Complaint as they relate to MML. MML lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint as they relate to other Defendants and therefore denies those allegations.

## INFRINGEMENT OF U.S. PATENT NO. 5,999,908

37. MML admits that U.S. Patent No. 5,999,908 ("the '908 Patent") is entitled "Customer-Based Product Design Module." MML is without knowledge or information sufficient to form a believe as to the truth of the remaining allegations in Paragraph 37 and therefore denies them.

38. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, denies them.

39. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and, therefore, denies them.

40. MML is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, denies them.

## JURY DEMAND

41. The Jury Demand requires no response.

## PRAYER FOR RELIEF

42. The Prayer for Relief requires no response. To the extent that any response is required, MML denies that the Plaintiff should be granted any of the relief it requests.

## AFFIRMATIVE DEFENSES

43. MML asserts the following additional defenses to Plaintiff's claims for patent infringement. The assertion of an additional defense is not a concession that MML has the burden of proving the matter asserted.

### First Affirmative Defense
### (Failure to State a Claim)

44. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Invalidity)

45. The '565 and '078 Patents are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense
### (Non-Infringement)

46. MML does not and has not infringed any valid claim of the '565 and '078 Patents either directly, contributorily, by way of inducement, literally, and/or under the doctrine of equivalents.

### Fourth Affirmative Defense
### (Limitation on Damages)

47. Plaintiff's claims for damages for infringement of the '565 and '078 Patents are limited pursuant to 35 U.S.C. § 286.

### Fifth Affirmative Defense
### (Patent Marking)

48. Plaintiff's claims for damages for infringement of the '565 and '078 Patents are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### Sixth Affirmative Defense
### (Prosecution History Estoppel)

49. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the patents-in-suit, Lodsys is estopped from claiming a construction of one or more claims of the patents-in-suit that would cause any valid claim thereof to cover or include any product manufactured, used, sold, offered for sale, or imported by MML.

### Seventh Affirmative Defense
### (Adequate Remedy Other Than Injunctive Relief)

50. Lodsys is not entitled to injunctive relief because any alleged injury to Lodsys is not immediate and irreparable, and Lodsys has an adequate remedy at law.

### Eighth Affirmative Defense
### (Improper Joinder)

51. On information and belief, Lodsys improperly joined multiple unrelated defendants in an effort to circumvent the rules relating to joinder.

### Ninth Affirmative Defense
### (Lack of Standing)

52. On information and belief, Lodsys lacks standing to bring a patent infringement action based on any alleged infringement of the '565 and '078 patents by MML.

### Tenth Affirmative Defense
### (License/Exhaustion of Patent Rights and First Sale)

53. Google is licensed to the '565 and '078 patents, and this license permits Google to offer and otherwise make available to MML and others products and services that embody the systems and methods claimed in the '565 and '078 patents. Plaintiff's infringement claims

against MML are based on MML's use of products and services that Google is authorized to provide under its license and which Plaintiff claims embody the '565 and '078 patents. Under the patent law doctrines of exhaustion and first sale, MML can use the products and services Google provides to it free of claims of infringement of the '565 and '078 patents. Therefore, Plaintiff's claims against MML are barred by the license to Google and the doctrines of patent exhaustion and first sale.

54. On or about May 22, 2012, MML became a wholly-owned subsidiary of Google. Google's rights in the '565 and '078 patents extend to MML by virtue of Google's acquisition of MML. Plaintiff's claims against MML are, therefore, barred in whole or in part by the license to Google.

### Reservation of Additional Defenses

55. MML reserves the right to assert additional defenses which become apparent during discovery, including but not limited to the defenses of unclean hands, patent misuse, license, implied license, patent exhaustion, waiver, equitable estoppel, and inequitable conduct.

### COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, MML alleges the following Counterclaims against Lodsys:

### Parties

1. Counterclaim Plaintiff Motorola Mobility, LLC ("MML") is a Delaware limited liability company with a principal place of business in Libertyville, Illinois.

2. Counterclaim Defendant Lodsys, LLC ("Lodsys") is, on information and belief, a Texas limited liability company with a place of business in Marshall, Texas.

**Jurisdiction and Venue**

3. MML's Counterclaims arise under the United States Patent Laws, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over MML's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202. This Court has personal jurisdiction over Lodsys at least by virtue of Lodsys's filing of its Complaint against MML in this Court, and venue lies in this district pursuant to 28 U.S.C. §§ 1331(c) and 1400(b). (MML reserves all rights to move for transfer of venue of this action, severance, or consolidation with other related actions.)

4. Lodsys has asserted that MML infringes the '565 and '078 patents. Actual controversies exist between Lodsys and MML regarding whether MML is protected by Google's license to the Patents-in-Suit (*see* Paragraphs 53–54 of MML's Affirmative Defenses, above); whether MML has infringed the '565 and '078 patents, as Lodsys has alleged; and whether the claims of the '565 and '078 patents are valid.

**COUNT I:  Declaratory Judgment that Lodsys's Claims Against MML
Are Barred by Virtue of Google's License to the Patents-in-Suit and the
Doctrines of Patent Exhaustion and First Sale**

5. MML incorporates by reference each preceding allegation as if expressly stated herein.

6. On or about February 11, 2011, Lodsys filed its original Complaint against MML as a defendant.

7. The Complaint alleges that MML infringes the '565 patent by making, selling, using, and/or offering to sell cell phones and other products, including the Motorola Backflip and other Motorola cell phones with Motorola Help Center.

8. The Complaint alleges that MML infringes the '078 patent by making, selling, using, and/or offering to sell computer server(s) that collect data.

9. Google is licensed to the '565 and '078 patents, and this license permits Google to offer and otherwise make available to MML and others products and services that embody the systems and methods claimed in the '565 and '078 patents. Plaintiff's infringement claims against MML are based on MML's use of products and services that Google is authorized to provide under the Patent License Agreement and which Plaintiff claims embody the '565 and '078 patents. Under the patent law doctrines of exhaustion and first sale, MML can use the products and services Google provides to it free of claims of infringement of the '565 and '078 patents. Therefore, Plaintiff's claims against MML are barred in whole or in part by the license to Google and the doctrines of patent exhaustion and first sale.

10. On or about May 22, 2012, MML became a wholly-owned subsidiary of Google. Google's rights in the '565 and '078 patents extend to MML by virtue of Google's acquisition of MML. Plaintiff's claims against MML are, therefore, barred by the license to Google.

11. Notwithstanding the Google license, Lodsys has asserted claims of infringement against MML. Therefore, an actual and justiciable controversy exists between MML and Lodsys regarding whether Lodsys's claims against MML are barred in whole or in part by the license to Google and the doctrines of patent exhaustion and first sale.

12. Pursuant to 28 U.S.C. §§ 2201 and 2202, MML is entitled to a declaratory judgment that Lodsys's claims against MML are barred by the license to Google and the doctrines of patent exhaustion and first sale.

**COUNT III: Declaratory Judgment of Non-Infringement of the '565 Patent**

13. MML incorporates by reference each preceding allegation as though expressly stated herein.

14. MML has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '565 Patent.

15.     An actual controversy exists between MML and Lodsys regarding Lodsys's allegations of infringement of the '565 Patent.

16.     Pursuant to 28 U.S.C. §§ 2201 and 2202, MML is entitled to a declaratory judgment that it has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '565 Patent.

### COUNT IV:  Declaratory Judgment of Non-Infringement of the '078 Patent

17.     MML incorporates by reference each preceding allegation as though expressly stated herein.

18.     MML has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '078 Patent.

19.     An actual controversy exists between MML and Lodsys regarding Lodsys's allegations of infringement of the '078 Patent.

20.     Pursuant to 28 U.S.C. §§ 2201 and 2202, MML is entitled to a declaratory judgment that it has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '078 Patent.

### COUNT V:  Declaratory Judgment of Invalidity of the '565 Patent

21.     MML incorporates by reference each preceding allegation as though expressly stated herein.

22.     The claims of the '565 Patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in United States Patent Laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

23.     An actual controversy exists between MML and Lodsys regarding the validity of the '565 Patent.

24. Pursuant to 28 U.S.C. §§ 2201 and 2202, MML is entitled to a declaratory judgment that the claims of '565 Patent are invalid in whole or in part.

### COUNT VI: Declaratory Judgment of Invalidity of the '078 Patent

25. MML incorporates by reference each preceding allegation as though expressly stated herein.

26. The claims of the '078 Patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in United States Patent Laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

27. An actual controversy exists between MML and Lodsys regarding the validity of the '078 Patent.

28. Pursuant to 28 U.S.C. §§ 2201 and 2202, MML is entitled to a declaratory judgment that the claims of '078 Patent are invalid in whole or in part

### PRAYER FOR RELIEF

MML respectfully requests the Court enter judgment in its favor and grant the following relief:

A. Dismiss with prejudice Lodsys's Complaint.

B. Enter a declaratory judgment that Lodsys's claims against MML are barred by the license to Google and the doctrines of patent exhaustion and first sale.

C. Enter a declaratory judgment that MML has not infringed and does not presently infringe the '565 Patent.

D. Enter a declaratory judgment that MML has not infringed and does not presently infringe the '078 Patent.

E. Enter a declaratory judgment that the claims of the '565 Patent are invalid.

F. Enter a declaratory judgment that the claims of the '078 Patent are invalid.

G. Find that this is an exceptional case and award MML its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285.

H. Award MML its costs and expenses.

J. Grant MML such other relief as this Court deems just.

## JURY DEMAND

29. MML demands a trial by jury on all claims, defenses and counterclaims so triable.

Dated: January 18, 2013

Respectfully submitted,
/s/ Scott T. Weingaertner
Scott T. Weingaertner
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
sweingaertner@kslaw.com

Robert D. Perry
Christopher C. Carnaval
Lowell D. Jacobson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
rperry@kslaw.com
ccarnaval@kslaw.com
ljacobson@kslaw.com

Brian C. Banner
Texas Bar No. 24059416
KING & SPALDING LLP
401 Congress Avenue
Austin, TX 78701
Telephone: (512) 457-2029
Facsimile: (512) 457-2100
bbanner@kslaw.com

Michael E. Jones
Allen F. Gardner
Patrick C. Clutter, IV
Potter Minton, a Professional Corporation
110 N College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
allengardner@potterminton.com
patrickclutter@potterminton.com

**ATTORNEYS FOR DEFENDANT
MOTOROLA MOBILITY, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 18th day of January 2013, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Scott T. Weingaertner*
Scott T. Weingaertner