# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **LODSYS, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 2:11-cv-90-JRG |
| **BROTHER INTERNATIONAL** | § | **CONSOLIDATED** |
| **CORPORATION,** *et al.,* | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung Electronics Co., LTD, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC's ("Samsung") Motion for Clarification Regarding Submission of Expert Declarations (Dkt. No. 531.)  Samsung seeks clarification of Rule 4-3 of the Rules of Practice for Patent Cases before the Eastern District of Texas ("Patent Rules") regarding its disclosure obligations under Patent Rule 4-3(b).  Samsung's request for clarification arises from a dispute regarding the parties' submission of the Joint Claim Construction Chart, in which Samsung reserves the right to "to submit an expert declaration in support of their claim construction positions."  (Dkt. No. 531, at 1.)

Lodsys contends that such a reservation is improper, because a "generic statement merely reserving [the] right to possibly rely on an expert without identifying the term(s) or a description of the testimony" to be proffered does not satisfy the requirements of Patent Rule 4-3(b).  (Dkt. No. 551.)  Patent Rule 4-3(b) requires that the parties complete and file a Joint Claim Construction Chart and Prehearing Statement containing:

> Each party's proposed construction of each disputed claim term,
> phrase, or clause, together with an identification of all references
> from the specification or prosecution history that support that

> construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses

*See* Patent Rule 4-3(b).  Accordingly, the question before the Court is whether the Patent Rules require the disclosure of an expert declaration, identified by a party in the Joint Claim Construction Chart, before using the declaration in a Patent Rule 4-5 claim construction brief.

Samsung contends that this Court expressly rejected Lodsys' position in an earlier case involving nearly identical circumstances.  *See Tyco Healthcare Group LP v. E-Z-EM, Inc.,* No. 2:-7-cv-262 (E.D. Tex. Jan. 11, 2010) (J. Ward).  In *Tyco,* one party objected to the other party's "plan to submit an expert declaration with their … *Markman* brief after the close of claim construction discovery."  *Id.*  The objecting party "argue[d] that P.R. 4-3(b)-(d) requires disclosure of an expert declaration with the joint claim construction and prehearing statement prior to the close of claim construction discovery."  *Id.*  Judge Ward concluded that this reading of P.R. 4-3 was incorrect and that the parties "are required to disclose a detailed summary of their expert witnesses' testimony [in their Rule 4-3 statement] only if they intend to offer his testimony during the *Markman* hearing."  *Id.*

This Court is persuaded that Judge Ward's prior order in *Tyco* is distinguishable from the present case.  The Court finds that a party may not rely upon an expert declaration that is produced for the first time along with the party's claim construction brief.  Even before the parties prepare their joint claim construction and prehearing statement, Patent Rule 4-2(b) requires broad disclosure and production of "extrinsic evidence, *including without limitation,* dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses . . . ."  Both the letter and the spirit of the Patent Rules require early and

complete disclosure of extrinsic evidence relevant to claim construction.  The sole exception to such production requirement involves the testimony of live witnesses, which is an exception borne out of necessity.  Since a witness' testimony does not exist until called at a hearing or a deposition, a party that intends to rely on a witness' testimony may satisfy Patent Rule 4-2(b) by providing "a brief description of the substance of that witness' proposed testimony."  In the context of the Patent Rules, this Court finds that a sworn declaration differs both substantively and procedurally from live or deposition testimony offered at a claim construction hearing.

Sworn declarations of expert witnesses should be disclosed in the same manner as "dictionary definitions, citations to learned treatises [or] prior art."  The purposes of Patent Rule 4-3(b) is to ensure that each party makes a substantive and informative disclosure of any intended sworn declaration which they may seek to rely upon in their claim construction briefing.  Samsung has not done this.  Samsung may not merely drop a <u>hint</u> that it <u>may</u> use such a declaration to support its briefing.  It must rather clearly indicate in the Joint Claim Construction Chart and Prehearing Statement that it intends to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which will be addressed thereby.  To do anything less makes Patent Rule 4-3(b) essentially meaningless.  Accordingly, it is **ORDERED** that Samsung may not include or otherwise rely upon any sword declarations in its claim construction briefing in this case.

**So ORDERED and SIGNED this 12th day of March, 2013.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

3