**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS, LLC, *et al.* | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:11-cv-90-JRG |
| | § | **LEAD CASE** |
| BROTHER INTERNATIONAL | § | |
| CORPORATION, *et al.*; | § | |
|     Defendants. | § | |

**PLAINTIFF LODSYS GROUP, LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANT MOTOROLA MOBILITY, LLC OR, IN THE ALTERNATIVE TO COMPEL PRODUCTION OF DOCUMENTS AND WITNESSES**

**ORAL ARGUMENT REQUESTED**

**TABLE OF CONTENTS**

**PAGE**

A. Motorola Cannot Rest on Objections to Excuse Affirmative Obligations ...................... 1

B. Motorola Cannot Unilaterally Limit Relevant Discovery .............................................. 2

C. Motorola Cannot Withhold Available Information ....................................................... 4

D. Motorola Cannot Thwart Efforts to Discover Custodial ESI......................................... 5

E. Motorola Cannot Discharge Its 30(b)(6) Obligations .................................................... 5

F. Motorola Cannot Hide Behind Alleged "Procedural" Deficiencies ............................... 7

**TABLE OF AUTHORITIES**

                                  **PAGE**

*Blackboard, Inc. v. Desire2Learn, Inc.*,
    No. 9:06-CV-00155-RHC, 2007 WL 3389968 (E.D. Tex. Nov. 14, 2007) ............... 3, 4

*Bregman v. Dist. of Columbia*,
    182 F.R.D. 352 (D.D.C. 1998) ..................................................................................... 2

*Charm Floral v. Wald Imports, Ltd.*,
    C10-1550-RSM, 2012 WL 424581 (W.D. Wash. Feb. 9, 2012) .................................. 6

*Columbia Pictures Indus. v. Bunnell*,
    2007 WL 2080419 (C.D. Cal. May 29, 2007) ............................................................ 4, 5

*Collins v. Nissan North America, Inc.*,
    No. 2:11-cv-428 (JRG), 2013 WL 1950002 (E.D. Tex. May 9, 2013) .......................... 6

*Cornell Research Found., Inc. v. Hewlett Packard Co.*,
    5:01CV1974(NAM/DEP), 2005 WL 5955715 (N.D.N.Y. Oct. 11, 2005) ..................... 4

*DDR Holdings, LLC v. Hotels.com, L.P.*,
    2012 WL 2935172 (E.D. Tex. July 18, 2012) ...................................................... 3, 5, 6

*In re Ebay Seller Antitrust Litigation*,
    No. C 07-1882 JF (N.D. Cal. Aug 12, 2009) ................................................................ 5

*Edward D. Ioli Trust v. Avigilon Corp.*,
    2:10-cv-605-JRG, 2012 WL 5830711 (E.D. Tex. Nov. 16, 2012) ......................... 1, 2, 4

*Lykins v. CertainTeed Corp.*,
    CIV.A. 11-2133-JTM, 2012 WL 3542016 (D. Kan. Aug. 16, 2012) ............................. 6

*New England Carpenters Health Benefits Fund v. First DataBank, Inc.*,
    242 F.R.D. 164 (D. Mass. 2007) .................................................................................. 6

*Olivas v. U.S. Steel Corp.*,
    2012 WL 5270136 (E.D. Tex. Oct. 24, 2012) .............................................................. 2

*Resolution Trust Corp. v. S. Union Co.*,
    985 F.2d 196 (5th Cir.1993) ......................................................................................... 6

*Tantivy Commc'ns, Inc. v. Lucent Techs. Inc.*,
    No. 2:04-cv-79-TJW, 2005 WL 2860976 (E.D. Tex. Nov. 1, 2005) ............................ 2

*U.S., ex rel. Fry v. Health Alliance of Greater Cincinnati*,
       No. 1:03-CV-167, 2009 WL 5227661 (S.D. Ohio Nov. 20, 2009) ................................ 6

Motorola's Opposition (dkt. no. 788) is contrary to controlling law and predicated on several false assertions. For example, presumably to shift focus from the salient issue (*i.e.*, Motorola's inexcusable noncompliance with its own discovery obligations), Motorola expends significant energy critiquing the timing and methods of Lodsys' discovery efforts. Motorola's assertions, however, do not excuse Motorola's affirmative discovery obligations. *See Edward D. Ioli Trust v. Avigilon Corp.*, 2012 WL 5830711 at *3 (E.D. Tex. Nov. 16, 2012) ("[T]he patent local rules 'are not like other forms of discovery which require a formal request by the opposing party…. [I]t is the responsibility of the party itself to make disclosures that satisfy the Rules.'").

Motorola also asserts that Lodsys allegedly waited too long to complain about Motorola's discovery deficiencies. Again, Motorola's assertions are contrary to the law. *See Edward D. Ioli Trust*, 2012 WL 5830711 at *3 ("While Vigilant argues that Plaintiffs have not detailed deficiencies in Vigilant's production thus far, it is Vigilant that has the burden to explain how its document production thus far satisfies P.R. 3–4(a).").

In any event, Lodsys did (repeatedly) identify the deficiencies. In fact, at nearly the same time that Motorola sought leave to add entirely new factual and legal theories (including new counterclaims and affirmative defenses) to this case, Lodsys requested to meet and confer regarding Motorola's discovery deficiencies. Although Motorola now complains in its Opposition about the timing of such requests, Motorola previously asserted that Lodsys was under no discovery burden because the discovery cut-off was "over ten weeks away." *See* Declaration of Christopher M. Huck ("Huck Decl.") at ¶ 3, Ex. B.

A.  <u>**Motorola Cannot Rest on Objections to Excuse Affirmative Obligations.**</u>

Motorola asserts that Lodsys' reference to the fact that Motorola failed to produce *any* documents in response to Lodsys' request for production is somehow a "gross distortion[] of the

record." Opposition at 6. However, the numbers do not lie. The plain fact is that Lodsys served its requests for production on August 8, 2012 and, despite several lengthy extensions, Motorola did not produce a single document in response to those requests. Instead, Motorola now asserts that its boiler-plate objections excuse Motorola's lack of production. Motorola's objections, however, do not immunize Motorola from compliance with its affirmative discovery obligations. *See Edward D. Ioli Trust*, 2012 WL 5830711 at *3; *Tantivy Commc'ns, Inc. v. Lucent Technologies Inc.*, 2005 WL 2860976, *3 (E.D. Tex. Nov. 1, 2005).[1]

Motorola also asserts that Lodsys allegedly "failed to raise any concern" about Motorola's discovery deficiencies. *See* Opposition at 6-7. Motorola's affirmative obligations to substantially complete its production by the mandated deadlines, however, are not dependent on monitoring by Lodsys. In fact, in *Olivas v. U.S. Steel Corp.*, 2012 WL 5270136 (E.D. Tex. Oct. 24, 2012) — the principal authority on which Motorola relies — the Court noted as follows: "The Court views its deadlines as ***firm guideposts*** which all the parties can freely reply upon in the conduct of pending litigation." *Id.* at *2 (emphasis added).[2] Motorola also ignores that Lodsys diligently pursued Motorola's discovery deficiencies. *See* Huck Decl. at ¶¶ 4-12.

**B.**     **Motorola Cannot Unilaterally Limit Relevant Discovery.**

Motorola asserts that the requested source code and financial information is not relevant because those requests concern instrumentalities that were allegedly not "identified" in Lodsys' P.R. 3-1 Disclosures. *See* Opposition at 7-9. To the contrary, however, Motorola has improperly

---

[1] *See also*, *e.g.*, *Bregman v. Dist. of Columbia*, 182 F.R.D. 352, 355 (D.D.C. 1998) ("Confronted with a notice of deposition (***or any other type of discovery***) a party must either comply with the discovery demand or seek a protective order under Fed.R.Civ.P. 26(c).") (emphasis added).

[2] Relying on *Olivas*, Motorola asserts that Lodsys' motion is untimely. However, in *Olivas*, the plaintiff "did not file her motion until September 27, 2012, which was more than two months after the deadline for filing motions to compel." Here, Lodsys filed its motion by the Court's July 12, 2013 deadline. *See* Order [dkt. no. 724].

(and unilaterally) attempted to narrow Lodsys' infringement contentions and simultaneously limit relevant discovery. For example, Motorola asserts that the purportedly the only "accused aspect of HelpCenter" is functionality allegedly provided by RightNow. *See* Opposition at 3. However, Lodsys' infringement contentions identify, among other things, both a "Support" tab and a "Guide" tab. *See* Huck Decl. at Ex. H. In addition, Lodsys' infringement contentions also identify a "News" app and the collection of data. *See id.* Motorola concedes that it has refused to provide requested discovery concerning the "Guide" tab, "News" app, and the collection of data. On that basis alone, Lodsys' motion should be granted.[3]

Moreover, Motorola ignores that "infringement contentions are **not intended to impose rigid boundaries** that confine the scope of discovery to only those products that are specifically identified therein." *DDR Holdings, LLC v. Hotels.com, L.P.*, 2012 WL 2935172 at *3 (E.D. Tex. July 18, 2012) (emphasis added). In fact, the Court has consistently held that "[i]t is well settled in the Eastern District that 'there is no brightline rule that discovery is permanently limited to the products specifically accused in a party's [infringement contentions].'" *Id.* at 2; *see also Blackboard, Inc. v. Desire2Learn, Inc.*, No. 9:06-CV-00155-RHC, 2007 WL 3389968, at *2 (E.D. Tex. Nov. 14, 2007). Thus, Motorola's attempt to unilaterally limit discovery is improper.[4]

Motorola's assertion that the requested source code and financial information is purportedly "irrelevant" is also inconsistent with Rule 26, because in "federal practice, pretrial discovery is a 'broad regime,'" which "authorizes discovery of information '*relevant to the claim*

---

[3] Motorola also asserts that "MotoBlur is not identified anywhere in Lodsys' infringement contentions and therefore is not at issue in this case." Opposition at 7. Motorola, however, ignores that the MotoBlur launcher is responsible for launching the Help Center application on the accused smartphones. *See* Lodsys Motion at 7; *see also* Pastakia Decl. at Ex. 5.

[4] Motorola asserts that allegedly Lodsys "ignored a May 2012 letter from Motorola's counsel." Opposition at 3. In fact, however, Lodsys provided a detailed response. *See* Huck Decl. at Ex. A. Since July 2012, Lodsys received no further complaints (until Motorola's Opposition) regarding Lodsys' infringement contentions. *See* Huck Decl. at ¶ 2.

*or defense of any party.*'" *Blackboard*, 2007 WL 3389968 at *1 (emphasis in original). Put simply, Motorola cannot unilaterally dictate the scope of relevant information; rather, the Patent Rules impose "an affirmative obligation on the accused infringer to produce source code and all other relevant materials reasonably needed for the Plaintiff to understand for itself how the technology at issue operates and functions." *Edward D. Ioli Trust*, 2012 WL 5830711 at *4.

C. **Motorola Cannot Withhold Available Information.**

Although Motorola does not dispute that relevant financial and other metric data exists in the ordinary course of business, Motorola asserts that it properly limited its production because certain "documents do not exist." Opposition at 8. Motorola's assertion, however, is inconsistent with its obligations under Rule 34, which expressly provides that Motorola must produce "electronically stored information ["ESI"]…stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into ***a reasonably usable form***." FED. R. CIV. P. 34(a)(1)(A) (emphasis added).[5] Indeed, courts routinely compel production of queried data. *See, e.g.*, *Columbia Pictures Indus. v. Bunnell*, 2007 WL 2080419, at *6 (C.D. Cal. May 29, 2007) ("[B]ecause the Server Log Data already exists … an order requiring defendants to … produce such data is not tantamount to ordering the creation of new data."); *Cornell Research Found., Inc. v. Hewlett Packard Co.*, 5:01CV1974(NAM/DEP), 2005 WL 5955715 at *7 (N.D.N.Y. Oct. 11, 2005) ("[T]he Xpress II database can be queried regarding actual shipments, by product number, dating back to at least 1997…. Based upon this capability HP will be required to produce reports generated through

---

[5] Motorola's assertion is also inconsistent with the Discovery Order, which requires ESI to be produced in a manner consistent with Rule 1 of the Federal Rules of Civil Procedure (*i.e.*, "just, speedy, and inexpensive"). As discussed in Lodsys' motion, Motorola's corporate witness admitted, for example, that the time involved to create a financial spreadsheet was "trivial."

4

Xpress II inquiries.").[6]

Motorola also (again) asserts that certain information is irrelevant based on its unilateral determinations of relevancy. *See* Opposition at 9-10. Motorola, however, admits — multiple times — that it can produce from its databases and/or Google analytics (a) feedback reports, (b) reports on how many clicks from Help Center, (c) reports on customer support, and (d) cost savings documents. *See, e.g.*, Motion at Ex. E (169:5-7; 237:12-238:16); Opposition at 11, Pastakia Decl. at ¶25. Motorola also admits that other information exists, including (e) Channel power points and (f) CSAT and DSAT reports. Thus, as discussed above, Motorola's refusal to produce is contrary to the law. *See*, *e.g.*, *DDR Holdings, LLC,* 2012 WL 2935172 at *2; Columbia Pictures Indus.*, 2007 WL 2080419 at *6.[7]

D. **Motorola Cannot Thwart Efforts to Discover Custodial ESI.**

Although Motorola does not dispute that relevant email exists, Motorola asserts that Lodsys allegedly failed to sufficiently invoke the procedures for such discovery. *See* Opposition at 12-13. Lodsys, however, repeatedly invoked the procedures, but Motorola consistently delayed any response or cooperation. *See* Huck Decl. at ¶ 5, Ex. D; ¶¶ 7-8, Ex. F; ¶ 9, Ex. G; ¶¶ 10-12.

E. **Motorola Cannot Discharge Its 30(b)(6) Obligations.**

Motorola asserts that its blanket objections justify its unilateral decision not provide a

---

[6] *See also* Huck Decl., Ex. I: *In re Ebay Seller Antitrust* Litigation, No. C 07-1882 JF (N.D. Cal. Aug 12, 2009) ("[T]he information eBay seeks from these two categories can be derived from eBay's database through the combination or manipulation of its data fields. Formulating the queries plaintiffs seek might be complex and complicated, but running such queries involve the same process already utilized by other eBay business units seeking data.… [T]his information is not "new" or inaccessible….").

[7] Motorola asserts that allegedly "Lodsys elicited testimony…that there was no documents regarding" certain topics. *See* Opposition at 10. As Motorola admits, however, that testimony was based on Motorola's improper narrowing of Lodsys' infringement contentions. *See id.* ("as Lodsys defined the term in its P.R. 3-1 Disclosures").

witness on several Rule 30(b)(6) topics. *See* Opposition 13- 15. Motorola's assertion is wrong for several reasons. <u>First</u>, as the Court recently held, Motorola "may not ignore certain topics in a 30(b)(6) deposition notice simply because it believes the topics noted are ambiguous or otherwise addressed by its document production." *Collins v. Nissan North America, Inc.*, No. 2:11-cv-428 (JRG), 2013 WL 1950002 at *1 (E.D. Tex. May 9, 2013).

<u>Second</u>, the law requires that Motorola produce a witness for designated topics or move for a protective order. *See Lykins v. CertainTeed Corp.*, CIV.A. 11-2133-JTM, 2012 WL 3542016 at*3 (D. Kan. Aug. 16, 2012) ("Defendant…was not permitted to rely upon its formal objections to the Rule 30(b)(6) deposition notice in failing to produce a corporate representative to testify as to the notice."); *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) ("What is not proper practice is to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel. Put simply and clearly, absent agreement, a party who for one reason or another does not wish to comply with a notice of deposition must seek a protective order.").[8]

<u>Third</u>, under Fifth Circuit authority, Motorola's appearance amounted to "no appearance at all" because it failed to provide a witness on several topics. *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993); *see also* Fed. R. Civ. P. 37(d)(1)(A) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under

---

[8] *See also U.S., ex rel. Fry v. Health Alliance of Greater Cincinnati*, 1:03-CV-167, 2009 WL 5227661 *2 (S.D. Ohio Nov. 20, 2009); *Charm Floral v. Wald Imports, Ltd.*, C10-1550-RSM, 2012 WL 424581 *2 (W.D. Wash. Feb. 9, 2012).

Rule 26(c).").[9]

F. **Motorola Cannot Hide Behind Alleged "Procedural" Deficiencies.**

Motorola asserts that Lodsys allegedly "approached MML" with a "list" for the first time in July 2013. *See* Opposition at 16. Motorola's assertion is contrary to the record. *See* Huck Decl. at ¶¶ 4-10. Motorola also asserts that Lodsys was allegedly uncooperative in scheduling an in-person meet and confer. *See* Opposition at 16. Motorola, however, simply failed to offer any alternatives. *See* Huck Decl. at ¶ 13. Finally, Motorola asserts that Lodsys' motion is procedurally deficient under the Federal and Local Rules. *See* Opposition at 16. Lodsys includes with this reply, however, a supplemental certificate of conference with local counsel's signature.

Dated: August 12, 2013.                    Respectfully Submitted,

By:    /s/ Christopher M. Huck
Michael A. Goldfarb
(admitted *pro hac vice*)
Christopher M. Huck
(admitted *pro hac vice*)
Kit W. Roth
(admitted *pro hac vice*)
**KELLEY, GOLDFARB, HUCK & ROTH, PLLC**
700 Fifth Avenue, Suite 6100
Seattle, Washington 98104
Phone: (206) 452-0260

William E. "Bo" Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
111 West Tyler Street
Longview, Texas 75601
Phone: (903) 230-9090
Fax: (903) 230-9090
Email: bdavis@bdavisfirm.com

**ATTORNEYS FOR PLAINTIFF**

---

[9] Similarly, Motorola's unilateral decision to de-designated Mr. Sherwin usurped the Court's function as the gatekeeper of discovery. *See DDR Holdings,* 2012 WL 2935172 at *2.

7

**SUPPLEMENTAL CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that plaintiff's counsel conferred with Motorola's counsel both telephonically and in person.  Specifically, in addition to the conferences referenced in plaintiff's original certificate of conference, on Thursday, July 18, 2013, plaintiff's lead and local counsel (Mike Goldfarb and Bo Davis) met and conferred in-person in Tyler, Texas with defendant's lead and local counsel (Scott Weingaertner and Patrick Cutter).  The movant has in good faith both attempted to confer and conferred with defendant in an effort to obtain the requested information without Court action.  Unfortunately, the parties were unable to reach agreement on the relief requested in plaintiff's motion, and the parties' discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.  Accordingly, plaintiff's motion is opposed by defendant.

By: /s/ Michael A. Goldfarb
Michael A. Goldfarb

By: /s/ William E. Davis, III
William E. "Bo" Davis, III

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this response was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(V).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 12th day of August, 2013.

By: /s/ Christopher M. Huck
Christopher M. Huck