IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LODSYS, LLC, et al., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:11-cv-90 (JRG) |
| BROTHER INTERNATIONAL CORPORATION, et al. | § § § § | **LEAD CASE** |
| Defendants. | § § | |
| | | |
| LODSYS GROUP, LLC, Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:11-cv-272-JRG |
| COMBAY, INC., *et al.*; Defendants, | § § § § | |
| v. | § § | |
| APPLE INC. Intervenor Defendant, | § § § | |

## MOTION TO DISMISS THE INTERVENTION OF APPLE INC.

Plaintiff Lodsys Group, LLC ("Lodsys") respectfully requests that the Court dismiss the intervention of Apple Inc. ("Apple") in Case No. 11-cv-272, which was consolidated with the Lead Case No. 11-cv-90.

### I.   INTRODUCTION

Apple intervened in this case based on Lodsys' allegations against the named "app developer" defendants — specifically, defendants Atari Interactive, Inc. ("Atari"); Combay, Inc. ("Combay"); Electronic Arts, Inc. ("EA"); Iconfactory, Inc. ("Iconfactory"); Illusion Labs AB ("Illusion Labs"); Michael G. Karr d/b/a Shovelmate ("Shovelmate"); Quickoffice, Inc. ("Quickoffice"); Richard Shinderman ("Shinderman"); Rovio Mobile Ltd. ("Rovio"); Square Enix, Ltd. ("Square Enix"); Take-Two Interactive Software, Inc. ("Take-Two"); and Wulven Game Studios ("Wulven"). However, Lodsys' allegations against all of those named defendants have been resolved and all of those defendants have already been dismissed from this case (or

1

will be dismissed very shortly). Because no allegations remain in this case concerning Apple's basis for intervention, Apple's declaratory judgment counterclaim against Lodsys is moot. Accordingly, the Court should exercise its broad discretion to dismiss the intervention of Apple in this case and, as soon as the dismissals against EA and Quickoffice are entered, close Case No. 11-cv-272 in its entirely.

## II. RELEVANT BACKGROUND

On May 31, 2011, Lodsys filed a patent infringement lawsuit against seven named "app developer" defendants. *See* Complaint for Patent Infringement [Dkt. No. 1 in Case No. 11-cv-272]. Specifically, Lodsys asserted claims against defendants Combay, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Shinderman, and Wulven. Subsequently, Lodsys amended its complaint to assert claims against five additional defendants: Atari, EA, Rovio, Square Enix, and Take-Two. *See* Amended Complaint for Patent Infringement [Dkt. No. 26 in Case No. 11-cv-272].

On June 9, 2011, Apple moved to intervene in this case, asserting that Lodsys' claims are allegedly based on the named defendants' use of purportedly licensed Apple products and services. *See* Apple Inc.'s Motion to Intervene [Dkt. No. 4 in Case No. 11-cv-272]. Apple expressly asserted in its motion that its basis for intervention was Lodsys' allegations against the then existing seven named defendants:

> Apple Inc. ("Apple") hereby respectfully moves to intervene as a defendant and counterclaim plaintiff in the above-captioned action brought by plaintiff Lodsys, LLC ("Lodsys") ***against seven software application developers (collectively, "Developers")***, for allegedly infringing U.S. Patent Nos. 7,222,078 (the "'078 patent") and 7,620,565 (the "'565 patent" and, collectively, the "patents in suit"). Apple seeks to intervene because it is expressly licensed to provide to the Developers products and services that embody the patents in suit, free from claims of infringement of those patents.

Motion to Intervene at 1 (emphasis added). The Court granted Apple's motion and permitted Apple to intervene but "limited to the issues of license and patent exhaustion." *See* Order [Dkt. No. 105 in Case No. 11-cv-272]. Thereafter, Apple filed its answer to Lodsys' amended

complaint, where Apple asserted a counterclaim for declaratory judgment relief against Lodsys. *See* Answer and Counterclaim in Intervention [Dkt. No. 107 in Case No. 11-cv-272]. Specifically, Apple sought a declaration that Lodsys' claims against the then remaining eleven named defendants (*i.e.*, Atari, Combay, EA, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Rovio, Shinderman, Square Enix, and Take-Two) are allegedly barred by the doctrines of patent exhaustion and first sale. *See id.* at ¶ 1.

Subsequently, Lodsys' allegations against all of the named defendants in Case No. 11-cv-272 have been resolved, and all of the named defendants have already been dismissed from this case or in the process of being dismissed. Specifically, on March 7, 2012, the Court dismissed all claims by and between Lodsys and Iconfactory. *See* Order [Dkt. No. 102 in Case No. 11-cv-272]. On June 5, 2012, the Court dismissed all claims by and between Lodsys and Combay. *See* Order [Dkt. No. 128 in Case No. 11-cv-272].[1] On October 5, 2012, the Court dismissed all claims by and between Lodsys and Illusion Labs. *See* Order [Dkt. No. 364 in Case No. 11-cv-90]. On November 28, 2012, the Court dismissed all claims by and between Lodsys and Square Enix. *See* Order [Dkt. No. 456 in Case No. 11-cv-90]. On January 2, 2013, the Court dismissed all claims by and between Lodsys and Atari. *See* Order [Dkt. No. 490 in Case No. 11-cv-90]. On January 2, 2013, the Court dismissed all claims by and between Lodsys and Take-Two. *See* Order [Dkt. No. 492 in Case No. 11-cv-90]. On June 5, 2013, the Court dismissed all claims by and between Lodsys and Rovio. *See* Order [Dkt. No. 665 in Case No. 11-cv-90]. On August 20, 2013, the Court dismissed Lodsys' claims against EA to the extent based on *The Sims 3* for iOS, and also dismissed EA's affirmative defense and counterclaim for "License/Exhaustion of Patent Rights and First Sale." *See* Order [Dkt. No. 868 in Case No. 11-cv-90]. On August 29, 2013, the Court stayed all deadlines as between Lodsys and EA pending a finalized settlement. *See* Order [Dkt. No. 898 in Case No. 11-cv-90]. On September 3, 2013, the Court stayed all

---

[1] Wulven was not named as a defendant in Lodsys' amended complaint and was terminated on July 21, 2011. Similarly, Lodsys filed a notice of dismissal regarding Shinderman and Shinderman was terminated on July 29, 2011. Lodsys also filed a notice of dismissal regarding Shovelmate, and Shovelmate was terminated on May 2, 2013.

deadlines as between Lodsys and Quickoffice pending a finalized agreement. *See* Order [Dkt. No. 921 in Case No. 11-cv-90].

### III. ARGUMENT

As the Court recently found in its dismissal of Apple's intervention in the case between Lodsys and Dow Jones & Company (*see* Order in Case No. 13-cv-273 [Dkt. No. 22]), "[w]hen a separate and independent jurisdictional basis exists, a federal court has the discretion to treat an intervention as a separate action, and may adjudicate it despite dismissal of the main demand if failure to do so might result in unnecessary delay or other prejudice." *Arkoma Assoc. v. Carden*, 904 F.2d 5, 7 (5th Cir.1990) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669 (5th Cir. 1985)); *see also Hunt Tool Co. v. Moore, Inc.*, 212 F.2d 685, 688 (5th Cir. 1954) (holding that where intervention is not ancillary to main proceeding, it is not affected by dismissal of main demand).

However, in this case, as the Court held in the Dow Jones case, Apple's intervention is completely ancillary to the main proceeding between Lodsys and the twelve original named defendants (*i.e.*, Atari, EA, Combay, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Rovio, Shinderman, Square Enix, Take-Two, and Wulven). As in the Dow Jones case, Apple's only counterclaim against Lodsys is a claim for declaratory relief, where Apple seeks a declaration that Lodsys' claims against the named defendants in this case are allegedly barred by patent exhaustion and first sale.[2] Now that all claims between Lodsys and the named defendants are (or will be very shortly) dismissed, Apple's counterclaim becomes moot. As the Court held in the Dow Jones Case, Apple will not be prejudiced by the dismissal of its intervention, as its claim has not been considered, much less adjudicated by the Court.[3]

---

[2] In fact, when Apple moved to intervene in the Dow Jones case, Apple specifically declared that it was on the same basis as its intervention in this case: "Apple now moves to intervene in this action on the same basis that the Court found to be sufficient in the Order [in Case No. 11-cv-272], and solely to the same extent as the Court permitted in the Order [in Case No. 11-cv-272]." *See* Motion to Intervene [Dkt. No. 8 in Case No. 13-cv-273] at 2.

[3] In other cases where Lodsys' claims have been dismissed prior to adjudication of Apple's claim, the Court has also closed the case. *See, e.g., Lodsys Group, LLC v. Hipstamatic, LLC*, Case No. 13-cv-00276. In addition, in other cases where Lodsys' claims have been dismissed

Moreover, it is impossible to determine the application of Apple's claims based on the doctrine of patent exhaustion divorced from the specifics of the infringement claims asserted by Lodsys against a particular named defendant. Indeed, in order to determine whether Apple's license "protects" a named defendant, or whether the purported technologies that Apple allegedly sells to a named defendant "substantially embodies" the patents-in-suit, an analysis of the specific claims asserted against such a particular named defendant is required. Because no such allegations remain in this case, and because no allegations remain in this case concerning Apple's basis for intervention, Apple's declaratory judgment counterclaim against Lodsys in this case is moot. Accordingly, the Court should exercise its broad discretion to dismiss the intervention of Apple in this case and close Case No. 11-cv-272 in its entirely as soon as the dismissals against EA and Quickoffice are entered.

## IV. <u>CONCLUSION</u>

Apple's express basis for intervention in this case no longer exists, and Apple's declaratory judgment counterclaim against Lodsys is moot. For all of the above reasons, Apple's intervention in this case should be dismissed, so that this case can be closed in its entirety when the dismissals against EA and Quickoffice are entered.

---

prior to adjudication of Apple's claim, Apple and Lodsys jointly moved to dismiss Apple's claims and close the case. *See, e.g.*, Joint Motion to Dismiss and Close Case [Dkt. No. 18 in Case No. 13-cv-250].

Dated:  September 7, 2013.                          Respectfully Submitted,

                By:    /s/ Christopher M. Huck
                     Michael A. Goldfarb
                     (admitted *pro hac vice*)
                     Christopher M. Huck
                     (admitted *pro hac vice*)
                     Kit W. Roth
                     (admitted *pro hac vice*)
                     **KELLEY, GOLDFARB,**
                     **HUCK & ROTH, PLLC**
                     700 Fifth Avenue, Suite 6100
                     Seattle, Washington 98104
                     Phone:  (206) 452-0260
                     Fax:  (206) 397-3062
                     Email: goldfarb@kdg-law.com
                             huck@kdg-law.com
                             roth@kdg-law.com

                     William E. "Bo" Davis, III
                     Texas State Bar No. 24047416
                     THE DAVIS FIRM, PC
                     111 West Tyler Street
                     Longview, Texas 75601
                     Phone:  (903) 230-9090
                     Fax:  (903) 230-9090
                     Email:  bdavis@bdavisfirm.com

                     **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 7th day of September 2013.

By:   /s/ Christopher M. Huck
      Christopher M. Huck