# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LODSYS, LLC, et al., | CIVIL ACTION NO. 2:11-cv-90-JRG |
|         Plaintiffs, | LEAD CASE |
|         v. | |
| BROTHER INTERNATIONAL CORPORATION, et al., | |
|         Defendants. | |
| | |
| LODSYS GROUP, LLC, | CIVIL ACTION NO. 2:11-cv-272-JRG |
|         Plaintiff, | **HEARING REQUESTED** |
|         v. | |
| COMBAY, INC., et al., | |
|         Defendants, | |
|         v. | |
| APPLE INC., | |
|         Intervenor Defendant. | |

**INTERVENOR APPLE'S OPPOSITION TO LODSYS'S MOTION *IN LIMINE* NO. 22**

**INTRODUCTION**

Intervenor Apple Inc. ("Apple") hereby respectfully submits this opposition to Lodsys's Motion *in Limine* No. 22, which seeks to preclude evidence concerning any Apple app developers or infringement contentions that are not presently part of this action.

Lodsys's motion should be denied. As set out at length in Apple's opposition to Lodsys's motion to dismiss, Apple's license and exhaustion claims apply equally to *all* Apple iOS developers. Lodsys does not contend otherwise; indeed, it cannot point to any material difference in its infringement contentions against different iOS developers. As a result, it makes no difference which product or products the parties use to illustrate their positions at trial. At the same time, the jury cannot possibly render a verdict on Apple's license and exhaustion claims without the benefit of *some* representative example of Lodsys's infringement claims to use in making a factual determination concerning the extent to which Apple—as opposed to the representative developer—supplies the accused technology. Lodsys knows this; that is precisely what it hopes to achieve by this motion, although it is not willing to say so directly.

In short, Lodsys's motion *in limine* is just another groundless attempt to prevent a resolution of Apple's claims on the merits. The motion should be rejected.

**ARGUMENT**

**I. Reference to Lodsys's Infringement Contentions is Necessary for Trial of Apple's Claims and Will not Unfairly Prejudice Lodsys**

Lodsys has failed to show how the admission of its own infringement contentions against any Apple iOS developer could possibly be unfairly prejudicial to it under Federal Rule of Evidence 403. It has never amended or withdrawn those contentions, which it served in accordance with the Patent Local Rules, and which remain binding upon it. And as is set out at length in Apple's opposition to Lodsys's motion to dismiss, Apple's claims are not tied to *any*

particular defendant.[1]  To the contrary, the opinions of Apple's expert apply to all app developers that use Apple in-app purchasing technology, as his expert report plainly states. *Id.* Not surprisingly, because Apple's own technology comprises nearly every element of the accused in-app purchasing process, Lodsys itself has never identified any material differences between the contentions that it has served on the various Apple developers. *See id.*[2]

However, because analysis of Apple's license and exhaustion claims requires reference to Lodsys's infringement contentions to determine the extent to which Apple does, in fact, supply the various elements of the accused technology, it would be impossible to try this case without admitting at least one set of representative or exemplary infringement contentions. The relevant license and exhaustion inquiries cannot be performed in a vacuum. *See generally U.S. v. Univis Lens Co.*, 316 U.S. 241, 249-51 (1942); *Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617, 627-28 (2008); *see also, e.g.*, *LG Elecs., Inc. v. Hitachi, Ltd.*, 655 F. Supp. 2d 1036, 1044 (N.D. Cal. 2009) (rejecting argument that party should not be allowed to rely on infringement contentions to show exhaustion and noting that "it is not clear what 'facts' [patentee] proposes [party] should be required to introduce in support of the present motion [for summary judgment] . . . . The ***only*** way [party] can demonstrate that the Intel parts substantially embody the patents is by relying on [patentee's] infringement contentions.") (emphasis added).[3]

---

[1]  Dkt. 978 ("Opposition") at 13-15.

[2]  Moreover, as set out in Apple's opposition to Lodsys's motion to dismiss, Lodsys ***itself*** previously argued that Apple's claims should be tried in a separate declaratory judgment action, which would necessarily require reliance on a representative set of contentions. *Id.* at 3, 13.

[3]  Apple of course does not need to establish—and does not need to wait for Lodsys to try to establish—infringement of the patents-in-suit by any particular defendant before asserting ***defenses*** to infringement based on Apple's license. *See* Dkt. No. 978 (Opposition) at 14; *see, e.g., Arris v. British Telecommunications PLC*, 639 F.3d 1368,

Lodsys has quite simply offered no evidence or explanation as to how its materially identical infringement contentions against specific Apple developers could be unfairly prejudicial to it at trial or, indeed, what evidence Apple could present *other* than those contentions to establish its patent license and exhaustion defenses.  Accordingly, Lodsys's motion must be denied.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court deny Lodsys's motion *in limine* No. 22.

Dated: September 17, 2013					Respectfully submitted,

By */s/Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

Jeffrey E. Ostrow (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304
Tel: (650) 251-5000
Fax: (650) 251-5002
jostrow@stblaw.com

**Counsel for Intervenor Defendant Apple Inc.**

---

1380 (Fed. Cir. 2011) (rejecting proposed requirement that declaratory judgment plaintiffs allege or show that their products infringe before seeking a declaration of noninfringement).

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document on this the 17th of September, 2013.

                                      */s/Melissa Richards Smith*
                                      Melissa Richards Smith