**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS GROUP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:11-cv-00090-JRG |
| | § | LEAD CASE |
| BROTHER INTERNATIONAL | § | |
| CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| LODSYS GROUP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:11-cv-00272-JRG |
| | § | |
| COMBAY, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| v. | § | |
| | § | |
| APPLE INC., | § | |
| | § | |
| Intervenor Defendant. | § | |

**<u>MEMORANDUM AND OPINION</u>**

Before the Court is Plaintiff Lodsys Group, LLC's ("Lodsys") Motion to Dismiss the
Intervention of Apple Inc. seeking to dismiss the intervention of Apple Inc. ("Apple") in Case No.
2:11-cv-00272.   (Dkt. No. 943.)   Having considered the parties' written submissions, the Court
**GRANTS** the Motion.

1

## I.     Background

Lodsys filed this patent infringement action against seven software application developers on May 31, 2011.   Lodsys alleges that these developers infringe the U.S. Patent Nos. 7,222,078 ("the '078 Patent") and 7,620,565 ("the '565 Patent") (collectively, the "patents in suit").   Apple, a non-party, filed a Motion to Intervene on the basis that it is "expressly licensed" to provide to the accused developers products and services that embody the patents in suit, free from claims of infringement of those patents.   (Dkt. No. 4.)   Thereafter, Lodsys filed an Amended Complaint, adding four additional defendants and bringing the total number of defendants in this case to eleven.   (Dkt. No. 26.)   On April 12, 2012, the Court granted Apple's Motion to Intervene in part, finding that Apple is entitled to intervene both as a matter of right under Rule 24(a) and as permitted by the Court under Rule 24(b).   (Dkt. No. 105.)   The Court, however, specifically limited Apple's intervention to the issues of license and patent exhaustion.

Apple filed its Answer to the Amended Complaint on April 13, 2012, wherein it asserts a counterclaim for declaratory relief against Lodsys.   (Dkt. No. 107.)   Specifically, Apple seeks a declaration that "Lodsys' claims against the Developers are barred by the doctrines of patent exhaustion and first sale."

On September 7, 2013, Lodsys moved to dismiss Apple's counterclaim as moot, on the basis that Lodsys' disputes with all of the named defendants have been resolved and all the named defendants either have been dismissed or will be dismissed shortly.[1]   Apple filed an Opposition to Lodsys' Motion to Dismiss, urging the Court to exercise its discretion to hear Apple's claims notwithstanding the dismissal of all the named defendants.   (Dkt. No. 978.)   On September 18,

---

[1] At the time Lodsys filed the instant Motion, the only two defendants still remaining in the case were Quickoffice, Inc. ("Quickoffice") and Electronic Arts Inc. ("EA").   Quickoffice and EA were subsequently dismissed on September 18, 2013 and September 19, 2013 respectively.   Thus, to date, all the named defendants in Case No. 2:11-cv-272 have been dismissed.

2013, Application Developers Alliance and Electronic Frontier Foundation filed a Motion for

Leave to File Brief as *Amici Curiae* in support of Apple's position, which the Court subsequently

granted.   (Dkt. Nos. 999, 1005.)   The Court has considered those filings as well.

## II.    Applicable Law

"When a separate and independent jurisdictional basis exists, a federal court has the

discretion to treat an intervention as a separate action, and may adjudicate it despite dismissal of

the main demand if failure to do so might result in unnecessary delay or other prejudice." *Arkoma*

*Assoc. v. Carden*, 904 F.2d 5, 7 (5th Cir.1990) (citing *Harris v. Amoco Prod. Co.*, 768 F.2d 669

(5th Cir. 1985)); *see also Hunt Tool Co. v. Moore, Inc.*, 212 F.2d 685, 688 (5th Cir. 1954) (holding

that where intervention is not ancillary to main proceeding, it is not affected by dismissal of main

demand).

Notwithstanding the Court's discretionary power to adjudicate an intervenor's claim on its

own, however, the "case or controversy'" requirement of Article III of the United States

Constitution prohibits federal courts from considering questions "that cannot affect the rights of

litigants in the case before them." *C & H Nationwide, Inc. v. Norwest Bank Texas NA*, 208 F.3d

490, 493 (5th Cir. 2000) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).   In the case of

a claim for declaratory relief, the "controversy" must necessarily be "of a justiciable nature, thus

excluding an advisory decree upon a hypothetical state of facts." *Ashwander v. Tennessee Valley*

*Authority*, 297 U.S. 288, 325 (1936).   Under the doctrine of mootness, the case or controversy

must exist not only at the commencement of the action, but throughout the existence of the

litigation. *Dailey v. Vought Aircraft Company*, 141 F.3d 224, 227 (5th Cir. 1998).   Thus, an

action must be dismissed for want of jurisdiction if, at any time in the course of litigation, the

controversy ceases to exist. *Id.*   Further, "a federal court is obligated to raise the issue, *sua*

*sponte*, if the facts suggest mootness notwithstanding the silence of the parties []." *Id.*

## III.  Analysis

Apple argues that its counterclaim against Lodsys should not be dismissed because (1) its counterclaim is not moot as issues remain live and in dispute in this case; and (2) a dismissal will subject Apple to undue delay or prejudice.  The Court now addresses each of these arguments in turn.

### a.  Scope of Apple's Counterclaim

In its Answer and Counterclaim in Intervention, Apple asserts a single counterclaim of declaratory relief against Lodsys, seeking a declaration that "Lodsys' claims against the *Developers* are barred by the doctrines of patent exhaustion and first sale."  (Dkt. No. 107.)  The parties dispute from the outset the proper scope of Apple's counterclaim.  Lodsys argues that the "Developers," as stated in the counterclaim, are limited to the named defendants in this case. Apple, on the other hand, contends that "Developers" "encompasses *all* Apple developers who may be subject to Lodsys' threats or claims."

The record plainly supports Lodsys' interpretation.  Apple sought to intervene on the basis that "it is expressly licensed to provide to <u>the</u> *Developers* products and services that embody the patents in suit…," (emphasis added) where Apple explicitly defines "Developers" as the then-existing seven defendants in this case.  (*See* Dkt. No. 4.)  The Court subsequently granted Apple's Motion to Intervene, based upon the explicit definition that "Developers" referred to the named defendants in this case.  (*See* Dkt. No. 105.)  Although Apple alleges that it filed an amended Answer that is not limited to the named defendants, Apple's only Answer on record shows otherwise.  (Dkt. No. 107.)  Apple states in its Answer that "Plaintiff Lodsys Group asserts claims of infringement of [the patents in suit] by software development companies

4

(collectively *'Developers' or 'defendants'*) who create software applications that run on Apple

products…"   (Dkt. No. 107, ¶ 1.)   Apple uses the words "Developers" and "defendants"

interchangeably.   Within the context of an Answer to a specific Complaint, the Court is unaware

of any other reasonable interpretation of the word "defendants" except that it means (and is limited

to) the defendants in that case.   Accordingly, the record in this case reflects both the Court's and

Apple's understanding that "the Developers" as stated in Apple's counterclaim refers only to the

named defendants in this case.

      Apple argues that the Court should interpret its counterclaim as applicable to all Apple

developers because its summary judgment motion and expert report "are not limited to any

particular app developer."   Further, Apple points to the fact that there exists no material

difference among the infringement contentions that Lodsys served on the different developers.

The Court, however, is unaware of any authority directing it to determine the scope of a litigant's

claim based not upon its initial pleadings but upon its summary judgment motions, expert reports

or infringement contentions.   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating

that it is the *complaint* that "give[s] the defendant fair notice of what the…claim is and the grounds

upon which it rests.") (emphasis added).   Having clearly indicated in its Answer that the

"Developers" are none other than the named defendants and also having represented the same to

the Court when seeking leave to intervene, Apple is not now entitled to expand the scope of its

counterclaim.   Apple is bound to the scope of its assertions to the Court when it obtained leave to

intervene.

      Further, to the extent that Apple seeks a declaration that its license covers Lodsys' potential

actions against certain unnamed developers, who, by Apple's own estimation, amount to more

than six million, it is seeking to secure an advisory opinion based on hypothetical lawsuits that

may or may not be brought in the future.   *See Ashwander*, 297 U.S. at 325.   The Court will not facilitate such an effort and believes such is counter to the prohibition on advisory judicial opinions established by way of the authorities set forth above.   The courts of the United States exist to adjudicate live disputes where each necessary party is joined, permitting their personal response.

### b.   Apple's Counterclaim Has Become Moot

Apple's only counterclaim against Lodsys is a claim for declaratory relief that "Lodsys' claims against the Developers are barred by the doctrine of patent exhaustion and first sale." Having decided that the "Developers" are the named defendants in this case, and given that Lodsys' claims against all the named defendants have been dismissed, a live controversy no longer exists.   Apple's counterclaim has become moot as to this case.

Apple argues that even if its counterclaim has become moot, an exception to the mootness doctrine applies because this case involves disputes that are "capable of repetition while otherwise evading review."   Apple bases its argument on Lodsys' alleged "pattern of litigation," i.e., threatening app developers with lawsuits and settling with them before the Court reaches the merits.   The capable-of-repetition doctrine, however, "applies only in exceptional situations, where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998) (internal quotations and citations omitted).   While it is debatable whether it is reasonable to assume similar suits might be brought in the future, nothing about that prospect persuades this Court that the durations of those future actions, if brought at all, will be "always so short as to evade review."   *See id.*   The facts in this case, given that it has been

on file over two years, indicate just the opposite.   The required showing of "always so short as to evade review" is a burden that Apple has simply not met.   Thus, Apple has failed to demonstrate that the present case involves "exceptional situations" triggering the "capable-of-repetition exception" of the mootness doctrine.   *Id.*

### c.   Apple Will Not be Unduly Prejudiced by The Dismissal

Apple further argues that a dismissal will subject it to undue delay or prejudice, given that both fact and expert discovery have closed and its claims are set to be tried.   Apple relies on *Arkoma*, where the Fifth Circuit affirmed a district court's judgment on an intervener's claim even though the Supreme Court had dismissed the main suit for lack of jurisdiction.   *Arkoma*, 904 F.2d at 7.   There, before the primary claims got to the Supreme Court, the district court rendered judgment on the intervenor's claim, and that judgment had been affirmed by the Fifth Circuit.   *Id.* Thus, the Fifth Circuit, on remand from the Supreme Court, found that dismissing the intervenor's claim without prejudice and giving it an opportunity to reassert the claim would result in "further delay and expense to the parties" and be "a cavalier waste of… judicial resources, both trial and appellate."   *Id.   Arkoma*, however, is distinguishable from the present facts.   Here, Apple's counterclaim has not been adjudicated by this Court, much less the Circuit Court of Appeals. Dismissing Apple without prejudice and letting it reassert its counterclaim at a later time would not void any existing judgment.   Unlike *Arkoma*, the parties in the present case would not have to incur "further delay and expense" to re-litigate an already-adjudicated claim.   *See id.*   Further, this dismissal would not result in any substantial waste of judicial resources.

Apple also contends that it will be unduly prejudiced because, without a final judgment, the six million app developers "will continue to operate under… [Lodsys'] threat of… legal complaint" and "Apple will continue to be deprived of its rights under the license."   The Court

disagrees.   As explained above, Apple asserts a counterclaim that is limited to the named defendants in this case.   A claim covering six million unnamed app developers is far outside the scope of the instant action.   Thus, even assuming that all the named defendants had not been dismissed from the case and Apple's claim proceeded to trial, any judgment subsequently rendered would be limited in scope to those named defendants, and not, as Apple urges, apply to *all* Apple developers.   Accordingly, the Court sees no undue prejudice in dismissing Apple's counterclaim after all the named defendants have been dismissed with prejudice.   Nothing about the Court's decision prevents Apple from filing an original declaratory judgment action, in a venue of its choosing, whereby each named developer and patent holder have an opportunity to defend themselves in open court.   To allow Apple to take the mere remnant of the present case (where all the named developers have been dismissed) and use it as a vehicle to attempt to bind millions of unnamed developers would be, in this Court's view, contrary to established law and public policy.

## IV.    Conclusion

    For the reasons stated above, the Court hereby **ORDERS** that Apple's counterclaim against Lodsys be and it is **DISMISSED AS MOOT**.   This dismissal for mootness does not bar reassertion of such claims at a future date, either before this Court or elsewhere.


    **So ORDERED and SIGNED this 24th day of September, 2013.**


                                      _____
                                      RODNEY  GILSTRAP
                                      UNITED STATES DISTRICT JUDGE